# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**THOMAS BURNETT, SR.,** in his own right as the Father of **THOMAS E. BURNETT, JR.,** Deceased

**BEVERLY BURNETT,** in her own right as the Mother of **THOMAS E. BURNETT, JR.,** Deceased

**DEENA BURNETT,** in her own right and as Representative of the **ESTATE OF THOMAS E. BURNETT, JR.,** Deceased

**MARY MARGARET JURGENS,** in her own right as the Sister of **THOMAS E. BURNETT, JR.,** Deceased

**MARTHA BURNETT O'BRIEN,** in her own right as the Sister of **THOMAS E. BURNETT, JR.,** Deceased

**WILLIAM DOYLE, SR.,** in his own right as the Father of **JOSEPH M. DOYLE,** Deceased

**CAMILLE DOYLE,** in her own right as the Mother of **JOSEPH M. DOYLE,** Deceased

**WILLIAM DOYLE, JR.,** in his own right as the Brother of **JOSEPH M. DOYLE,** Deceased

**DOREEN LUTTER,** in her own right as the Sister of **JOSEPH M. DOYLE,** Deceased

**DR. STEPHEN ALDERMAN,** in his own right and as Co-Representative of the **ESTATE OF PETER CRAIG ALDERMAN,** Deceased

**ELIZABETH ALDERMAN,** in her own right and as Co-Representative of the **ESTATE OF PETER CRAIG ALDERMAN,** Deceased

**JANE ALDERMAN,** in her own right as the Sister of **PETER CRAIG ALDERMAN,** Deceased

**YVONNE V. ABDOOL,** in her own right as an Injured Party

**CIVIL ACTION**

**Case No.** ______________

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ALFRED ACQUAVIVA,** in his own right as the Father of **PAUL ANDREW ACQUAVIVA,** Deceased )

**JOSEPHINE ACQUAVIVA,** in her own right as the Mother of **PAUL ANDREW ACQUAVIVA,** Deceased )

**KARA HADFIELD,** in her own right as the Sister of **PAUL ANDREW ACQUAVIVA,** Deceased )

**JESSICA MURROW-ADAMS,** in her own right and as Representative of the **ESTATE OF STEPHEN GEORGE ADAMS,** Deceased )

**STEPHEN JEZYCKI,** in his own right as the Father of **MARGARET ALARIO,** Deceased )

**JAMES ALARIO,** in his own right and on behalf of the Minor Children of **MARGARET ALARIO,** Deceased )

**CATHERINE JEZYCKI,** in her own right as the Mother of **MARGARET ALARIO,** Deceased )

**KARIUM ALI,** in his own right as an Injured Party )

**JENNIFER D'AURIA,** in her own right and as Co-Representative of the **ESTATE OF JOSEPH R. ALLEN,** Deceased )

**MICHAEL J. ALLEN,** in his own right and as Co-Representative of the **ESTATE OF JOSEPH R. ALLEN,** Deceased )

**JOCELYNE AMBROISE,** in her own right as an Injured Party )

**PHILIPSON AZENABOR,** in his own right as an Injured Party )

**JOHN P. BAESZLER,** in his own right and as Representative of the **ESTATE OF JANE ELLEN BAESZLER,** Deceased )

**MARY BARBIERI,** in her own right as an Injured Party )

**ARMANDO BARDALES,** in his own right as an Injured Party )

**KEVIN W. BARRY,** in his own right as the Son of **DIANE BARRY,** Deceased )

**GILA BARZVI,** in her own right and as Representative of the **ESTATE OF GUY BARZVI,** Deceased )

**ARIE BARZVI,** in his own right as the Father of **GUY BARZVI,** Deceased )

**JOHN BENEDETTO,** on behalf of the Minor Children of **DENISE LENORE BENEDETTO,** Deceased )

**RINA RABINOWITZ,** in her own right as the Sister of **DENISE LENORE BENEDETTO,** Deceased )

**MARIA GIORDANO,** in her own right as the Mother of **DENISE LENORE BENEDETTO,** Deceased )

**MICHAEL GIRDANO,** in his own right as the Brother of **DENISE LENORE BENEDETTO,** Deceased )

**ONDINA BENNETT,** in her own right and as Representative of the **ESTATE OF BRYAN CRAIG BENNETT,** Deceased )

**FRANCES BERDAN,** in her own right as an Injured Party )

**PRA KASH BHATT,** in his own right as an Injured Party )

**MILES BILCHER,** in his own right as the Father of **BRIAN BILCHER,** Deceased )

**IRENE BILCHER,** in her own right as the Mother of **BRIAN BILCHER,** Deceased )

**BORIS BILILOVSKY,** in his own right and on behalf of the minor child of **YELENA "HELEN" BILILOVSKY,** Deceased )

**EMMA TISNOVSKIY,** in her own right as the Mother of **YELENA "HELEN" BILILOVSKY,** Deceased )

**LEONID TISNOVSKIY,** in his own right as the Father of **YELENA "HELEN" BILILOVSKY,** Deceased )

**ROSTYSLAV TISNOVSKIY,** in his own right as the Brother of **YELENA "HELEN" BILILOVSKY,** Deceased )

**BASMATTIE BISHUNDAT,** in her own right and as Co-Representative of the **ESTATE OF KRIS ROMEO BISHUNDAT,** Deceased )

**BHOLA P. BISHUNDAT,** in his own right and as Co-Representative of the **ESTATE OF KRIS ROMEO BISHUNDAT,** Deceased )

**KRYSTYNA BORYCZEWSKI,** in her own right and as Representative of the **ESTATE OF MARTIN BORYCZEWSKI,** Deceased )

**MICHELE BORYCZEWSKI,** in her own right as the Sister of **MARTIN BORYCZEWSKI,** Deceased )

**MICHAEL BORYCZEWSKI,** in his own right as the Father of **MARTIN BORYCZEWSKI,** Deceased )

**JULIA BORYCZEWSKI,** in her own right as the Sister of **MARTIN BORYCZEWSKI,** Deceased )

**NELLY BRAGINSKAYA,** in her own right and as Representative of the **ESTATE OF ALEXANDER BRAKINSKY,** Deceased )

**EDUARDO E. BRUNO,** in his own right as an Injured Party )

**ERIC BUCK,** in his own right as the Brother of **GREGORY JOSEPH BUCK,** Deceased )

**ERNST H. BUCK,** in his own right as the Father of **GREGORY JOSEPH BUCK,** Deceased )

**JOSEPHINE BUCK,** in her own right as the Mother of **GREGORY JOSEPH BUCK,** Deceased )

**JULIO CACERES,** in his own right and on behalf of the Minor Child of **LILLIAN CACERES,** Deceased )

**STEVEN T. CAMPBELL,** in his own right and as Representative of the **ESTATE OF JILL MARIE CAMPBELL,** Deceased )

**JEANNE M. MAURER,** in her own right as the Mother of **JILL MARIE CAMPBELL,** Deceased )

**LINDA MAURER,** in her own right as the Sister of **JILL MARIE CAMPBELL,** Deceased )

**JOSEPH MAURER,** in his own right as the Father of **JILL MARIE CAMPBELL,** Deceased )

**MARGARET CANAVAN,** in her own right and as Representative of the **ESTATE OF SEAN CANAVAN,** Deceased )

**THOMAS CANAVAN,** in his own right as the Father of **SEAN CANAVAN,** Deceased )

**ROSEMARY CELINE TRAYNOR,** in her own right as the Sister of **SEAN CANAVAN,** Deceased )

**TERESA MCCAFFERY,** in her own right as the Sister of **SEAN CANAVAN,** Deceased )

**KATHLEEN MCKEON,** in her own right as the Sister of **SEAN CANAVAN,** Deceased )

**CIARAN CANAVAN,** in his own right as the Brother of **SEAN CANAVAN,** Deceased )

**TERESA DIFATO,** in her own right as the Mother of **LISA CANNAVA,** Deceased )

**ANTONIO DIFATO,** in his own right as the Father of **LISA CANNAVA,** Deceased )

**SUZAN CAYNE,** in her own right as the Mother of **JASON DAVID CAYNE,** Deceased )

**JORDAN CAYNE,** in his own right as the Father of **JASON DAVID CAYNE,** Deceased )

**NAGESWARARAO CHALASANI,** in his own right as the Father of **SWARNA CHALASANI,** Deceased )

**NICHOLAS M. CHIARCHIARO, SR.,** in his own right and as Representative of the **ESTATE OF DOROTHY J. CHIARCHIARO,** Deceased )

**NICHOLAS J. CHIARCHIARO,** in his own right as the Son of **DOROTHY J. CHIARCHIARO,** Deceased )

**LISA SOKOL,** in her own right as the Daughter of **DOROTHY J. CHIARCHIARO,** Deceased )

**LYNNE CILLO-CAPALDO,** in her own right and as Representative of the **ESTATE OF ELAINE CILLO,** Deceased )

**NUNZI C. CILLO,** in his own right as the Father of **ELAINE CILLO,** Deceased )

**GARY CILLO,** in his own right as the Brother of **ELAINE CILLO,** Deceased )

**SHARRON L. CLEMONS,** in her own right as an Injured Party )

**MARTIN J. COLLINS,** in his own right and as Representative of the **ESTATE OF JOHN MICHAEL COLLINS,** Deceased )

**MARTIN COLLINS,** in his own right as the Brother of **JOHN MICHAEL COLLINS,** Deceased )

**PATRICIA AMO,** in her own right as the Sister of **JOHN MICHAEL COLLINS,** Deceased )

**EILEEN BYRNE,** in her own right as the Sister of **JOHN MICHAEL COLLINS,** Deceased )

**ANNE COLLINS LEMANSKI,** in her own right as the Sister of **JOHN MICHAEL COLLINS,** Deceased )

**CORNELIUS P. CLANCY, III,** in his own right as the Brother of **SUSAN CLANCY CONLON,** Deceased )

**KEVIN S. CLANCY,** in his own right as the Brother of **SUSAN CLANCY CONLON,** Deceased )

**VERA CLANCY,** in her own right as the Mother of **SUSAN CLANCY CONLON,** Deceased )

**LAWRENCE CUBAS,** in his own right as the Brother of **KENNETH J. CUBAS,** Deceased )

**DOROTHY CUBAS,** in her own right as the Mother of **KENNETH J. CUBAS,** Deceased )

**ALFONSO CUBAS, JR.,** in his own right as the Brother of **KENNETH J. CUBAS,** Deceased )

**GRACE D'ESPOSITO,** in her own right as the Wife of **MICHAEL JUDE D'ESPOSITO,** Deceased )

**RALPH D'ESPOSITO,** in his own right as the Father of **MICHAEL JUDE D'ESPOSITO,** Deceased )

**SELENA DACK FORSYTH,** in her own right as the Mother of **CALEB ARRON DACK,** Deceased )

**FRANCIS L. DANAHY, JR.,** in his own right as the Father of **PATRICK WILLIAM DANAHY,** Deceased )

**MARY-ANNE DWYER DANAHY,** in her own right as the Mother of **PATRICK WILLIAM DANAHY,** Deceased )

**MICHAEL FRANCIS DANAHY,** in his own right as the Brother of **PATRICK WILLIAM DANAHY,** Deceased )

**MARYANNE DANAHY,** in her own right as the Sister of **PATRICK WILLIAM DANAHY,** Deceased )

**JOHN M. DANAHY,** in his own right as the Brother of **PATRICK WILLIAM DANAHY,** Deceased )

**KATHLEEN A. DANAHY SAMUELSON,** in her own right as the Sister of **PATRICK WILLIAM DANAHY,** Deceased )

**DENISE DANAHY DUFFY,** in her own right as the Sister of **PATRICK WILLIAM DANAHY,** Deceased )

**AMY WATERS DAVIDSON,** on behalf of the Minor Children of **SCOTT DAVIDSON,** Deceased )

**STEPHEN DAVIDSON,** in his own right as the Father of **SCOTT DAVIDSON,** Deceased )

**CARLA DIMAGGIO,** in her own right as the Mother of **SCOTT DAVIDSON,** Deceased )

**MICHAEL DAVIDSON,** in his own right as the Brother of **SCOTT DAVIDSON,** Deceased )

**JOAQUIM "TIM" T. DEARAUJO,** in his own right and as Representative of the **ESTATE OF DOROTHY A. DEARAUJO,** Deceased )

**MICHELE DEFAZIO,** in her own right and as Representative of the **ESTATE OF JASON DEFAZIO,** Deceased )

**JAMES DEFAZIO,** in his own right as the Father of **JASON DEFAZIO,** Deceased )

**ROSE DEFAZIO,** in her own right as the Mother of **JASON DEFAZIO,** Deceased )

**MICHAEL DEFAZIO,** in his own right as the Brother of **JASON DEFAZIO,** Deceased )

**GRICEL MOYER,** in her own right as the Mother of **MANUEL DEL VALLE, JR.,** Deceased )

**ANTONIO DIFATO,** in his own right as the Father of **JOHN DIFATO,** Deceased )

**TERESA DIFATO,** in her own right as the Mother of **JOHN DIFATO,** Deceased )

**FRANK DOMINGUEZ,** in his own right as the Brother of **JEROME DOMINGUEZ,** Deceased )

**DIANE EGAN,** in her own right and on behalf of the Minor Children of **MARTIN EGAN, JR.,** Deceased )

**COLLEEN D'AMATO,** in her own right as the Sister of **MARTIN EGAN, JR.,** Deceased )

**MICHAEL EGAN,** in his own right as the Brother of **MARTIN EGAN, JR.,** Deceased )

**MARK EGAN,** in his own right as the Brother of **MARTIN EGAN, JR.,** Deceased )

**MARTIN EGAN, SR.,** in his own right as the Father of **MARTIN EGAN, JR.,** Deceased )

**PATRICIA EGAN,** in her own right as the Mother of **MARTIN EGAN, JR.,** Deceased )

**MARLYSE BOSLEY,** in her own right as the Sister of **JOSE ESPINAL,** Deceased )

**SAM ESPOSITO,** in his own right as the Father of **MICHAEL ESPOSITO,** Deceased )

**ROSE ESPOSITO,** in her own right as the Mother of **MICHAEL ESPOSITO,** Deceased )

**DENISE PALAZZOTTO,** on behalf of the Minor Children of **MICHAEL ESPOSITO,** Deceased )

**SIMONE ESPOSITO,** in his own right as the Brother of **MICHAEL ESPOSITO,** Deceased )

**JOSEPH ESPOSITO,** in his own right as the Brother of **MICHAEL ESPOSITO,** Deceased )

**SAL ESPOSITO,** in his own right as the Brother of **MICHAEL ESPOSITO,** Deceased )

**FRANK ESPOSITO,** in his own right as the Brother of **MICHAEL ESPOSITO,** Deceased )

**DOROTHY ESPOSITO,** in her own right as the Mother of **FRANCIS ESPOSITO,** Deceased )

**MICHAEL ESPOSITO,** in his own right as the Father of **FRANCIS ESPOSITO,** Deceased )

**RICHARD ESPOSITO,** in his own right as the Brother of **FRANCIS ESPOSITO,** Deceased )

**DOMINICK ESPOSITO,** in his own right as the Brother of **FRANCIS ESPOSITO,** Deceased )

**CATHERINE ESPOSITO,** in her own right as the Sister of **FRANCIS ESPOSITO,** Deceased

**VINCENT ESPOSITO,** in his own right as the Brother of **FRANCIS ESPOSITO,** Deceased

**FRANK FAVA,** in his own right as the Husband of **SHANNON FAVA,** Deceased

**DENNIS NIELSEN,** in his own right as the Father of **SHANNON FAVA,** Deceased

**DENISE NIELSEN,** in her own right as the Mother of **SHANNON FAVA,** Deceased

**DENNIS NIELSEN, JR,** in his own right as the Brother of **SHANNON FAVA,** Deceased

**TERESA FERNANDES,** in her own right as the Wife of **NYNO FERNANDES,** an Injured Party.

**CATHY L. FERSINI,** in her own right as the Wife of **LOUIS V. FERSINI, JR.,** Deceased

**LEILETH FOSTER,** in her own right as an Injured Party

**HAVEN A. FYFE,** in her own right and as Representative of the **ESTATE OF KARLETON D. FYFE,** Deceased

**MONICA GABRIELLE,** in her own right as the Wife of **RICHARD S. GABRIELLE,** Deceased

**PETER GADIEL,** in his own right and as Representative of the **ESTATE OF JAMES GADIEL,** Deceased

**GEORGE GADIEL,** in his own right as the Brother of **JAMES GADIEL,** Deceased

**JENNIFER GADIEL,** in her own right as the Sister of **JAMES GADIEL,** Deceased

**JOSEPH A. MICCIULLI,** in his own right as the Father of **DEANNA GALANTE,** Deceased

**JOSEPH C. MICCIULLI,** in his own right as the Brother of **DEANNA GALANTE,** Deceased

**MARGARET MICCIULLI,** in her own right as the Mother of **DEANNA GALANTE,** Deceased )

**TINA MALDONADO,** in her own right as the Sister of **DEANNA GALANTE,** Deceased )

**APRIL D. GALLOP,** in her own right as an Injured Party )

**JOHN T. GATTO,** in his own right as an Injured Party )

**ELEANOR GILLETTE,** in her own right and as Representative of the **ESTATE OF EVAN GILLETTE,** Deceased )

**MARTIN GIOVINAZZO, SR.,** in his own right as the Father of **MARTIN GIOVINAZZO,** Deceased )

**DOMENICA GIOVINAZZO,** in her own right as the Mother of **MARTIN GIOVINAZZO,** Deceased )

**DOROTHY GIOVINAZZO,** in her own right as the Wife of **MARTIN GIOVINAZZO,** Deceased )

**ROSE MARIE MAHONEY,** in her own right as the Sister of **MARTIN GIOVINAZZO,** Deceased )

**CONCETTA BONNER,** in her own right as the Sister of **MARTIN GIOVINAZZO,** Deceased )

**ANGELA QUINN,** in her own right as the Sister of **MARTIN GIOVINAZZO,** Deceased )

**SALI GJONBALAJ,** in his own right and as Representative of the **ESTATE OF MON GJONBALAJ,** Deceased )

**HERBERT GLADSTONE,** in his own right and as Representative of the **ESTATE OF DIANNE GLADSTONE,** Deceased )

**MORRIS SONNY GOLDSTEIN,** in his own right as the Father of **MONICA GOLDSTEIN,** Deceased )

**CECILLA GOLDSTEIN,** in her own right as the Mother of **MONICA GOLDSTEIN,** Deceased )

**ADRIENNE TRIGGS,** in her own right as the Sister of **MONICA GOLDSTEIN,** Deceased )

**WILLIAM GOODCHILD,** in his own right and as Representative of the **ESTATE OF LYNN CATHERINE GOODCHILD,** Deceased )

**ELLEN R. GOODCHILD,** in her own right and as Representative of the **ESTATE OF LYNN CATHERINE GOODCHILD,** Deceased )

**NEIL K. GOODCHILD,** in his own right as the Brother of **LYNN CATHERINE GOODCHILD,** Deceased )

**EDWIN H. YUEN,** in his own right as the Husband of **CINDY YANZHU GUAN,** Deceased )

**ANTHONY GUZZARDO,** in his own right as the Husband of **BARBARA GUZZARDO,** Deceased )

**EILEEN A. HANNAFORD,** in her own right, on behalf of the Minor Children, and as Representative of the **ESTATE OF KEVIN JAMES HANNAFORD,** Deceased )

**JAMES T. HANNAFORD,** in his own right as the Father of **KEVIN JAMES HANNAFORD,** Deceased )

**NANCY E. HANNAFORD,** in her own right as the Mother of **KEVIN JAMES HANNAFORD,** Deceased )

**PATRICK G. HANNAFORD,** in his own right as the Brother of **KEVIN JAMES HANNAFORD,** Deceased )

**ELIZABETH HANNAFORD SARACENO,** in her own right as the Sister of **KEVIN JAMES HANNAFORD,** Deceased )

**R. JAY HARRIS,** in his own right as the Father of **STEWART D. HARRIS,** Deceased )

**MILDRED HARRIS,** in her own right as the Mother of **STEWART D. HARRIS,** Deceased )

______________________________________________)

**GAIL HOFFMANN,** in her own right and as Representative of the **ESTATE OF FREDERICK HOFFMANN,** Deceased )

**GAIL HOFFMANN,** in her own right and as Representative of the **ESTATE OF MICHELE HOFFMANN,** Deceased )

**JANET HOLMES-ALFRED,** in her own right as an Injured Party )

**ROBIN HOHLWECK,** in her own right as the Daughter of **THOMAS WARREN HOHLWECK, JR.,** Deceased )

**TODD W. HOHLWECK,** in his own right as the Son of **THOMAS WARREN HOHLWECK, JR.,** Deceased )

**RANDOLPH T. HOHLWECK,** in his own right as the Son of **THOMAS WARREN HOHLWECK, JR.,** Deceased )

**MARY HRABOWSKA,** in her own right as an Injured Party )

**JEAN HUNT,** in her own right as an Injured Party )

**WILLIAM F HUNT, JR.,** in his own right as the Husband of **JEAN HUNT,** an Injured Party )

**CANDEE J. (HUNT) MALTESE,** in her own right as the Daughter of **JEAN HUNT,** an Injured Party )

**MELANIE A. HUNT,** in her own right as the Daughter of **JEAN HUNT,** an Injured Party )

**BEATRIZ E. HYMEL,** in her own right and as Representative of the **ESTATE OF ROBERT JOSEPH HYMEL,** Deceased )

**MONICA IKEN,** in her own right and as Representative of the **ESTATE OF MICHAEL PATRICK IKEN,** Deceased )

**GLORIA INGRASSIA,** in her own right and as Representative of the **ESTATE OF CHRISTOPHER NOBLE INGRASSIA,** Deceased )

**ANTHONY A. INGRASSIA,** in his own right as the Father of **CHRISTOPHER NOBLE INGRASSIA,** Deceased )

**ANTHONY W. INGRASSIA,** in his own right as the Brother of **CHRISTOPHER NOBLE INGRASSIA,** Deceased )

**PAUL B. INGRASSIA,** in his own right as the Brother of **CHRISTOPHER NOBLE INGRASSIA,** Deceased )

**ELISA M. INGRASSIA,** in her own right as the Sister of **CHRISTOPHER NOBLE INGRASSIA,** Deceased )

**CLIFFORD JENKINS,** in his own right as an Injured Party )

**KELLY C. JOSIAH,** in her own right and as Representative of the **ESTATE OF JANE EILEEN JOSIAH,** Deceased )

**JOYCE L. JOHNSON,** in her own right and as Representative of the **ESTATE OF DENNIS M. JOHNSON,** Deceased )

**JENNIFER E. JOSIAH,** in her own right and as Representative of the **ESTATE OF JANE EILEEN JOSIAH,** Deceased )

**NAZAM KHAN,** in his own right as the Husband of **SARAH KHAN,** Deceased )

**SUSANNE KIKKENBORG,** in her own right as an Injured Party )

**VIVIAN LERNER SHOEMAKER,** in her own right as the Mother of **ALAN D. KLEINBERG,** Deceased )

**NANCY KNOX,** in her own right and as Representative of the **ESTATE OF THOMAS PATRICK KNOX,** Deceased )

**ETHEL CHAMBERLAIN,** in her own right as the Mother of **MICHELLE LANZA,** Deceased )

**ALBERT A. CHAMBERLAIN,** in his own right )

as the Father of **MICHELLE LANZA,** Deceased )

**SUSAN G. CHAMBERLAIN,** in her own right as the Sister of **MICHELLE LANZA,** Deceased )

**CYNTHIA D. ORICCHIO,** in her own right as the Sister of **MICHELLE LANZA,** Deceased )

**ALBERT G. CHAMBERLAIN,** in his own right as the Brother of **MICHELLE LANZA,** Deceased )

**ARNOLD LEDERMAN,** in his own right as an Injured Party )

**EDWARD N. LEE,** in his own right as the Husband of **JUANITA LEE,** Deceased )

**JOHNNY LEE,** in his own right as the Husband of **LORRAINE LEE,** Deceased )

**SHERMAN LILLIANTHAL,** in his own right as the Father of **STEVEN BARRY LILLIANTHAL,** Deceased )

**MARCIA LILLIANTHAL,** in her own right as the Mother of **STEVEN BARRY LILLIANTHAL,** Deceased )

**MINDI COHEN,** in her own right as the Sister of **STEVEN BARRY LILLIANTHAL,** Deceased )

**EUGENIA R. LLANES,** in her own right as the Mother of **GEORGE ANDREW LLANES,** Deceased )

**GARY MICHAEL LOW,** in his own right and as Representative of the **ESTATE OF SARA ELIZABETH LOW,** Deceased )

**REBECCA ALYSON LOW,** in her own right as the Sister of **SARA ELIZABETH LOW,** Deceased )

**BOBBIE JEAN LOW,** in her own right as the Mother of **SARA ELIZABETH LOW,** Deceased )

**RALPH LUZZICONE,** in his own right as the Father of **LINDA LUZZICONE,** Deceased )

**DEBRA LUZZICONE,** in her own right as the Sister of **LINDA LUZZICONE,** Deceased )

**RALPH LUZZICONE, JR.**, in his own right as the Brother of **LINDA LUZZICONE**, Deceased

**CHERYL COX**, in her own right as the Sister of **LINDA LUZZICONE**, Deceased

**LOUIS MAFFEO**, in his own right as the Father of **JOSEPH MAFFEO**, Deceased

**SHAKEH MARDIKIAN**, in her own right as the Mother of **PETER EDWARD MARDIKIAN**, Deceased

**ALEXANDER MARDIKIAN**, in his own right as the Father of **PETER EDWARD MARDIKIAN**, Deceased

**NORMA MARGIOTTA**, in her own right as the Wife of **CHARLES JOSEPH MARGIOTTA**, Deceased

**AMELIA MARGIOTTA**, in her own right as the Mother of **CHARLES JOSEPH MARGIOTTA**, Deceased

**CHARLES V. MARGIOTTA**, in his own right as the Father of **CHARLES JOSEPH MARGIOTTA**, Deceased

**MICHAEL MARGIOTTA**, in his own right as the Brother of **CHARLES JOSEPH MARGIOTTA**, Deceased

**DIANE MASSAROLI**, in her own right, on behalf of the Minor Children, and as Representative of the **ESTATE OF MICHAEL MASSAROLI**, Deceased

**JOSEPHINE HOLUBAR**, in her own right as the Mother of **MICHAEL MASSAROLI**, Deceased

**JOANN CLEARY**, in her own right as the Sister of **MICHAEL MASSAROLI**, Deceased

**KAREN MASTRANDREA**, in her own right as the Wife of **PHILIP W. MASTRANDREA, JR.**, Deceased

**RONALD F. MAY,** in his own right and as Representative of the **ESTATE OF RENEE A. MAY,** Deceased )

**NANCY A. MAY,** in her own right as the Mother of **RENEE A. MAY,** Deceased )

**JEFFREY M. MAY,** in his own right as the Brother of **RENEE A. MAY,** Deceased )

**KENNETH MAY,** in his own right as the Brother of **RENEE A. MAY,** Deceased )

**DAVID SPIROCK,** on behalf of the Unborn Child of **RENEE A. MAY,** Deceased )

**DEBRA MENICH,** in her own right and as Representative of the **ESTATE OF KEVIN MICHAEL MCCARTHY,** Deceased )

**MARGARET MCDONNELL,** in her own right and on behalf of the Minor Children of **BRIAN MCDONNELL,** Deceased )

**IVY M. MORENO,** in her own right and as Representative of the **ESTATE OF YVETTE NICOLE MILLER,** Deceased )

**MAUREEN MITCHELL,** in her own right and as Representative of the **ESTATE OF PAUL T. MITCHELL,** Deceased )

**CHRISTINE MITCHELL,** in his own right as the Son of **PAUL T. MITCHELL,** Deceased )

**JENNIFER MITCHELL,** in her own right as the Daughter of **PAUL T. MITCHELL,** Deceased )

**JOYCE MIUCCIO,** in her own right as the Wife of **RICHARD MIUCCIO,** Deceased )

**OWN MIUCCIO,** in his own right as the Son of **RICHARD MIUCCIO,** Deceased )

**LAURA MIUCCIO,** in her own right as the Sister of **RICHARD MIUCCIO,** Deceased )

**THOMAS MIUCCIO,** in his own right as the Son of **RICHARD MIUCCIO,** Deceased )

**JOAN MOLINARO,** in her own right as the Mother of **CARL EUGENE MOLINARO,** Deceased )

**EUGENE MOLINARO,** in his own right as the Father of **CARL EUGENE MOLINARO,** Deceased )

**LAWRENCE MOLINARO,** in his own right as the Brother of **CARL EUGENE MOLINARO,** Deceased )

**DEBRA ANN HUDSON,** in her own right as the Sister of **CARL EUGENE MOLINARO,** Deceased )

**THEODORE C. MOREHOUSE,** in his own right as the Father of **LINDSAY S. MOREHOUSE,** Deceased )

**KATHLEEN S. MAYCEN,** in her own right as the Mother of **LINDSAY S. MOREHOUSE,** Deceased )

**LORRAINE MOSKAL,** in her own right and as Representative of the **ESTATE OF WILLIAM DAVID MOSKAL,** Deceased )

**SARA M. MULLIGAN,** in her own right and as Representative of the **ESTATE OF PETER JAMES MULLIGAN,** Deceased )

**JOHN G NEE,** in his own right as the Father of **LUKE G NEE,** Deceased )

**MARY NEE REILLY,** in her own right as the Sister of **LUKE G NEE,** Deceased )

**PATRICIA B. NEE O'KEEFE,** in her own right as the Sister of **LUKE G NEE,** Deceased )

**FOOK SAM NGOOI,** in his own right as an Injured Party )

**EDWARD O'HARE,** in his own right as an Injured Party )

**VINCENT A. OGNIBENE,** in his own right and as Co-Representative of the **ESTATE OF PHILIP PAUL OGNIBENE,** Deceased )

**ANTOINETTE D. OGNIBENE,** in her own right and as Co-Representative of the **ESTATE OF PHILIP PAUL OGNIBENE,** Deceased

**PATRICIA OLSON,** in her own right and on behalf of the Minor Children of **STEVEN J. OLSON,** Deceased

**MARIA KOUTNY,** in her own right and as Representative of the **ESTATE OF MARIE PAPPALARDO,** Deceased

**WILSTON PARRIS, in his own right as an Injured Party**

**BARBARA A. PATRICK,** in her own right as the Mother of **JAMES MATTHEW PATRICK,** Deceased

**JERRY PATRICK,** in his own right as the Father of **JAMES MATTHEW PATRICK,** Deceased

**KEVIN M. PATRICK,** in his own right as the Brother of **JAMES MATTHEW PATRICK,** Deceased

**ALICIA M. PATRICK,** in her own right as the Sister of **JAMES MATTHEW PATRICK,** Deceased

**KATHRYN M. PATRICK,** in her own right as the Sister of **JAMES MATTHEW PATRICK,** Deceased

**MICHAEL PATTI,** in his own right and as Co-Representative of the **ESTATE OF CIRA MARIE PATTI,** Deceased

**FRANCES PATTI,** in her own right and as Co-Representative of the **ESTATE OF CIRA MARIE PATTI,** Deceased

**JULIANN PATTI-ANDOLPHOV,** in her own right as the Sister of **CIRA MARIE PATTI,** Deceased

**MICHAEL PATTI, JR.,** in his own right as the Brother of **CIRA MARIE PATTI,** Deceased

**RICHARD PATTI,** in his own right as the Brother of **CIRA MARIE PATTI,** Deceased

**PAUL PESCE,** in his own right and as Co-Representative of the **ESTATE OF DANNY PESCE,** Deceased

**CHIARA PESCE,** in her own right and as Co-Representative of the **ESTATE OF DANNY PESCE,** Deceased

**FRANK PESCE,** in his own right as the Brother of **DANNY PESCE,** Deceased

**ANGELA FRUNZI,** in her own right as the Sister of **DANNY PESCE,** Deceased

**NICOLE PETROCELLI,** in her own right and as Representative of **MARK JAMES PETROCELLI,** Deceased

**ALBERT P. PETROCELLI,** in his own right as the Father of **MARK JAMES PETROCELLI,** Deceased

**ALBERT P. PETROCELLI, JR.,** in his own right as the Brother of **MARK JAMES PETROCELLI,** Deceased

**VIRGINIA PETROCELLI,** in her own right as the Mother of **MARK JAMES PETROCELLI,** Deceased

**SUSAN L. PICARRO,** in her own right and as Representative of the **ESTATE OF LUDWIG JOHN PICARRO,** Deceased

**CATHERINE POWELL,** in her own right and as Representative of the **ESTATE OF SCOTT POWELL,** Deceased

**BAMBANG PRIATNO,** in his own right as an Injured Party

**EVERETT PROCTOR, JR.,** in his own right and as Representative of the **ESTATE OF EVERETT M. (MARTY) PROCTOR, III,** Deceased

**MARY E. GRIFFIN,** in her own right as the Sister of **EVERETT M. (MARTY) PROCTOR, III,** Deceased

**CATHERINE B. PROCTOR,** in her own right as the Mother of **EVERETT M. (MARTY) PROCTOR, III,** Deceased

**DONALD H. PROGEN,** in his own right and as Representative of the **ESTATE OF CARRIE BETH PROGEN,** Deceased

**KATHLEEN A. PROGEN,** in her own right as the Mother of **CARRIE BETH PROGEN,** Deceased

**MATTHEW ERIC PROGEN,** in his own right as the Brother of **CARRIE BETH PROGEN,** Deceased

**MICHAEL PUCKETT,** in his own right and as Representative of the **ESTATE OF JOHN F. PUCKETT,** Deceased

**MICHELE PUCKETT,** on behalf of the Minor Child of **JOHN F. PUCKETT,** Deceased

**KEVIN PUMA,** in his own right and on behalf of the Minor Children of **PATRICIA ANN PUMA,** Deceased

**ELEANOR WILSON,** in her own right as the Mother of **PATRICIA ANN PUMA,** Deceased

**WILLIAM WILSON,** in his own right as the Father of **PATRICIA ANN PUMA,** Deceased

**ANTOINETTE NICHOLASI,** in her own right as the Sister of **PATRICIA ANN PUMA,** Deceased

**ROBERT WILSON,** in his own right as the Brother of **PATRICIA ANN PUMA,** Deceased

**JANICE K. PUNCHES,** in her own right as the Wife of **JACK D. PUNCHES, JR.,** Deceased

**JEREMY DUANE PUNCHES,** in his own right as the Son of **JACK D. PUNCHES, JR.,** Deceased

**JENNIFER MARIE PUNCHES,** in her own right as the Daughter of **JACK D. PUNCHES, JR.,** Deceased

**PATRICK J. QUIGLEY, JR.,** in his own right as the Father of **PATRICK J QUIGLEY, IV,** Deceased

**MI JA QUIGLEY,** in her own right as the Mother of **PATRICK J QUIGLEY, IV,** Deceased

**JOHN QUIGLEY,** in his own right as the Brother of **PATRICK J QUIGLEY, IV,** Deceased

**MAUREEN A. RAUB,** in her own right, on behalf of the Minor Children, and as Representative of the **ESTATE OF WILLIAM R. RAUB,** Deceased

**LISA REINA,** in her own right and on behalf of the Minor Child of **JOSEPH REINA, JR.,** Deceased

**ROSEMARIE REINA,** in her own right as the Mother of **JOSEPH REINA, JR.,** Deceased

**JOSEPH REINA, SR.,** in his own right as the Father of **JOSEPH REINA, JR.,** Deceased

**CHARLES RENDA,** in his own right and on behalf of the minor child of **KAREN C. RENDA,** Deceased

**DANIEL RENDA,** in his own right as the Son of **KAREN C. RENDA,** Deceased

**BERNARD RESTA,** in his own right as the Father of **JOHN RESTA,** Deceased

**CHRISTINA RESTA,** in her own right and as Representative of the **ESTATE OF JOHN RESTA,** Deceased

**MICHAEL RESTA,** in his own right as the Brother of **JOHN RESTA,** Deceased

**THOMAS RESTA,** in his own right as the Brother of **JOHN RESTA,** Deceased

**DAWN ANGRISANI,** in her own right as the Sister

of **JOHN RESTA,** Deceased )

**CHRISTINE MAZZEO,** in her own right as the Sister of **JOHN RESTA,** Deceased )

**NILSA M. RIVERA,** in her own right and as Representative of the **ESTATE OF ISAIAS RIVERA,** Deceased )

**MOISES RIVERA,** in his own right as the Brother of **ISAIAS RIVERA,** Deceased )

**CARMEN RIVERA,** in her own right as the Sister of **ISAIAS RIVERA,** Deceased )

**GLORIA GONZALEZ,** in her own right as the Sister of **ISAIAS RIVERA,** Deceased )

**ADRIAN ISAAC RIVERA,** in his own right as the Son of **ISAIAS RIVERA,** Deceased )

**JOSUE RIVERA TRUJILLO,** in his own right as the Brother of **ISAIAS RIVERA,** Deceased )

**NELSON ROCHA,** in his own right as an Injured Party )

**JOHN R. ROGERS,** in his own right as an Injured Party )

**JULIO ROIG, JR.,** in his own right as an Injured Party )

**TERESA ROIG,** in her own right as the Wife of and on behalf of the Minor Children of **JULIO ROIG, JR.,** an Injured Party )

**ARNOLD ROMA,** in his own right and as Representative of the **ESTATE OF KEITH ROMA,** Deceased )

**BEVERLY ECKERT,** in her own right and as Representative of the **ESTATE OF SEAN ROONEY,** Deceased )

**CHRISTOPHER ROSSOMANDO,** in his own right as the Brother of **NICHOLAS P. ROSSOMANDO,** Deceased )

**ALEXANDER WILLIAM ROWE,** in his own )

right as the Father of **NICHOLAS CHARLES ALEXANDER ROWE,** Deceased )

**EDWARD RUSSIN,** in his own right as the Father of **STEVEN HARRIS RUSSIN,** Deceased )

**GLORIA RUSSIN,** in her own right as the Mother of **STEVEN HARRIS RUSSIN,** Deceased )

**BARRY RUSSIN,** in his own right as the Brother of **STEVEN HARRIS RUSSIN,** Deceased )

**JEAN MARC SAADA,** in his own right as the Father of **THIERRY SAADA,** Deceased )

**MARTINE SAADA,** in her own right as the Mother of **THIERRY SAADA,** Deceased )

**RUDY SAADA,** in his own right as the Brother of **THIERRY SAADA,** Deceased )

**ANTHONY SAADA,** in his own right as the Brother of **THIERRY SAADA,** Deceased )

**CINDY SAADA,** in her own right as the Sister of **THIERRY SAADA,** Deceased )

**ROHY SAADA,** in his own right as the Brother of **THIERRY SAADA,** Deceased )

**GARY SAADA,** in his own right as the Brother of **THIERRY SAADA,** Deceased )

**EUGENIA BOGADO,** in her own right as the Mother of **CARLOS A. SAMANIEGO,** Deceased )

**ALEXANDER SANTORA,** in his own right as the Father of **CHRISTOPHER A. SANTORA,** Deceased )

**MAUREEN SANTORA,** in her own right as the Mother of **CHRISTOPHER A. SANTORA,** Deceased )

**LOREEN SELLITTO,** in her own right and as Representative of the **ESTATE OF MATTHEW CARMEN SELLITTO,** Deceased )

**MATT SELLITTO,** in his own right as the Father of **MATTHEW CARMEN SELLITTO,** Deceased )

**JONATHAN SELLITTO,** in his own right as the Brother of **MATTHEW CARMEN SELLITTO,** Deceased )

**FRANCES RUTH SELWYN,** in her own right and as Representative of the **ESTATE OF HOWARD SELWYN,** Deceased )

**BARBARA SERNA,** in her own right as an Injured Party )

**BRUCE E. SERVA,** in his own right and as Representative of the **ESTATE OF MARION (MARY) H. SERVA,** Deceased )

**IRENE SESSA,** in her own right and as Representative of the **ESTATE OF ADELE SESSA,** Deceased )

**ALBERICO SESSA,** in his own right as the Brother of **ADELE SESSA,** Deceased )

**ELENA SANDBERG,** in her own right as the Sister of **ADELE SESSA,** Deceased )

**CHRISTINE PATTERSON,** in her own right as the Sister of **ADELE SESSA,** Deceased )

**DANIEL J. SHEEHAN,** in his own right and as Representative of the **ESTATE OF LINDA JUNE SHEEHAN,** Deceased )

**ROBERT D. SHEEHAN,** in his own right as the Brother of **LINDA JUNE SHEEHAN,** Deceased )

**JENNIFER SIMON,** in her own right as the Daughter of **ARTHUR SIMON,** Deceased )

**SHELLEY SIMON,** in her own right as the Wife of **PAUL SIMON,** Deceased )

**EDITH SPARACIO,** in her own right as the Mother of **THOMAS SPARACIO,** Deceased )

**DOREEN LANZA,** in her own right as the Sister of **THOMAS SPARACIO,** Deceased )

**EDWARD SPARACIO,** in his own right as the )

Brother of **THOMAS SPARACIO,** Deceased )
)
**DEBRA KLEMOWITZ,** in her own right as the )
Sister of **THOMAS SPARACIO,** Deceased )
)
**JACK SPARACIO,** in his own right as the Brother )
of **THOMAS SPARACIO,** Deceased )
)
**PATRICIA WELLINGTON,** in her own right as )
the Wife of **JOHN ANTHONY SPATARO,** )
Deceased )
)
**IRENE SPINA,** in her own right as the Mother of )
**LISA L. SPINA-TREROTOLA,** Deceased )
)
**MARIO SPINA,** in his own right as the Father of )
**LISA L. SPINA-TREROTOLA,** Deceased )
)
**PAUL M. SPINA,** in his own right as the Brother of)
**LISA L. SPINA-TREROTOLA,** Deceased )
)
**ROSEANNA STABILE,** in her own right as the )
Wife of **MICHAEL F. STABILE,** Deceased )
)
**LAUREN STABILE,** in her own right as the )
Daughter of **MICHAEL F. STABILE,** Deceased )
)
**ROBERT STABILE,** in his own right as the Son of)
**MICHAEL F. STABILE,** Deceased )
)
**MICHELE STABILE,** in her own right as the )
Daughter of **MICHAEL F. STABILE,** Deceased )
)
**SANDRA N. STRAUB,** in her own right and as )
Representative of the **ESTATE OF EDWARD W.** )
**STRAUB,** Deceased )
)
**ELEANOR NEVILLE,** in her own right as the )
Mother of **JOANN TABEEK,** Deceased )
)
**JAMES SMITH,** in his own right as the Brother of )
**JOANN TABEEK,** Deceased )
)
**WILLIAM SMITH,** in his own right as the Brother )
of **JOANN TABEEK,** Deceased )
)
**MAUREEN PICKERING,** in her own right as the )
Sister of **JOANN TABEEK,** Deceased )
)
**PATRICIA HEYNE,** in her own right as the Sister )

of **JOANN TABEEK,** Deceased )

**MICHAEL SMITH,** in his own right as the Brother of **JOANN TABEEK,** Deceased )

**BARBARA TALTY,** in her own right as the Wife of **PAUL TALTY,** Deceased )

**KENNETH T. TARANTINO,** in his own right as the Father of **KENNETH J. TARANTINO,** Deceased )

**THERESA TARANTINO,** in her own right as the Mother of **KENNETH J. TARANTINO,** Deceased )

**VICTORIA MELONE,** in her own right as the Sister of **KENNETH J. TARANTINO,** Deceased )

**DOROTHY TEMPESTA,** in her own right as the Mother of **ANTHONY TEMPESTA,** Deceased )

**ROSALYN TEMPLE,** in her own right as the Sister of **DOROTHY TEMPLE, Deceased** )

**BIDIAWATTIE TEWARI,** in his own right as an Injured Party )

**DENISE THOMPSON,** in her own right as an Injured Party )

**MARTIN TOYEN,** in his own right and as Representative of the **ESTATE OF AMY E. TOYEN,** Deceased )

**KATHLEEN TRANT,** in her own right and as Representative of the **ESTATE OF DANIEL PATRICK TRANT,** Deceased )

**NANCY D. TZEMIS,** in her own right as the Mother of **JENNIFER TZEMIS,** Deceased )

**SOPHIA TZEMIS,** in her own right as the Sister of **JENNIFER TZEMIS,** Deceased )

**NICOLE TZEMIS,** in her own right as the Sister of **JENNIFER TZEMIS,** Deceased )

**EMMANUEL VEGA,** in his own right as an Injured Party )

________________________________________________)

**KATHY VIGGIANO,** in her own right as the Wife of **JOSEPH VIGGIANO,** Deceased )

**MARIE VISCIANO,** in her own right and as Representative of the **ESTATE OF JOSEPH GERARD VISCIANO,** Deceased )

**JASON VISCIANO,** in his own right as the Brother of **JOSEPH GERARD VISCIANO,** Deceased )

**ROBERT VISCIANO,** in his own right as the Brother of **JOSEPH GERARD VISCIANO,** Deceased )

**MORTON WEINBERG,** in his own right and as Representative of the **ESTATE OF MICHAEL T. WEINBERG,** Deceased )

**MARY P. WEINBERG,** in her own right as the Mother of **MICHAEL T. WEINBERG,** Deceased )

**JOHN WEINBERG,** in his own right as the Brother of **MICHAEL T. WEINBERG,** Deceased )

**PATRICIA GAMBINO,** in her own right as the Sister of **MICHAEL T. WEINBERG,** Deceased )

**DONALD S. WIENER,** in his own right as the Father of **JEFFREY DAVID WIENER,** Deceased )

**WILMA WIENER,** in her own right as the Mother of **JEFFREY DAVID WIENER,** Deceased )

**ROBIN K. WIENER, ESQ,** in her own right as the Sister of **JEFFREY DAVID WIENER,** Deceased )

**RONALD J WILLETT,** in his own right and as Representative of the **ESTATE OF JOHN CHARLES WILLETT,** Deceased )

**LUCILLE C. WILLETT,** in her own right as the Mother of **JOHN CHARLES WILLETT,** Deceased )

**ARNOLD WITTENSTEIN,** in his own right and as Representative of the **ESTATE OF MICHAEL ROBERT WITTENSTEIN,** Deceased )

**CARYN HINSON,** in her own right and as )

Representative of the **ESTATE OF MICHAEL ROBERT WITTENSTEIN,** Deceased )

**BARBARA WITTENSTEIN,** in her own right as the Mother of **MICHAEL ROBERT WITTENSTEIN,** Deceased )

**JEFFREY WITTENSTEIN,** in his own right as the Brother of **MICHAEL ROBERT WITTENSTEIN,** Deceased )

**TED YARNELL,** in his own right and as Representative of the **ESTATE OF MATTHEW DAVID YARNELL,** Deceased )

**MICHELE YARNELL,** in her own right as the Mother of **MATTHEW DAVID YARNELL,** Deceased )

**KAH LENG YEOH,** in his own right as an Injured Party )

**DIANNE YOUNG,** in her own right as an Injured Party )

**ROSEMARIE C. MARTIE,** in his own right as the Sister of **SALVATORE J. ZISA,** Deceased )

**TARA BANE**, in her own right and as Representative of the **ESTATE OF MICHAEL A. BANE**, Deceased )

**DONALD BANE,** in his own right as the Father of **MICHAEL A. BANE,** Deceased )

**CHRISTINA BANE-HAYES,** in her own right as the Sister of **MICHAEL A. BANE,** Deceased )

**GRACE KNESKI**, in her own right and as Representative of the **ESTATE OF STEVEN CAFIERO**, Deceased )

**JANET CALIA**, in her own right and as Representative of the **ESTATE OF DOMINICK E. CALIA**, Deceased )

**STEPHEN L. CARTLEDGE**, in his own right as the Husband of **SANDRA WRIGHT CARTLEDGE**, Deceased )

**CLARA CHIRCHIRILLO**, in her own right and as Representative of the **ESTATE OF PETER CHIRCHIRILLO**, Deceased )

**LIVIA CHIRCHIRILLO**, in her own right as the Sister of **PETER CHIRCHIRILLO**, Deceased )

**CATHERINE DEBLIECK**, in her own right as the Sister of **PETER CHIRCHIRILLO**, Deceased )

**WILLIAM COALE**, in his own right and as Representative of the **ESTATE OF JEFFREY ALAN COALE**, Deceased )

**GRACE M. PARKINSON-GODSHALK**, in her own right and as Representative of the **ESTATE OF WILLIAM R. GODSHALK**, Deceased )

**TINA GRAZIOSO**, in her own right and as Representative of the **ESTATE OF JOHN GRAZIOSO**, Deceased )

**JIN LIU**, in her own right and as Representative of the **ESTATE OF LIMING GU**, Deceased )

**FIONA HAVLISH**, in her own right and as Representative of the **ESTATE OF DONALD G. HAVLISH, JR.**, Deceased )

**DONALD G. HAVLISH, Sr.**, in his own right as the Father of **DONALD G. HAVLISH, Jr.**, Deceased )

**WILLIAM HAVLISH**, in his own right as the Brother of **DONALD G. HAVLISH, Jr.**, Deceased )

**SUSAN CONKLIN**, in her own right as the Sister of **DONALD G. HAVLISH, Jr.**, Deceased )

**THOMAS P. HEIDENBERGER**, in his own right and as Representative of the **ESTATE OF MICHELE M. HEIDENBERGER**, Deceased )

**THERESANN LOSTRANGIO**, in her own right and as Executrix of the **ESTATE OF JOSEPH LOSTRANGIO**, Deceased )

**RALPH MAERZ, Jr.**, in his own right as the Father and on behalf of the family of **NOELL MAERZ**, Deceased )

**PATRICIAL MILANO**, in her own right and as Representative of the **ESTATE OF PETER T. MILANO**, Deceased )

**JOANNE LOVETT**, in her own right and as Representative of the **ESTATE OF BRIAN NUNEZ**, Deceased )

**MARTIN PANIK**, in his own right as the Father and on behalf of the family of **LT. JONAS MARTIN PANIK**, Deceased )

**LINDA PANIK**, in her own right as the Mother of **LT. JONAS MARTIN PANIK**, Deceased )

**MARTINA LYNE-ANNA PANIK**, in her own right as the Sister of **LT. JONAS MARTIN PANIK**, Deceased )

**CHRISTINE PAPASSO**, in her own right and as Representative of the **ESTATE OF SALVATORE T. PAPASSO**, Deceased )

**PATRICIA J. PERRY**, in her own right and as Representative of the **ESTATE OF JOHN WILLIAM PERRY**, Deceased )

**JUDITH REISS**, in her own right and as Representative of the **ESTATE OF JOSHUA SCOTT REISS**, Deceased )

**DIANE ROMERO**, in her own right and as Representative of the **ESTATE OF ELVIN ROMERO**, Deceased )

**ELLEN L. SARACINI**, in her own right and as Representative of the **ESTATE OF VICTOR J. SARACINI**, Deceased )

**ANNE C. SARACINI**, in her own right as the Mother of **VICTOR J. SARACINI**, Deceased )

**JOANNE M. RENZI**, in her own right as the Sister of **VICTOR J. SARACINI**, Deceased )

**RUSSA STEINER**, in her own right and as Representative of the **ESTATE OF WILLIAM R.** )

**STEINER**, Deceased )
)
)
**SPOUSE DOE # 1,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 1,** Deceased )
)
**SPOUSE DOE # 2,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 2,** Deceased )
)
**SPOUSE DOE # 3,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 3,** Deceased )
)
**SON DOE # 3,** in his own right as the Son of )
**DECEDENT DOE # 3,** Deceased )
)
**SPOUSE DOE # 4,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 4,** Deceased )
)
**SISTER DOE # 5,** in her own right as the Sister of )
**DECEDENT DOE # 5,** Deceased )
)
**FATHER DOE # 5,** in his own right as the Father )
of **DECEDENT DOE # 5,** Deceased )
)
**SPOUSE DOE # 5,** in her own right as the Wife of )
**DECEDENT DOE # 5,** Deceased )
)
**SPOUSE DOE # 6,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 6,** Deceased )
)
**SPOUSE DOE # 7,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 7,** Deceased )
)
**SPOUSE DOE # 8,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 8,** Deceased )
)
**SPOUSE DOE # 8,** in her own right as the Wife of )
**DECEDENT DOE # 8,** Deceased )
)
**MOTHER DOE # 9,** in her own right and as the )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 9,** Deceased )
)

**FATHER DOE # 9**, in his own right as the Father of **DECEDENT DOE # 9**, Deceased )

**FATHER DOE # 10**, in his own right and as Representative of the **ESTATE OF DECEDENT DOE # 10**, Deceased )

**MOTHER DOE # 10**, in her own right as the Mother of **DECEDENT DOE # 10**, Deceased )

**SPOUSE DOE # 11**, in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 11**, Deceased )

**FATHER DOE # 12**, in his own right and as Representative of the **ESTATE OF DECEDENT DOE # 12**, Deceased )

**FATHER DOE # 13**, in his own right and as Representative of the **ESTATE OF DECEDENT DOE # 13**, Deceased )

**MOTHER DOE # 13**, in her own right as the Mother of **DECEDENT DOE # 13**, Deceased )

**BROTHER DOE # 13**, in his own right as the Brother of **DECEDENT DOE # 13**, Deceased )

**SPOUSE DOE # 14**, in her own right and on behalf of the Minor Children of **DECEDENT DOE # 14**, Deceased )

**MOTHER DOE # 15**, in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 15**, Deceased )

**FATHER DOE # 15**, in his own right as the Father of **DECEDENT DOE # 15**, Deceased )

**SISTER DOE # 16**, in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 16**, Deceased )

**SISTER DOE # 16**, in her own right as the Sister of **DECEDENT DOE # 16**, Deceased )

**MOTHER DOE # 16**, in her own right as the Mother of **DECEDENT DOE # 16**, Deceased )

**BROTHER DOE # 16**, in his own right as the )

Brother of **DECEDENT DOE # 16,** Deceased )

**SPOUSE DOE # 17,** in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 17,** Deceased )

**SON DOE # 17,** in his own right as the Son of **DECEDENT DOE # 17,** Deceased )

**JOHN DOE # 18,** in his own right as an Injured Party )

**JANE DOE # 19,** in her own right as an Injured Party )

**SPOUSE DOE # 20,** in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 20,** Deceased )

**SPOUSE DOE # 21,** in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 21,** Deceased )

**SPOUSE DOE # 22,** in her own right, on behalf of the Minor Children, and as Representative of the **ESTATE OF DECEDENT DOE # 22,** Deceased )

**JOHN DOE # 23,** in his own right as an Injured Party )

**SPOUSE DOE # 23,** in her own right as the Wife of **JOHN DOE #23,** an Injured Party. )

**SON DOE # 23,** in his own right as the Son of **JOHN DOE #23,** an Injured Party. )

**SON DOE # 23,** in his own right as the Son of **JOHN DOE #23,** an Injured Party. )

**SPOUSE DOE # 24,** in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 24,** Deceased )

**SON DOE # 24,** in his own right as the Son of **DECEDENT DOE # 24,** Deceased )

**SON DOE # 24,** in his own right as the Son of **DECEDENT DOE # 24,** Deceased )

**SPOUSE DOE # 25,** on behalf of the Minor Children of **DECEDENT DOE # 25,** Deceased )
)
)
**FATHER DOE # 26,** in his own right and as Representative of the **ESTATE OF DECEDENT DOE # 26,** Deceased )
)
)
)
**MOTHER DOE # 26,** in her own right as the Mother of **DECEDENT DOE # 26,** Deceased )
)
)
**SPOUSE DOE # 27,** in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 27,** Deceased )
)
)
)
**SON DOE # 27,** in his own right as the Son of **DECEDENT DOE # 27,** Deceased )
)
)
**SON DOE # 27,** in his own right as the Son of **DECEDENT DOE # 27,** Deceased )
)
)
**FATHER DOE # 28,** in his own right and as Representative of the **ESTATE OF DECEDENT DOE # 28,** Deceased )
)
)
)
**MOTHER DOE # 28,** in her own right as the Mother of **DECEDENT DOE # 28,** Deceased )
)
)
**SISTER DOE # 28,** in her own right as the Sister of **DECEDENT DOE # 28,** Deceased )
)
)
**SISTER DOE # 28,** in her own right as an Injured Party )
)
)
**MOTHER DOE # 28,** in her own right and as the Mother of **SISTER DOE # 28,** an Injured Party )
)
)
**FATHER DOE # 28,** in his own right as the Father of **SISTER DOE # 28,** an Injured Party )
)
)
**SPOUSE DOE # 29,** in her own right and as Representative of the **ESTATE OF DECEDENT DOE # 29,** Deceased )
)
)
)
**SON DOE # 29,** in his own right as the Son of **DECEDENT DOE # 29,** Deceased )
)
)
**DAUGHTER DOE # 29,** in her own right as the Daughter of **DECEDENT DOE # 29,** Deceased )
)
)
SON DOE # 29, in his own right as the Son of )

**DECEDENT DOE # 29,** Deceased )
)
)
**SISTER DOE # 30,** in her own right as the Sister of )
**DECEDENT DOE # 30,** Deceased )
)
**MOTHER DOE # 30,** in her own right as the )
Mother of **DECEDENT DOE # 30,** Deceased )
)
**BROTHER DOE # 30,** in his own right as the )
Brother of **DECEDENT DOE # 30,** Deceased )
)
**SISTER DOE # 30,** in her own right as the Sister of )
**DECEDENT DOE # 30,** Deceased )
)
**SISTER DOE # 31,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 31,** Deceased )
)
**BROTHER DOE # 31,** in his own right as the )
Brother of **DECEDENT DOE # 31,** Deceased )
)
**MOTHER DOE # 31,** in her own right as the )
Mother of **DECEDENT DOE # 31,** Deceased )
)
**FATHER DOE # 32,** in his own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 32,** Deceased )
)
**MOTHER DOE # 32,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 32,** Deceased )
)
**SPOUSE DOE # 33,** in his own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 33,** Deceased )
)
**SPOUSE DOE # 34,** in her own right and as )
Representative of the **ESTATE OF DECEDENT** )
**DOE # 34,** Deceased )
)
**SISTER DOE # 35,** in her own right as the Sister of )
**DECEDENT DOE # 35,** Deceased )
)
**SISTER DOE # 36,** in her own right as the Sister of )
**DECEDENT DOE # 36,** Deceased )
)
**SISTER DOE # 37,** in her own right as the Sister of )
**DECEDENT DOE # 37,** Deceased )
)

**SPOUSE DOE # 38,** in his own right and as Representative of the **ESTATE OF DECEDENT DOE # 38,** Deceased )

**BROTHER DOE # 39,** in his own right as the Brother of **DECEDENT DOE # 39,** Deceased )

**FATHER DOE # 39,** in his own right as the Father of **DECEDENT DOE # 39,** Deceased )

**MOTHER DOE # 39,** in her own right as the Mother of **DECEDENT DOE # 39,** Deceased )

**SISTER DOE # 39,** in her own right as the Sister of **DECEDENT DOE # 39,** Deceased )

**BROTHER DOE # 40,** in his own right as the Brother of **DECEDENT DOE # 40,** Deceased )

**BROTHER DOE # 40,** in his own right as the Brother of **DECEDENT DOE # 40,** Deceased )

**WIFE DOE # 41** in her own right as the Wife and on behalf of the Minor Children of **DECEDENT DOE # 41**, Deceased )

**SISTER DOE # 41** in her own right as the Sister of **DECEDENT DOE # 41**, Deceased )

**SISTER DOE # 41** in her own right as the Sister of **DECEDENT DOE # 41**, Deceased )

**JOHN & JANE DOE #42 THRU #200** )

**Plaintiffs,** )

**vs.** )

**AL BARAKA INVESTMENT AND DEVELOPMENT CORPORATION,** a/k/a AL BARAKA BANK, a/k/a DALLAH ALBARAKA GROUP, LLC )

**NATIONAL COMMERCIAL BANK** )

**FAISAL ISLAMIC BANK** )

**AL RAJHI BANKING AND INVESTMENT,** a/k/a AL RAJHI BANK )

**AL BARAKAAT EXCHANGE LLC,** a/k/a AL- )

BARAKAAT BANK )
)
**DAR AL MAAL AL ISLAMI** )
)
**AL SHAMAL ISLAMIC BANK,** a/k/a SHAMEL BANK, a/k/a BANK EL SHAMAR )
)
)
**INTERNATIONAL ISLAMIC RELIEF ORGANIZATION,** a/k/a ISLAMIC RELIEF ORGANIZATION, a/k/a INTERNATIONAL RELIEF ORGANIZATION, a/k/a SUCCESS FOUNDATION )
)
**SUCCESS FOUNDATION, INC.** )
)
**MOHAMED S. OMEISH** )
)
**ABDURAHMAN ALAMOUDI** )
)
**KHALED NOURI** )
)
**SULAIMAN AL-ALI** )
)
**ABDULLAH M. AL-MAHDI** )
)
**TAREQ M. AL-SWAIDAN** )
)
**ABDUL AL-MOSLAH** )
)
**SALAH BADAHDH** )
)
**ABDULLAH BIN SALEH AL OBAID** )
)
**HASSAN A.A. BAHFZALLAH** )
)
**M. YAQUB MIRZA** )
)
**SANABEL AL KHEER, INC.,** a/k/a THE SANA-BELL, INC., a/k/a SANABEL AL KHAIR, a/k/a SANABIL AL-KHAIR )
)
**MUSLIM WORLD LEAGUE,** a/k/a RABITA AL-ALAM AL-ISLAMI, a/k/a ISLAMIC WORLD LEAGUE )
)
**MUSLIM WORLD LEAGUE OFFICES** )
)
**ABDULLAH BIN SALEH AL-OBAID** )
)
**HASSAN A.A. BAHAFZALLAH** )

YAQUB M. MIRZA )
SAAR FOUNDATION, a/k/a SAAR NETWORK )
ABU SULAYMAN )
AHMED TOTONJI )
HISHAM AL-TALIB )
IQBAL YUNUS )
JAMAL BARZINJI )
M. OMAR ASHRAF )
MOHAMMED JAGHLIT )
MUHAMMAD ASHRAF )
TAHA JABER AL-ALWANI )
TARIK HAMDI )
YAQUB MIRZA )
SHERIF SEDKY )
AFRICAN MUSLIM AGENCY )
ARADI, INC. )
GROVE CORPORATE, INC. )
HERITAGE EDUCATION TRUST )
INTERNATIONAL INSTITUTE OF ISLAMIC THOUGHT )
MAR-JAC INVESTMENTS, INC. )
MAR-JAC POULTRY, INC. )
MENA CORPORATION )
RESTON INVESTMENTS, INC. )
SAAR INTERNATIONAL )

**SAFA TRUST** )

**STERLING CHARITABLE GIFT FUND** )

**STERLING MANAGEMENT GROUP, INC.** )

**YORK FOUNDATION** )

**RABITA TRUST** )

**AL-HARAMAIN ISLAMIC FOUNDATION, INC.,** A/K/A AL-HARAMAIN ISLAMIC FOUNDATION, a/k/a ISLAMIC AL-HARAMAIN )

**AL HARAMAIN FOUNDATION** )

**AL HARAMAIN ISLAMIC FOUNDATION, INC.** )

**AQEEL ABDUL-AZEEL AL-AQEEL** )

**MANSOUR AL-KADI** )

**SOLIMAN H.S. AL-BUTHE** )

**PEROUZ SEDA GHATY** )

**BENEVOLENCE INTERNATIONAL FOUNDATION,** a/k/a AL BIR AL DAWALIA, a/k/a AL BIR SOCIETY ORGANIZATION )

**BENEVOLENCE INTERNATIONAL FOUNDATION – USA** )

**BENEVOLENCE INTERNATIONAL FOUNDATION – CANADA** )

**SYED SULEMAN AHMER** )

**ENAAM MAHMOUD ARNAOUT a/k/a ABDEL SAMIA a/k/a ABU MAHMOUD** )

**MAZIN M.H. BAHARETH** )

**SHAHIR ABDULRAOOF BATTERJEE** )

**ZAHIR H. KAZMI** )

**MUZAFFAR KHAN** )

**SOLIMAN J. KHUDEIRA**
**JAMAL NYRABEH** )

**WORLD ASSEMBLY OF MUSLIM YOUTH,** a/k/a WAMY INTERNATIONAL, INC., WORLD ASSOCIATION FOR MUSLIM YOUTH )

**WAMY INTERNATIONAL, INC.** )

**ABDULLAH BIN LADEN** )

**IBRAHIM S. ABDULLAH** )

**MOHAMMAD BIN FARIS** )

**DR. MAHMOUD DAKHIL** )

**OSAMA BIN LADEN** )

**SAUDI BIN LADEN GROUP,** a/k/a BIN LADEN CORPORATION )

**TARIK BIN LADEN** )

**KHALID BIN SALIM BIN MAHFOUZ** )

**ABDULRAHMAN BIN KHALID BIN MAHFOUZ** )

**SALEH ABDULLAH KAMEL** )

**MOHAMMED AL FAISAL AL SAUD** )

**TURKI AL FAISAL AL SAUD** )

**SULTAN BIN ABDUL AZIZ AL SAUD** )

**SULAIMAN BIN ABDUL AZIZ AL RAJHI** )

**SALEH ABDUL AZIZ AL RAJHI** )

**ABDULLAH SULAIMAN AL-RAJHI** )

**KHALID SULAIMAN AL-RAJHI** )

**YASSIN ABDULLAH AL KADI** )

**MOHAMMAD JAMAL AL KHALIFA** )

**ADEL ABDUL JALIL BATTERJEE** )

AQUEEL AL-AQUEEL )
ABDULLAH BIN SALEH AL OBAID )
ABDUL RAHMAN AL SWAILEM )
WA'EL HAMZA JALAIDAN )
ABDULLAH OMAR NASEEF )
THE REPUBLIC OF SUDAN, )

**Defendants.**

## INTRODUCTION

With the September 11 attacks on the United States, the once abstract and distant threat of terrorism has become a daily fact of life for every American. The ongoing threat of terrorism has been permanently lodged in the psyche of every civilized person in this nation. This new reality calls for action. In response to this act of barbarism, Plaintiffs herein respond with the collective voice of civilization, and ask for justice under the rule of law.

It is the tradition of a civilized nation to allow redress for wrongs through an appeal to the rule of law and justice. Law is at the foundation of civilization, thus it is particularly fitting that the rule of law respond to an attack of savagery. For it is the rule of law, and the voices of freedom, that separate civilization from barbarism and anarchy. The rule of law is a powerful weapon to be drawn upon in difficult times and to be forged in our defense. The United States system of justice and the American people have faced enemies more powerful than these terrorists and their sponsors, and will do so again. In doing so, Plaintiffs invoke the rule of law to hold those who promoted, financed, sponsored, or otherwise materially supported the acts of the barbarism and terror inflicted on September 11, 2001, accountable for their deeds. By taking vigorous legal action against the financial sponsors of terror, the Plaintiffs will force the sponsors of terror into the light and subject them to the rule of law.

This civil action seeks to hold those responsible for a more subtle and insidious form of terrorism, that which attempts to hide behind the facade of legitimacy. These entities, cloaked in a thin veil of legitimacy, were and are the true enablers of terrorism. The financial resources and support network of these Defendants – charities, banks, and individual financiers – are what allowed the attacks of September 11, 2001 to occur. Terrorists like Osama bin Laden and his al Qaeda network cannot plan, train and act on a massive scale without significant financial power, coordination and backing. Defendants herein, some of whom act in the shadows, are ultimately responsible for the damages caused by the actions of their terrorist agents and clients.

On September 20, 2001, President George W. Bush addressed a joint session of Congress and made clear the Nation will fight the war on terrorism on all available fronts. The lines drawn on that day were diplomatic, military, political, legal and financial. The war on terrorism is also very personal to the Plaintiffs herein. Congress responded to the call to war by fashioning the Patriot Act of 2001, which strengthens the prior legal rights of individual citizens to pursue justice and punishment against the perpetrators of terror. Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism, (The USA Patriot Act, Title X, 2001). The Patriot Act itself was the culmination of decades of precedent setting judicial decisions and statutory enactments that gave individuals enlarged rights to seek redress and compensation for damages from the sponsors of terrorism. When viewed as a whole, these executive, legislative and judicial actions vastly empower individual victims of terrorism to seek, win and enforce justice. As one United States court recently stated, "[t]he only way to imperil the flow of money and discourage the financing of terrorist acts is to impose liability on those who knowingly and interntionally supply the funds to the persons who commit the violent acts." Boim v. Quranic Literacy Institute, et al., 2002 WL 1174558 (7th Cir. Ill.).

Plaintiffs herein assert federal common law and statutory claims as available to victims' surviving spouses, children, siblings, parents, and legal representatives. In addition to common law causes of action, claims are brought pursuant to the Foreign Sovereign Immunities Act 28 U.S.C. § 1605(a)(2); § 1605(a)(5); and § 1605 (a)(7) with Pub. L. 104-208, Div. A. Title I, § 1605 note (West Supp.)(Flatow Amendment); Torture Victim Protection Act, Pub. La. 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note (West 1993); Alien Tort Claim Act, 28 U.S.C. § 1350; and the Anti Terrorism Claims Act, 18 U.S.C. § 2333, *et. seq.* This Complaint includes claims brought by both United States citizens and foreign nationals. Congress' enactment of these terrorist-related statutes set forth herein evidences legislative intent for accountability and provides these victims a forum for that accountability. In addition to compensation, these legal actions can also punish and deter future acts of terrorism.[1]

The USA Patriot Act of 2001 was enacted to "deter and punish terrorist acts in the United States and around the world, to enhance law enforcement investigatory tools, and for other purposes." USA Patriot Act of 2001, Title X, § 1001. Congress, by enacting the USA Patriot Act, reinforced this legislative intention to enable victims the ability to deter and punish terrorists acts in the United States and around the world. The Act makes this message clear:

> All Americans are united in condemning, in the strongest possible terms, the terrorists who planned and carried out the attacks against the United States on September 11, 2001, and in pursuing all those responsible for those attacks and their sponsors until they are brought to justice.

USA Patriot Act of 2001, Title X, § 1002 (emphasis added).

[1] Moreover, the Victim's Compensation Fund is not a bar to terrorist suits. Kenneth Feinberg, Special Master for the Victim's Compensation Fund has stated publicly that Nations harboring terrorists, or promoting terrorism, can be sued by those participated in the Fund. The Department of Justice, Office of Attorney General has also reiterated victims' rights to pursue actions against terrorists: A claimant who files for compensation waives any right to file a civil action (or to be a party to an action) in any federal or state court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001, *except* for actions to recover collateral source obligations *or civil actions against any person who is a knowing participant in any conspiracy to hijack any aircraft or to commit any terrorist act.*

The armed forces of the United State have won a crushing initial victory, in what promises to be a long war on terror. The victims and families of the September 11th attacks should also be able to play their part against the enemies that hide behind the cloak of legitimacy. The monetary lifeblood of the Defendants must be redirected to the ends of religious and political tolerance rather than be allowed to continue to sponsor and foster terror and butchery. The United States civil justice system is a necessary and crucial part of this endeavor.

Osama bin Laden and his sponsors, promoters, financers, co-conspirators, aiders and abetters in the September 11, 2001, terrorist acts are fundamentally rooted in an illegitimate perversion of Islam. The charitable, financial, religious, and political networks that front terror – the Defendant banks, charities, financial and business institutions – are responsible for the death and injuries of September 11th, 2001. These Defendants, who aided, abetted, sponsored, conspired to sponsor, financed or otherwise provided material support to Osama bin Laden and al Qaeda must be held accountable.

The actions of certain members of the Saudi Royal family are implicated in the September 11th attacks, and are directly at issue in this case. Osama bin Laden is a naturalized Saudi Arabian whose family still has close ties to the inner circles of the monarchy. Royal denials notwithstanding, Saudi money has for years been funneled to encourage radical anti-Americanism as well as to fund the al Qaeda terrorists. Saudi Arabian money has financed terror while its citizens have promoted and executed it. It is no coincidence that immediately following the September 11th attacks, members of the bin Laden family were whisked away from the United States to Saudi Arabia, at a time when commercial aviation was shut down.

Saudi Arabia's cash infusions to Muslim communities in America ensure that perverse fundamentalism takes hold in the United States. "The Saudis are active at every level of the

terror chain, from planners to financiers, from cadre to foot-soldier, from ideologist to cheerleader," according to a briefing presented July 10, 2002 to the Defense Policy Board, a group of prominent intellectuals and former senior officials that advises the Department of Defense on policy. "Saudi Arabia supports our enemies and attacks our allies," continued the briefing, reportedly prepared by a Rand Corporation analyst. The group in power in Saudi Arabia blocks avenues of change, represses advocates of change, and promotes a culture of violence. This culture of violence is the prime enabler of terrorism. Wahhabism purports to loathe modernity, capitalism, human rights, religious freedom, and an open society – yet those in power live an extravagant, decadent lifestyle as they profess austerity and practice oppression. Ironically, the Defendants herein are the facilitators of terror who use our system while trying to destroy it.

## A Short History of al Qaeda

> **We have not reached parity with them yet. We have the right to kill four million Americans-two million of them children-and to exile twice as many and wound and cripple hundreds of thousands. Furthermore, it is our right to fight them with chemical and biological weapons. America is kept at bay by blood alone. . .**

Al Qaeda spokesman Suleiman Abu Gheith, June 12, 2002

In or around 1989, Osama bin Laden formed al Qaeda, which means "the Base" or "the Vanguard" in Arabic, into an international terrorist group with the aim of opposing non-Islamic governments with violence. Included in Bin Laden's edict was a call for the overthrow of those Islamic states that were considered to be too secular, or too beholden to the West, in the eyes of Osama bin Laden. Another founding goal of al Qaeda was to drive the American armed forces out of the Saudi Arabian peninsula and Somalia. The al Qaeda organization brought together a large number of Arab fighters that had fought in Afghanistan against Soviet invaders to defend their fellow Muslims. Up to five thousand Saudis, three thousand Yemenis, two thousand

Algerians, two thousand Egyptians, four hundred Tunisians, three hundred Iraqis, two hundred Libyans, and numerous Jordanians served alongside the Afghans in attempting to oust the Russians.

Osama bin Laden went to Afghanistan just after the Soviet invasion in 1979. He became a prime financier, recruiter, and military leader of the Mujahedeen groups. He advertised all over the Arab world for young Muslims to come fight in Afghanistan against the Soviets and set up recruiting offices all over the world, including in the United States and Europe. These recruiting offices were often run under the auspices of the Saudi charities which were taking donations from wealthy Saudi families and businessmen. These charities operated in the United States, Europe, Asia, Africa, and the Middle East. Charities became an essential part of the support system to Osama bin Laden, providing the financial resources that enabled them to wage war. The Saudi charitable institutions raised these funds in part through a system of Islamic tithing known as zakat. Zakat, as one of the pillars of Islam, calls for faithful Muslims to give a specified percentage on certain properties to certain classes of needy people. Cash funds held in possession for one year require a two and a half percent zakat payment to a charity which manages the donations. However, the intended recipients of the zakat were perverted as radical Islamic fundamentalist grew.

Osama bin Laden paid for the transportation of the new recruits to Afghanistan with some of his personal fortune, and set up camps there to train them. The Afghan government donated land and resources, while Osama bin Laden brought in experts from all over the world on guerilla warfare, sabotage, and covert operations. Within a little over a year, he had thousands of volunteers in training in his private military camps. After the defeat of the Soviets, these religiously radical and militaristic holy warriors spread out over the world to their countries of

origin. Steeped in the bloody perversion of Jihad for many years, they were not inclined to let go of the militant life they had grown accustomed to during the war. Many took up the radical Islamic cause in their home countries with the aim of destabilizing and overthrowing the more secular Arab regimes, for not enforcing a "pure" form of Islam.

One thousand of Osama bin Laden's faithfuls returned to Algeria where they began a nine-year civil war. Those returning to Egypt joined the Gamaa Islamiya and the Egyptian Jihad groups determined to overthrow the government of that country. As many as two hundred of these radical fundamentalists settled in New York and New Jersey within the United States; some of these were later implicated in terrorist plots such as the 1993 World Trade Center bombing.[2] When Pakistan cracked down on its population of al Qaeda, many of them fled to Asia and joined radical Islamic groups in the Philippines such as the Abu Sayyaf group. Likewise, some returned to Central Asia to continue the fight against the Russians in Tajikistan, or to other areas such as Bosnia and Chechnya where Muslims were embroiled in conflicts. By this time, Osama bin Laden's funding network was in place, and served as a template for the creation and growth of the al Qaeda network. Osama bin Laden simply tapped into the same network formed through his Mujahedeen connections and incorporated those militant individuals and groups under the umbrella title al Qaeda.

After being "expelled" from Saudi Arabia in 1991, and allegedly "disowned" by his own family for his extremist actions, Osama bin Laden moved to Khartoum, the capital of Sudan. Here he continued to recruit former fundamentalist warriors into the ranks of al Qaeda and offer them employment. In addition to seasoned recruits, new volunteers to his radical cause were given military training and sponsorship in special camps set up there. Soon he had set up

[2] An admitted al Qaeda operative Ramzi Yousef was convicted on murder and conspiracy charges for his role in the plot to topple the trade center's two 110-story towers to punish the United States for its support of Israel.

factories and farms established for the purpose of supplying jobs to those he had recruited. Osama bin Laden built roads and other infrastructure for the Sudanese government with his construction company, al-Hijrah Construction and Development Ltd. Osama bin Laden's money built the airport at Port Sudan, as well as a highway linking Khartoum to Port Sudan. These projects helped to establish and strengthen Osama bin Laden's relationship with the Sudanese regime. His import-export firm, Wadi Al-Aqiq, began doing brisk business. His Taba Investment Company Ltd. flourished while his agriculture company bought up huge plots of land. The Al-Shamal Islamic Bank, in which Osama bin Laden invested $50 million, helped finance all of these thriving companies, as well as the growing al Qaeda presence within Sudan.

For five years, terrorist training activities fueled by these economic developments continued, while Osama bin Laden lived in Khartoum under the protection of the Sudanese regime. In 1996, the Sudanese government bowed to pressure from the United States and requested that Osama bin Laden leave the country. He moved back to Afghanistan as an honored guest of the Taliban. For the next five years, with the aiding and abetting of the Defendants herein, he continued to fund the terrorist training camps that filled the ranks of al Qaeda and served as bases from which to plan new attacks against America and the West.

Soon after 1989, al Qaeda members began international terrorist attacks. The first such attack was against the United Nations forces in Somalia on October 3 and 4 of 1993, in which 18 American servicemen were killed. These terrorists used the military techniques learned in training camps of al Qaeda. Osama bin Laden and al Qaeda also plotted the first terrorist attacks against the World Trade Center in 1993, and a plan in 1995 (code named Project Bojinka) to blow up twelve American airliners simultaneously. The backup plan for Project Bojinka was to hijack planes and use them as missiles against prominent American landmarks such as the World

Trade Center, the White House, and the CIA headquarters in Langley, Virginia. Al Qaeda was also involved in the Khobar towers bombing in Riyadh, Saudi Arabia in which five American servicemen were killed in November 1995. After this attack inside Osama bin Laden's native Saudi Arabia, a group of prominent Saudi's met in Paris where they conspired to pay off Osama bin Laden and his al Qaeda group to ensure that al Qaeda would never attack within the borders of the Saudi Kingdom again. This protection money served to safeguard Saudi Arabia, but also to enlarge the power of Osama bin Laden and al Qaeda. This plot served to embolden the terrorist leader and his ambition. In 1998, Osama bin Laden and al Qaeda orchestrated an attack on the United States embassies in the East African countries of Kenya and Tanzania. These explosions resulted in two-hundred ninety-one deaths and over five-thousand injuries. The attack on the U.S.S. Cole in Yemen in October of 2000 then followed, with the brutal attacks on September 11th, 2001 thereafter. Osama bin Laden has publicly and proudly proclaimed direct responsibility for these multiple atrocities.

These direct attacks on Americans intensified in 1998 after bin Laden issued this "fatwah," stating:

> We -- with God's help -- call on every Muslim who believes in God and wishes to be rewarded to comply with God's order to kill the Americans and plunder their money wherever and whenever they find it. We also call on Muslim ulema, leaders, youths, and soldiers to launch the raid on Satan's U.S. troops and the devil's supporters allying with them, and to displace those who are behind them so that they may learn a lesson.

These words provide a telling insight into how Osama bin Laden treats the world. Having not left the intellectual era of the crusades, in this world view the Middle East is the holy ground on which a battle of the three major religions should be waged. According to Islamic fundamentalist vision, a Judeo-Christian alliance has evolved which aims to conquer the holy places of Mecca, Medina, and Jerusalem. In this distortion of reality, this alliance is responsible

for the violence surrounding Muslims throughout history and the modern world. In line with this world view, Osama bin Laden attempts to use terror to show his fellow Muslims that the "enemies" or infidels of Islam can be eliminated. Toward this end, Osama bin Laden has proclaimed his intention to obtain biological, chemical, and nuclear weapons to wage war.

Terrorism is closely related to genocide, differing only in scope. The same legal rationale for holding those responsible for facilitating genocide in role of industrialists and bankers in Nazi Germany applies to financiers and perpetrators of international terrorism responsible for September 11th, 2001. Although this is a civil action for damages that draws upon specific United States statutory enactments aimed at civil remedies for international terrorism (as opposed to criminal complaint) it nevertheless draws upon the historic precedent and legacy of the Nuremberg Industrialists cases. See e.g., Trials of War Criminals before Nuremberg Military Tribunals Under Control Council Law #10 Nuremberg, October 1946 - April 1949; Washington D.C.:GPO, 1949-1953; National Archives Record Group 238, M887. Those cases make clear that responsibility for genocide, and by implication its contemporary offshoot of massive terrorism, as exemplified by the attacks of September 11, rests not only with those who pull the trigger or plant the bomb or man the airplanes, but with those who facilitated those events through financial or other means. The legal challenge ahead is profound, but the Plaintiffs respectfully ask this Honorable Court to draw upon the many precedents in history and in law.

Today's vehemence comes from a perversion of Saudi Arabia's sect of Islam, known as Wahabbism. Wahabbism is a fundamentalist Islamic sect founded by Mohammad Ibn Abdul-Wahhab in the 18th century. Abdul-Wahhab sought to rid Islam of the corruptions that he believed had crept into the religion from both within and without the Muslim world. His doctrine reverted to a strictly literal interpretation of the Koran which strove to directly implement the

commands of the prophet Mohammed. Therefore, Wahhabism, in Abdul-Wahhab's view, became the sole source of legitimate Islamic thought and action. (However, Wahhab was not a direct descendent of the prophet Mohammad, raising serious questions about this legitimacy.) In direct contradistinction to the civilized Arab world - 500 million strong - al Qaeda and its radical fringe refuse to move beyond ancient ideologies. The Wahhabi rebellions of the nineteenth and twentieth centuries establishing the power of the sect in Arabia were defined by their violence and brutality. As the sect took power, the Al Saud family united with the Wahhabi movement, eventually making it the "official" form of Islam practiced in Saudi Arabia. Hence, the intimate if tenuous relationship.

In recent decades, certain sects of Wahhabism have become even more virulent toward Western civilization, extolling the virtues of martyrdom for the sake of saving Islam. For example, inflammatory Khutbahs (sermons) given by the Khateeb (cleric) Salaah Al-Budair in the Mosques of Mecca and Medina in August 2001 warn of the imminent threat the West poses to Islamic civilization:

> Fellow Muslims! We are nowadays confronted with a relentless war waged by the materialistic western civilization and culture that burns its producers and afflicts them with calamities, misery, immorality, disruption, suicide, and all kinds of evils...it is a civilization that races towards creating all means of trouble, disturbance, and destruction.

Al-Budair also emphasizes the greatness of offering to die as a martyr:

> Today we Muslims and indeed the entire world can witness the greatness of martyrdom being illustrated in the uprising in Palestine in general and the Al-Aqsaa in particular. This kind of stance, which revives the magnitude and virtues of martyrdom in the heart of the Muslim nation, is exactly what we need at this time. It is vital that the Muslims exert every effort to spread the love for achieving martyrdom just like the pious early generations of Muslims did. We must continue on the same road that they were on, which is that of our Prophet, and indeed all the prophets before him, in order to support our religion and defeat our enemies.

> Revive the importance of martyrdom and reawaken the spirit of seeking it! Instill the virtues of it in the hearts and minds by all methods possible. Our country [Saudi Arabia] has set an example in supporting this and donating generously in its cause from all different sections of the community. . .

Al-Budair finishes up these sermons by justifying the suicide bombings:

> The Jews are described in the Book of Allah as those who distort words and facts and quote them out of context and this is what they and their supporters from the tyrant regimes all over the world are currently doing. They use false terminology to misguide, confuse, and deceive. What your brothers are committing in Al-Aqsaa are not acts of mindless violence, but rather it is a blessed uprising to resist and curtail the Jewish oppression and aggression: this is a legal right which all religions, ideologies and international laws recognize. Nobody could deny this fact except the ignorant, arrogant, or evildoers.

Such are the perverse Wahabbi sermons as currently preached to inspire young men to join forces with Osama bin Laden in his war against the West. As the former head of counter-terrorism for the FBI and head of security for the World Trade Center at the time of the attacks, John O'Neill, said: All the answers, everything needed to dismantle Osama bin Laden's organization can be found in Saudi Arabia. The hate-filled ideology of Al-Budair confirms O'Neill's judgement that the ideological and financial essence of al Qaeda, that led to the September 11th, 2001 terrorist attacks, stems from Saudi Arabia.

This Complaint is brought pursuant to Rule 42 of the Federal Rules of Civil Procedure, which allows consolidation where actions involve common questions of law or fact. The Plaintiffs herein – United States citizens and citizens of foreign nations – include mothers, fathers, wives, husbands, children, sisters and brothers of those killed or injured on September 11, 2001, from each attack, on all four of the doomed flights, at both Towers of the World Trade Center, inside the Pentagon, and in Shanksville, Pennsylvania. These Plaintiffs seek full, just, timely compensation and punitive damages as appropriate. Because of the enormity and sometimes complex nature of Defendants' collective and individual acts giving rise to liability,

Plaintiffs herein have provided a detailed explanation of the facts currently known, which provide an abundant basis for this civil action.

## JURISDICTION AND VENUE

1. Jurisdiction arises pursuant to 28 U.S.C. §§ 1330(a), 1331 and 1332(a)(2), and 18 U.S.C. § 2388. Jurisdiction also arises based on defendants' violations of 28 U.S.C. §§ 1605(a)(2), 1605(a)(5) and (a)(7) (the Foreign Sovereign Immunities Act), 28 U.S.C. § 1350 ("Alien Tort Act"), the Torture Victim Protection Act, PL 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note (West 1993)), and 18 U.S.C. §2333. Plaintiffs allege that both personal and federal question jurisdiction exist and arise pursuant to these laws and statutes.

2. As herein alleged, actions for wrongful death, permanent personal injury, trauma, loss of consortium, companionship, survival, and related torts perpetrated by foreign states, such as The Republic of Sudan, through its agencies, instrumentalities, its officials, employees and/or agents, fall within the exceptions to jurisdictional immunity under 28 U.S.C. §§ 1605(a)(5) and 1605(a)(7).

3. Venue is both proper and convenient in this District pursuant to 28 U.S.C. §§ 1391(d) and 1391(f)(4).

## PARTIES

## PLAINTIFFS

4. Plaintiff **Thomas Burnett, Sr.** is a resident of the State of Minnesota and is the Father of **Thomas E. Burnett, Jr. Thomas Burnett, Sr.** brings this action on his own behalf as the Father of **Thomas E. Burnett, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

5. Plaintiff **Beverly Burnett** is a resident of the State of Minnesota and is the Mother of **Thomas E. Burnett, Jr. Beverly Burnett** brings this action on her own behalf as the

Mother of **Thomas E. Burnett, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

6. Plaintiff **Deena Burnett** is a resident of the State of Arkansas and is the surviving Wife of **Thomas E. Burnett, Jr.**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of United Airlines Flight 93 in a field in Shanksville, Pennsylvania on September 11, 2001. **Thomas E. Burnett, Jr.** was on board Flight 93, a non-stop flight from Newark to San Francisco. As a result of calls made during the course of the hijacking, the passengers and crew of Flight 93 planned and executed a counter-attack on the hijackers that prevented the destruction of a fourth American landmark and undoubtedly saved the lives of many other American citizens.

7. Plaintiff Deena Burnett is the Representative of the Estate of Thomas E. Burnett, Jr.

8. Plaintiff **Deena Burnett** brings this action on her own behalf, on behalf of the **Estate of Thomas E. Burnett, Jr.** and on behalf of the Minor Children of **Thomas E. Burnett, Jr.** **Deena Burnett** is entitled to recover damages on the causes of action set forth herein.

9. Plaintiff **Mary Margaret Jurgens** is a resident of the State of Minnesota and is the Sister of **Thomas E. Burnett, Jr.** **Mary Margaret Jurgens** brings this action on her own behalf as the Sister of **Thomas E. Burnett, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

10. Plaintiff **Martha Burnett O'Brien** is a resident of the State of Minnesota and is the Sister of **Thomas E. Burnett, Jr.** **Martha Burnett O'Brien** brings this action on her own behalf as the Sister of **Thomas E. Burnett, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

11. Plaintiff **William Doyle, Sr.** is a resident of the State of New York and is the surviving Father of **Joseph M. Doyle**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Joseph M. Doyle** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

12. Plaintiff **William Doyle, Sr.** brings this action on his own behalf as the Father of **Joseph M. Doyle**, and is entitled to recover damages on the causes of action set forth herein.

13. Plaintiff **Camille Doyle** is a resident of the State of New York and is the Mother of **Joseph M. Doyle**. **Camille Doyle** brings this action on her own behalf as the Mother of **Joseph M. Doyle**, and is entitled to recover damages on the causes of action set forth herein.

14. Plaintiff **William Doyle, Jr.** is a resident of the State of New York and is the Brother of **Joseph M. Doyle**. **William Doyle, Jr.** brings this action on his own behalf as the Brother of **Joseph M. Doyle**, and is entitled to recover damages on the causes of action set forth herein.

15. Plaintiff **Doreen Lutter** is a resident of the State of New York and is the Sister of **Joseph M. Doyle**. **Doreen Lutter** brings this action on her own behalf as the Sister of **Joseph M. Doyle**, and is entitled to recover damages on the causes of action set forth herein.

16. Plaintiff **Dr. Stephen Alderman** is a resident of the State of New York and is the surviving Father of **Peter Craig Alderman**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Peter Craig Alderman** was employed by Bloomberg L.P., located on the 106th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

17. Plaintiff Dr. Stephen Alderman is the Co-Representative of the Estate of Peter Craig Alderman.

18. Plaintiff **Dr. Stephen Alderman** brings this action on his own behalf and as the Co-Representative of the **Estate of Peter Craig Alderman**. **Dr. Stephen Alderman** is entitled to recover damages on the causes of action set forth herein.

19. Plaintiff Elizabeth Alderman is the Co-Representative of the Estate of Peter Craig Alderman.

20. Plaintiff **Elizabeth Alderman** is a resident of the State of New York and is the Mother of **Peter Craig Alderman**. **Elizabeth Alderman** brings this action on her own behalf as the Mother of **Peter Craig Alderman**, and is entitled to recover damages on the causes of action set forth herein.

21. Plaintiff **Jane Alderman** is a resident of the Commonwealth of Virginia and is the Sister of **Peter Craig Alderman**. **Jane Alderman** brings this action on her own behalf as the Sister of **Peter Craig Alderman,** and is entitled to recover damages on the causes of action set forth herein.

22. Plaintiff **Yvonne V. Abdool** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Yvonne V. Abdool** was employed by Frenkel & Company, Inc., located on the 36th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

23. Plaintiff **Yvonne V. Abdool** brings this action on her own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

24. Plaintiff **Alfred Acquaviva** is a resident of the State of New Jersey and is the surviving Father of **Paul Andrew Acquaviva**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Paul Andrew Acquaviva** was employed by Cantor Fitzgerald, Espeed Division, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

25. Plaintiff **Alfred Acquaviva** brings this action on his own behalf as the Father of **Paul Andrew Acquaviva**, and is entitled to recover damages on the causes of action set forth herein.

26. Plaintiff **Josephine Acquaviva** is a resident of the State of New Jersey and is the Mother of **Paul Andrew Acquaviva**. **Josephine Acquaviva** brings this action on her own behalf as the Mother of **Paul Andrew Acquaviva,** and is entitled to recover damages on the causes of action set forth herein.

27. Plaintiff **Kara Hadfield** is a resident of the State of New Jersey and is the Sister of **Paul Andrew Acquaviva**. **Kara Hadfield** brings this action on her own behalf as the Sister of **Paul Andrew Acquaviva,** and is entitled to recover damages on the causes of action set forth herein.

28. Plaintiff **Jessica Murrow-Adams** is a resident of the State of New York and is the surviving Wife of **Stephen George Adams**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Stephen George Adams** was employed by Windows on the World, located on the 107th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

29. Plaintiff Jessica Murrow-Adams is the Representative of the Estate of Stephen George Adams.

30. Plaintiff **Jessica Murrow-Adams** brings this action on her own behalf and as the Representative of the **Estate of Stephen George Adams**. **Jessica Murrow-Adams** is entitled to recover damages on the causes of action set forth herein.

31. Plaintiff **Stephen Jezycki** is a resident of the State of New York and is the surviving Father of **Margaret Alario**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Margaret Alario** was employed by Zurich American Insurance, located on the 90th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

32. Plaintiff **Stephen Jezycki** brings this action on his own behalf as the Father of **Margaret Alario**, and is entitled to recover damages on the causes of action set forth herein.

33. Plaintiff **James Alario** is a resident of the State of New York and is the Husband of **Margaret Alario**. **James Alario** brings this action on his own behalf and on behalf of the Minor Children of **Margaret Alario,** and is entitled to recover damages on the causes of action set forth herein.

34. Plaintiff **Catherine Jezycki** is a resident of the State of New York and is the Mother of **Margaret Alario**. **Catherine Jezycki** brings this action on her own behalf as the Mother of **Margaret Alario,** and is entitled to recover damages on the causes of action set forth herein.

35. Plaintiff **Karium Ali** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on

September 11, 2001. **Karium Ali** was employed by Metro Care Ambulance as an EMT, New York, New York.

36. Plaintiff **Karium Ali** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

37. Plaintiff **Jennifer D'Auria** is a resident of the State of New York and is the surviving Daughter of **Joseph R. Allen**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Joseph R. Allen** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

38. Plaintiff **Jennifer D'Auria** is the Co-Representative of the **Estate of Joseph R. Allen.**

39. Plaintiff **Jennifer D'Auria** brings this action on her own behalf and as the Co-Representative of the **Estate of Joseph R. Allen**. **Jennifer D'Auria** is entitled to recover damages on the causes of action set forth herein.

40. Plaintiff Michael J. Allen is the Co-Representative of the Estate of Joseph R. Allen.

41. Plaintiff **Michael J. Allen** is a resident of the State of New York and is the Son of **Joseph R. Allen**. **Michael J. Allen** brings this action on his own behalf as the Son of **Joseph R. Allen**, and is entitled to recover damages on the causes of action set forth herein.

42. Plaintiff **Jocelyne Ambroise** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jocelyne Ambroise** was employed by Union Bank of California

International, located on the 14th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

43. Plaintiff **Jocelyne Ambroise** brings this action on her own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

44. Plaintiff **Philipson Azenabor** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Philipson Azenabor** was employed by Summit Securities, located in the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

45. Plaintiff **Philipson Azenabor** brings this action on his own behalf as the injured party, and is entitled to recover damages on the causes of action set forth herein.

46. Plaintiff **John P. Baeszler** is a resident of the State of New York and is the surviving Brother of **Jane Ellen Baeszler**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jane Ellen Baeszler** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

47. Plaintiff John P. Baeszler is the Representative of the Estate of Jane Ellen Baeszler.

48. Plaintiff **John P. Baeszler** brings this action on his own behalf and as the Representative of the **Estate of Jane Ellen Baeszler**. **John P. Baeszler** is entitled to recover damages on the causes of action set forth herein.

49. Plaintiff **Mary Barbieri** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Mary Barbieri** was employed by Kramer & DeVrus.

50. Plaintiff **Mary Barbieri** brings this action on her own behalf as an injured party. She is entitled to recover damages on the causes of action set forth herein

51. Plaintiff **Armando Bardales** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Armando Bardales** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

52. Plaintiff **Armando Bardales** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

53. Plaintiff **Kevin W. Barry** is a resident of the State of Texas and is the surviving Son of **Diane Barry**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Diane Barry** was employed by AON Risk Management Corporation, located on the 93rd floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

54. Plaintiff **Kevin W. Barry** brings this action on his own behalf as the Son of **Diane Barry**, and is entitled to recover damages on the causes of action set forth herein.

55. Plaintiff **Gila Barzvi** is a resident of the State of New York and is the surviving Mother of **Guy Barzvi**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Guy Barzvi** was employed by Cantor Fitzgerald, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

56. Plaintiff **Gila Barzvi** is the Representative of the **Estate of Guy Barzvi.**

57. Plaintiff **Gila Barzvi** brings this action on her own behalf and as the Representative of the **Estate of Guy Barzvi**. **Gila Barzvi** is entitled to recover damages on the causes of action set forth herein.

58. Plaintiff **Arie Barzvi** is a resident of the State of New York and is the Father of **Guy Barzvi**. **Arie Barzvi** brings this action on his own behalf as the Father of **Guy Barzvi**, and is entitled to recover damages on the causes of action set forth herein.

59. Plaintiff **John Benedetto** is a resident of the State of New York and is the Ex-Husband of **Denise Lenore Benedetto**. **John Benedetto** brings this action on behalf of the Minor Children of **Denise Lenore Benedetto**, and is entitled to recover damages on the causes of action set forth herein.

60. Plaintiff **Rina Rabinowitz** is a resident of the Commonwealth of Pennsylvania and is the Sister of **Denise Lenore Benedetto**. **Rina Rabinowitz** brings this action on her own behalf as the Sister of **Denise Lenore Benedetto**, and is entitled to recover damages on the causes of action set forth herein.

61. Plaintiff **Maria Giordano** is a resident of the State of New York and is the surviving Mother of **Denise Lenore Benedetto**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Denise Lenore Benedetto** was employed by AON Risk Management Corporation, located on the 100th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

62. Plaintiff **Maria Giordano** brings this action on her own behalf as the Mother of **Denise Lenore Benedetto**. **Maria Giordano** is entitled to recover damages on the causes of action set forth herein.

63. Plaintiff **Michael Giordano** is a resident of the State of New York and is the Brother of **Denise Lenore Benedetto**. **Michael Giordano** brings this action on his own behalf as the Brother of **Denise Lenore Benedetto**, and is entitled to recover damages on the causes of action set forth herein.

64. Plaintiff **Ondina Bennett** is a resident of the State of Connecticut and is the surviving Mother of **Bryan Craig Bennett**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Bryan Craig Bennett** was employed by Cantor Fitzgerald, Espeed Division, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

65. Plaintiff Ondina Bennett is the Representative of the Estate of Bryan Craig Bennett.

66. Plaintiff **Ondina Bennett** brings this action on her own behalf and as the Representative of the **Estate of Bryan Craig Bennett**. **Ondina Bennett** is entitled to recover damages on the causes of action set forth herein.

67. Plaintiff **Frances Berdan** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Frances Berdan** was employed by Union Bank of California, International, located on the 14th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

68. Plaintiff **Frances Berdan** brings this action on her own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

69. Plaintiff **Pra Kash Bhatt** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on

September 11, 2001. **Pra Kash Bhatt** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

70. Plaintiff **Pra Kash Bhatt** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

71. Plaintiff **Miles Bilcher** is a resident of the State of New York and is the surviving Father of **Brian Bilcher**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Brian Bilcher** was employed by the New York Fire Department.

72. Plaintiff **Miles Bilcher** brings this action on his own behalf as the Father of **Brian Bilcher**, and is entitled to recover damages on the causes of action set forth herein.

73. Plaintiff **Irene Bilcher** is a resident of the State of New York and is the Mother of **Brian Bilcher**. **Irene Bilcher** brings this action on her own behalf as the Mother of **Brian Bilcher**, and is entitled to recover damages on the causes of action set forth herein.

74. Plaintiff **Boris Belilovsky** is a resident of the State of New York and is the surviving Husband of **Helen Belilovsky**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Helen Belilovsky** was employed by Fred Alger Management, located on the 93rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

75. Plaintiff **Boris Belilovsky** brings this action on his own behalf as the Husband and on behalf of the Minor Child of **Helen Belilovsky**. **Boris Belilovsky** is entitled to recover damages on the causes of action set forth herein.

76. Plaintiff **Emma Tisnovskiy** is a resident of the State of New York and is the Mother of **Helen Belilovsky.** **Emma Tisnovskiy** brings this action on her own behalf as the

Mother of **Helen Belilovsky**, and is entitled to recover damages on the causes of action set forth herein.

77. Plaintiff **Leonid Tisnovskiy** is a resident of the State of New York and is the Father of **Helen Belilovsky. Leonid Tisnovskiy** brings this action on his own behalf as the Father of **Helen Belilovsky**, and is entitled to recover damages on the causes of action set forth herein.

78. Plaintiff **Rostyslav Tisnovskiy** is a resident of the State of New York and is the Brother of **Helen Belilovsky. Rostyslav Tisnovskiy** brings this action on his own behalf as the Brother of **Helen Belilovsky**, and is entitled to recover damages on the causes of action set forth herein.

79. Plaintiff **Basmattie Bishundat** is a resident of the State of Maryland and is the surviving Mother of **Kris Romeo Bishundat**, decedent, who was killed as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. **Kris Romeo Bishundat** was at the Pentagon at the time of the attack.

80. Plaintiff Basmattie Bishundat is the Co-Representative of the Estate of Kris Romeo Bishundat.

81. Plaintiff **Basmattie Bishundat** brings this action on her own behalf and as the Co-Representative of the **Estate of Kris Romeo Bishundat. Basmattie Bishundat** is entitled to recover damages on the causes of action set forth herein.

82. Plaintiff Bhola P. Bishundat is the Co-Representative of the Estate of Kris Romeo Bishundat.

83. Plaintiff **Bhola P. Bishundat** is a resident of the State of Maryland and is the Father of **Kris Romeo Bishundat. Bhola P. Bishundat** brings this action on his own behalf as

the Father of **Kris Romeo Bishundat**, and is entitled to recover damages on the causes of action set forth herein.

84. Plaintiff **Krystyna Boryczewski** is a resident of the State of New Jersey and is the surviving Mother of **Martin Boryczewski**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Martin Boryczewski** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

85. Plaintiff Krystyna Boryczewski is the Representative of the Estate of Martin Boryczewski.

86. Plaintiff **Krystyna Boryczewski** brings this action on her own behalf and as the Representative of the **Estate of Martin Boryczewski**. **Krystyna Boryczewski** is entitled to recover damages on the causes of action set forth herein.

87. Plaintiff **Michele Boryczewski** is a resident of the State of New Jersey and is the Sister of **Martin Boryczewski**. **Michele Boryczewski** brings this action on her own behalf as the Sister of **Martin Boryczewski**, and is entitled to recover damages on the causes of action set forth herein.

88. Plaintiff **Michael Boryczewski** is a resident of the Commonwealth of Pennsylvania and is the Father of **Martin Boryczewski**. **Michael Boryczewski** brings this action on his own behalf as the Father of **Martin Boryczewski**, and is entitled to recover damages on the causes of action set forth herein.

89. Plaintiff **Julia Boryczewski** is a resident of the State of New Jersey and is the Sister of **Martin Boryczewski**. **Julia Boryczewski** brings this action on her own behalf as the

Sister of **Martin Boryczewski**, and is entitled to recover damages on the causes of action set forth herein.

90. Plaintiff **Nelly Braginskaya** is a resident of the State of New York and is the surviving Mother of **Alexander Brakinsky**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Alexander Braginsky** was employed by Reuters, located on the 106th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

91. Plaintiff Nelly Braginskaya is the Representative of the Estate of Alexander Braginsky.

92. Plaintiff **Nelly Braginskaya** brings this action on her own behalf and as the Representative of the **Estate of Alexander Braginsky**. **Nelly Braginskaya** is entitled to recover damages on the causes of action set forth herein.

93. Plaintiff **Eduardo E. Bruno** is a resident of the Commonwealth of Virginia and suffered injuries as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. He was at the Pentagon at the time of the attack.

94. Plaintiff **Eduardo E. Bruno** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein

95. Plaintiff **Ernst H. Buck** is a resident of the State of New York and is the surviving Father of **Gregory Buck,** decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City. **Gregory Buck** was employed by the New York Fire Department and was located in the South Tower of the World Trade Center, Two World Trade Center, New York, New York, after the attack occurred.

96. Plaintiff **Eric Buck** is a resident of the State of New York and is the Brother of **Gregory Buck**. **Eric Buck** brings this action on his own behalf as the Brother of **Gregory Buck**, and is entitled to recover damages on the causes of action set forth herein.

97. Plaintiff **Ernst H. Buck** brings this action on his own behalf as the Father of **Gregory Buck**, and is entitled to recover damages on the causes of action set forth herein.

98. Plaintiff **Josephine Buck** is a resident of the State of New York and is the Mother of **Gregory Buck**. **Josephine Buck** brings this action on her own behalf as the Mother of **Gregory Buck**, and is entitled to recover damages on the causes of action set forth herein.

99. Plaintiff **Julio Caceres** is a resident of the State of New York and is the surviving Husband of **Lillian Caceres**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Lillian Caceres** was employed by Marsh & McClennan USA, located on the 97th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

100. Plaintiff **Julio Caceres** brings this action on his own behalf and on behalf of the Minor Child of **Lillian Caceres**. **Julio Caceres** is entitled to recover damages on the causes of action set forth herein.

101. Plaintiff **Steven T. Campbell** is a resident of the State of New York and is the surviving Husband of **Jill Marie Campbell**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jill Marie Campbell** was employed by Baseline Financial Services, located on the 78th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

102. Plaintiff Steven T. Campbell is the Representative of the Estate of Jill Marie Campbell.

103. Plaintiff **Steven T. Campbell** brings this action on his own behalf, on behalf of the Minor Child, and as the Representative of the **Estate of Jill Marie Campbell**. **Steven T. Campbell** is entitled to recover damages on the causes of action set forth herein.

104. Plaintiff **Jeanne M. Maurer** is a resident of the State of New York and is the Mother of **Jill Marie Campbell**. **Jeanne M. Maurer** brings this action on her own behalf as the Mother of **Jill Marie Campbell**, and is entitled to recover damages on the causes of action set forth herein.

105. Plaintiff **Linda Maurer** is a resident of the State of New York and is the Sister of **Jill Marie Campbell**. **Linda Maurer** brings this action on her own behalf as the Sister of **Jill Marie Campbell**, and is entitled to recover damages on the causes of action set forth herein.

106. Plaintiff **Joseph Maurer** is a resident of the State of New York and is the Father of **Jill Marie Campbell**. **Joseph Maurer** brings this action on his own behalf as the Father of **Jill Marie Campbell**, and is entitled to recover damages on the causes of action set forth herein.

107. Plaintiff **Margaret Canavan** is a resident of the State of New York and is the surviving Mother of **Sean Canavan**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Sean Canavan** was employed by Installation Resources as a contracted carpenter, located on the 98th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

108. Plaintiff **Margaret Canavan** is the Representative of the **Estate of Sean Canavan.**

109. Plaintiff **Margaret Canavan** brings this action on her own behalf as the Representative of the **Estate of Sean Canavan**. **Margaret Canavan** is entitled to recover damages on the causes of action set forth herein.

110. Plaintiff **Thomas Canavan** is a resident of the State of New York and is the Father of **Sean Canavan**. **Thomas Canavan** brings this action on his own behalf as the Father of **Sean Canavan**, and is entitled to recover damages on the causes of action set forth herein.

111. Plaintiff **Rosemary Celine Traynor** is a resident of Ireland and is the Sister of **Sean Canavan**. **Rosemary Celine Traynor** brings this action on her own behalf as the Sister of **Sean Canavan**, and is entitled to recover damages on the causes of action set forth herein.

112. Plaintiff **Teresa McCaffery** is a resident of Ireland and is the Sister of **Sean Canavan**. **Teresa McCaffery** brings this action on her own behalf as the Sister of **Sean Canavan**, and is entitled to recover damages on the causes of action set forth herein.

113. Plaintiff **Kathleen McKeon** is a resident of the State of New York and is the Sister of **Sean Canavan**. **Kathleen McKeon** brings this action on her own behalf as the Sister of **Sean Canavan**, and is entitled to recover damages on the causes of action set forth herein.

114. Plaintiff **Ciaran Canavan** is a resident of the State of New York and is the Brother of **Sean Canavan**. **Ciaran Canavan** brings this action on his own behalf as the Brother of **Sean Canavan**, and is entitled to recover damages on the causes of action set forth herein.

115. Plaintiff **Teresa Difato** is a resident of the State of New York and is the Mother of **Lisa Cannava**. **Teresa Difato** brings this action on her own behalf as the Mother of **Lisa Cannava**, and is entitled to recover damages on the causes of action set forth herein.

116. Plaintiff **Antonio Difato** is a resident of the State of New York and is the surviving Father of **Lisa Cannava**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Lisa Cannava** was employed by Carr Futures, Inc., located on the 92nd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

117. Plaintiff **Antonio Difato** brings this action on his own behalf as the Father of **Lisa Cannava**. **Antonio Difato** is entitled to recover damages on the causes of action set forth herein.

118. Plaintiff **Suzan Cayne** is a resident of the State of New Jersey and is the surviving Mother of **Jason David Cayne**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jason David Cayne** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

119. Plaintiff **Suzan Cayne** brings this action on her own behalf as the Mother of **Jason David Cayne**. **Suzan Cayne** is entitled to recover damages on the causes of action set forth herein.

120. Plaintiff **Jordan Cayne** is a resident of the State of New Jersey and is the Father of **Jason David Cayne**. **Jordan Cayne** brings this action on his own behalf as the Father of **Jason David Cayne**, and is entitled to recover damages on the causes of action set forth herein.

121. Plaintiff **Nageswararao Chalasani** is a resident of the State of New York and is the surviving Father of **Swarna Chalasani**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Swarna Chalasani** was employed by Fiduciary Trust, Inc., located on the 94th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

122. Plaintiff **Nageswararao Chalasani** brings this action on his own behalf as the Father of **Swarna Chalasani**. **Nageswararao Chalasani** is entitled to recover damages on the causes of action set forth herein.

123. Plaintiff **Nicholas M. Chiarchiaro, Sr.**, is a resident of the State of New Jersey and is the surviving Husband of **Dorothy J. Chiarchiaro**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Dorothy J. Chiarchiaro** was employed by Fred Alger Management, located on the 93rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

124. Plaintiff Nicholas M. Chiarchiaro, Sr. is the Representative of the Estate of the Dorothy J. Chiarchiaro.

125. Plaintiff **Nicholas M. Chiarchiaro, Sr.** brings this action on his own behalf and as the Representative of the **Estate of Dorothy J. Chiarchiaro. Nicholas M. Chiarchiaro, Sr.** is entitled to recover damages on the causes of action set forth herein.

126. Plaintiff **Nicholas J. Chiarchiaro** is a resident of the State of New Jersey and is the Son of **Dorothy J. Chiarchiaro**. **Nicholas J. Chiarchiaro** brings this action on his own behalf as the Son of **Dorothy J. Chiarchiaro**, and is entitled to recover damages on the causes of action set forth herein.

127. Plaintiff **Lisa Sokol** is a resident of the State of New Jersey and is the Daughter of **Dorothy J. Chiarchiaro**. Plaintiff **Lisa Sokol** brings this action on her own behalf as the Daughter of **Dorothy J. Chiarchiaro**, and is entitled to recover damages on the causes of action set forth herein.

128. Plaintiff **Lynne Cillo-Capaldo** is a resident of the State of New Jersey and is the surviving Sister of **Elaine Cillo**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Elaine Cillo** was employed by Marsh & McClennan USA, located on the 97th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

129. Plaintiff Lynne Cillo-Capaldo is the Representative of the Estate of Elaine Cillo.

130. Plaintiff **Lynne Cillo-Capaldo** brings this action on her own behalf and as the Representative of the **Estate of Elaine Cillo**. **Lynne Cillo-Capaldo** is entitled to recover damages on the causes of action set forth herein.

131. Plaintiff **Nunzi C. Cillo** is a resident of the State of New York and is the Father of **Elaine Cillo**. **Nunzi C. Cillo** brings this action on his own behalf as the Father of **Elaine Cillo**, and is entitled to recover damages on the causes of action set forth herein.

132. Plaintiff **Gary Cillo** is a resident of the State of New York and is the Brother of **Elaine Cillo**. **Gary Cillo** brings this action on his own behalf as the Brother of **Elaine Cillo**, and is entitled to recover damages on the causes of action set forth herein.

133. Plaintiff **Sharron L. Clemons** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Sharron L. Clemons** was employed as an Assistant Director of Social Services, and was located at the World Trade Center at the time of the attacks.

134. Plaintiff **Sharron L. Clemons** brings this action on her own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

135. Plaintiff **Martin J. Collins** is a resident of the State of New Jersey and is the surviving Father of **John Michael Collins**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John Michael Collins** was employed by the New York Fire Department.

136. Plaintiff Martin J. Collins is the Representative of the Estate of John Michael Collins.

137. Plaintiff **Martin J. Collins** brings this action on his own behalf as the Representative of the **Estate of John Michael Collins**. **Martin J. Collins** is entitled to recover damages on the causes of action set forth herein.

138. Plaintiff **Martin Collins** is the Brother of **John Michael Collins**, and brings this action on his own behalf as the Brother of **John Michael Collins. Martin Collins** is entitled to recover damages on the causes of action set forth herein.

139. Plaintiff **Patricia Amo** is the Sister of **John Michael Collins**, and brings this action on her own behalf as the Sister of **John Michael Collins. Patricia Amo** is entitled to recover damages on the causes of action set forth herein.

140. Plaintiff **Eileen Byrne** is the Sister of **John Michael Collins**, and brings this action on her own behalf as the Sister of **John Michael Collins. Eileen Byrne** is entitled to recover damages on the causes of action set forth herein.

141. Plaintiff **Anne Collins Lemanski** is the Sister of **John Michael Collins**, and brings this action on her own behalf as the Sister of **John Michael Collins. Anne Collins Lemanski** is entitled to recover damages on the causes of action set forth herein.

142. Plaintiff **Cornelius P. Clancy III** is the surviving Brother of **Susan Clancy Conlon**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Susan Clancy Conlon** was employed by Bank of America and was located in the North Tower of the World Trade Center, One World Trade Center, New York, New York.

143. Plaintiff **Cornelius P. Clancy III** brings this action on his own behalf as the Brother of **Susan Clancy Conlon**, and is entitled to recover damages on the causes of action set forth herein.

144. Plaintiff **Kevin S. Clancy** is the Brother of **Susan Clancy Conlon. Kevin S. Clancy** brings this action on his own behalf as the Brother of **Susan Clancy Conlon**, and is entitled to recover damages on the causes of action set forth herein.

145. Plaintiff **Vera Clancy** is the Mother of **Susan Clancy Conlon. Vera Clancy** brings this action on her own behalf as the Mother of **Susan Clancy Conlon**, and is entitled to recover damages on the causes of action set forth herein.

146. Plaintiff **Lawrence Cubas** is a resident of the State of New York and is the surviving Brother of **Kenneth J. Cubas**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Kenneth J. Cubas** was employed by Fiduciary Trust International, located on the 97th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

147. Plaintiff **Lawrence Cubas** brings this action on his own behalf as the Brother of **Kenneth J. Cubas**, and is entitled to recover damages on the causes of action set forth herein.

148. Plaintiff **Dorothy Cubas** is a resident of the State of New York and is the Mother of **Kenneth J. Cubas**. **Dorothy Cubas** brings this action on her own behalf as the Mother of **Kenneth J. Cubas**, and is entitled to recover damages on the causes of action set forth herein.

149. Plaintiff **Alfonso Cubas, Jr.** is a resident of the State of New York and is the Brother of **Kenneth J. Cubas**. **Alfonso Cubas, Jr.** brings this action on his own behalf as the Brother of **Kenneth J. Cubas**, and is entitled to recover damages on the causes of action set forth herein.

150. Plaintiff **Grace D'Esposito** is a resident of the State of New Jersey and is the surviving Wife of **Michael Jude D'Esposito**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michael**

**Jude D'Esposito** was contracted as a self-employed computer programming consultant by Marsh & McClennan USA, located on the 96th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

151. Plaintiff **Grace D'Esposito** brings this action on her own behalf as the Wife of **Michael Jude D'Esposito**, and is entitled to recover damages on the causes of action set forth herein.

152. Plaintiff **Ralph D'Esposito** is a resident of the State of New York and is the Father of **Michael Jude D'Esposito**. **Ralph D'Esposito** brings this action on his own behalf as the Father of **Michael Jude D'Esposito**, and is entitled to recover damages on the causes of action set forth herein.

153. Plaintiff **Selena Dack Forsyth** is a resident of Canada and is the surviving Mother of **Caleb Arron Dack**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Caleb Arron Dack** was employed by Encompus, Inc., located on the 106th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

154. Plaintiff **Selena Dack Forsyth** brings this action on her own behalf as the Mother of **Caleb Arron Dack**, and is entitled to recover damages on the causes of action set forth herein.

155. Plaintiff **Francis L. Danahy, Jr.** is a resident of the State of Connecticut and is the surviving Father of **Patrick William Danahy**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Patrick William Danahy** was employed by Fiduciary Trust International, located on the 90th

floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

156. Plaintiff **Francis L. Danahy, Jr.** brings this action on his own behalf as the Father of **Patrick William Danahy**, and is entitled to recover damages on the causes of action set forth herein.

157. Plaintiff **Mary-Anne Dwyer Danahy** is a resident of the State of Connecticut and is the Mother of **Patrick William Danahy**. **Mary-Anne Dwyer Danahy** brings this action on her own behalf as the Mother of **Patrick William Danahy**, and is entitled to recover damages on the causes of action set forth herein.

158. Plaintiff **Michael Francis Danahy** is a resident of the State of New York and is the Brother of **Patrick William Danahy**. **Michael Francis Danahy** brings this action on his own behalf as the Brother of **Patrick William Danahy**, and is entitled to recover damages on the causes of action set forth herein.

159. Plaintiff **Maryanne Danahy** is a resident of the State of Georgia and is the Sister of **Patrick William Danahy**. **Maryanne Danahy** brings this action on her own behalf as the Sister of **Patrick William Danahy**, and is entitled to recover damages on the causes of action set forth herein.

160. Plaintiff **John M. Danahy** is a resident of the State of New York and is the Brother of **Patrick William Danahy**. **John M. Danahy** brings this action on his own behalf as the Brother of **Patrick William Danahy**, and is entitled to recover damages on the causes of action set forth herein.

161. Plaintiff **Kathleen A. Danahy Samuelson** is a resident of the State of Connecticut and is the Sister of **Patrick William Danahy**. **Kathleen A. Danahy Samuelson**

brings this action on her own behalf as the Sister of **Patrick William Danahy**, and is entitled to recover damages on the causes of action set forth herein.

162. Plaintiff **Denise Danahy Duffy** is a resident of the State of North Carolina and is the Sister of **Patrick William Danahy**. **Denise Danahy Duffy** brings this action on her own behalf as the Sister of **Patrick William Danahy**, and is entitled to recover damages on the causes of action set forth herein.

163. Plaintiff **Amy Waters Davidson** is a resident of the State of New York and is the Ex-Wife of **Scott Davidson**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Scott Davidson** was employed by the New York Fire Department.

164. Plaintiff Amy Waters Davidson is the Representative of the Estate of Scott Davidson.

165. Plaintiff **Amy Waters Davidson** brings this action on behalf of the **Estate of Scott Davidson** and on behalf of his Minor Children. **Amy Waters Davidson** is entitled to recover damages on the causes of action set forth herein.

166. Plaintiff **Stephen Davidson** brings this action on his own behalf as the Father of **Scott Davidson**, and is entitled to recover damages on the causes of action set forth herein.

167. Plaintiff **Carla DiMaggio** is a resident of the State of New York and is the Mother of **Scott Davidson**. **Carla DiMaggio** brings this action on her own behalf as the Mother of **Scott Davidson**, and is entitled to recover damages on the causes of action set forth herein.

168. Plaintiff **Michael Davidson** is a resident of the State of New York and is the Brother of **Scott Davidson**. **Michael Davidson** brings this action on his own behalf as the

Brother of **Scott Davidson**, and is entitled to recover damages on the causes of action set forth herein.

169. Plaintiff **Joaquim T. DeAraujo** is a resident of the Commonwealth of Massachusetts and is the surviving Son of **Dorothy A. DeAraujo**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of United Airlines Flight 175 into the World Trade Center Towers on September 11, 2001. **Dorothy A. DeAraujo** was on board Flight 175, a non-stop flight from Boston to Los Angeles.

170. Plaintiff Joaquim T. DeAraujo is the Representative of the Estate of Dorothy A. DeAraujo.

171. Plaintiff **Joaquim T. DeAraujo** brings this action on his own behalf and as the Representative of the **Estate of Dorothy A. DeAraujo**. **Joaquim T. DeAraujo** is entitled to recover damages on the causes of action set forth herein.

172. Plaintiff **Michele DeFazio** is a resident of the State of New York and is the surviving Wife of **Jason DeFazio**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jason DeFazio** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

173. Plaintiff **Michele DeFazio** is the Representative of the **Estate of Jason DeFazio.**

174. Plaintiff **Michele DeFazio** brings this action on her own behalf and as the Representative of the **Estate of Jason DeFazio**. **Michele DeFazio** is entitled to recover damages on the causes of action set forth herein.

175. Plaintiff **James DeFazio** is a resident of the State of New York and is the Father of **Jason DeFazio**. **James DeFazio** brings this action on his own behalf as the Father of **Jason DeFazio**, and is entitled to recover damages on the causes of action set forth herein.

176. Plaintiff **Rose DeFazio** is a resident of the State of New York and is the Mother of **Jason DeFazio**. **Rose DeFazio** brings this action on her own behalf as the Mother of **Jason DeFazio**, and is entitled to recover damages on the causes of action set forth herein.

177. Plaintiff **Michael DeFazio** is a resident of the State of New York and is the Brother of **Jason DeFazio. Michael DeFazio** brings this action on his own behalf as the Brother of **Jason DeFazio**, and is entitled to recover damages on the causes of action set forth herein.

178. Plaintiff **Gricel Moyer** is a resident of the Commonwealth of Massachusetts and is the surviving Mother of **Manuel del Valle, Jr.**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Manuel del Valle, Jr.** was employed by the New York City Fire Department, Engine Company 5, located on the floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

179. Plaintiff **Gricel Moyer** brings this action on her own behalf as the Mother of **Manuel del Valle, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

180. Plaintiff **Antonio Difato** is a resident of the State of New York and is the surviving Father of **John Difato**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John Difato** was employed by Cantor Fitzgerald, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

181. Plaintiff **Antonio Difato** brings this action on his own behalf as the Father of **John Difato**, and is entitled to recover damages on the causes of action set forth herein.

182. Plaintiff **Teresa Difato** is a resident of the State of New York and is the Mother of **John Difato**. **Teresa Difato** brings this action on her own behalf as the Mother of **John Difato**, and is entitled to recover damages on the causes of action set forth herein.

183. Plaintiff **Frank Dominguez** is a resident of the State of New York and is the surviving Brother of **Jerome Dominguez**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jerome Dominguez** was employed by the New York Police Department.

184. Plaintiff **Frank Dominguez** brings this action on his own behalf as the Brother of **Jerome Dominguez**, and is entitled to recover damages on the causes of action set forth herein.

185. Plaintiff **Diane Egan** is a resident of the State of New York and is the surviving Wife of **Martin Egan, Jr.**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Martin Egan, Jr.** was employed by the New York Fire Department.

186. Plaintiff **Diane Egan** brings this action on her own behalf and on behalf of the Minor Children of **Martin Egan, Jr. Diane Egan** is entitled to recover damages on the causes of action set forth herein.

187. Plaintiff **Colleen D'Amato** is a resident of the State of New York and is the Sister of **Martin Egan, Jr. Colleen D'Amato** brings this action on her own behalf as the Sister of **Martin Egan, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

188. Plaintiff **Michael Egan** is a resident of the State of New York and is the Brother of **Martin Egan, Jr.** **Michael Egan** brings this action on his own behalf as the Brother of **Martin Egan, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

189. Plaintiff **Mark Egan** is a resident of the State of New York and is the Brother of **Martin Egan, Jr.** **Mark Egan** brings this action on his own behalf as the Brother of **Martin Egan, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

190. Plaintiff **Martin Egan, Sr.** is a resident of the State of New York and is the Father of **Martin Egan, Jr.** **Martin Egan, Sr.** brings this action on his own behalf as the Father of **Martin Egan, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

191. Plaintiff **Patricia Egan** is a resident of the State of New York and is the Mother of **Martin Egan, Jr.** **Patricia Egan** brings this action on her own behalf as the Mother of **Martin Egan, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

192. Plaintiff **Marlyse Bosley** is a resident of the State of Arizona and is the surviving Sister of **Jose Espinal,** decedant, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001.

193. Plaintiff **Marlyse Bosley** brings this action on her own behalf as the Sister of **Jose Espinal,** and is entitled to recover damages on the causes of action set forth herein.

194. Plaintiff **Dorothy Esposito** is a resident of the State of New York and is the surviving Mother of **Francis Esposito**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Francis Esposito** was employed by the New York Fire Department.

195. Plaintiff **Dorothy Esposito** brings this action on her own behalf as the Mother of **Francis Esposito,** and is entitled to recover damages on the causes of action set forth herein.

196. Plaintiff **Michael Esposito** is a resident of the State of New York and is the Father of **Francis Esposito**. **Michael Esposito** brings this action on his own behalf as the Father of **Francis Esposito**, and is entitled to recover damages on the causes of action set forth herein.

197. Plaintiff **Richard Esposito** is a resident of the State of New York and is the Brother of **Francis Esposito**. **Richard Esposito** brings this action on his own behalf as the Brother of **Francis Esposito**, and is entitled to recover damages on the causes of action set forth herein.

198. Plaintiff **Dominick Esposito** is a resident of the State of New York and is the Brother of **Francis Esposito**. **Dominick Esposito** brings this action on his own behalf as the Brother of **Francis Esposito**, and is entitled to recover damages on the causes of action set forth herein.

199. Plaintiff **Catherine Esposito** is a resident of the State of New York and is the Sister of **Francis Esposito**. **Catherine Esposito** brings this action on her own behalf as the Sister of **Francis Esposito**, and is entitled to recover damages on the causes of action set forth herein.

200. Plaintiff **Vincent Esposito** is a resident of the State of New York and is the Brother of **Francis Esposito**. **Vincent Esposito** brings this action on his own behalf as the Brother of **Francis Esposito**, and is entitled to recover damages on the causes of action set forth herein.

201. Plaintiff **Sam Esposito** is a resident of the State of New York and is the surviving Father of **Michael Esposito**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michael Esposito** was employed by the New York Fire Department.

202. Plaintiff **Sam Esposito** brings this action on his own behalf as the Father of **Michael Esposito,** and is entitled to recover damages on the causes of action set forth herein.

203. Plaintiff **Rose Esposito** is a resident of the State of New York and is the Mother of **Michael Esposito**. **Rose Esposito** brings this action on her own behalf as the Mother of **Michael Esposito**, and is entitled to recover damages on the causes of action set forth herein.

204. Plaintiff **Denise Palazzotto** is a resident of the State of New York and is the Ex-Wife of **Michael Esposito**. **Denise Palazzotto** brings this action on behalf of the Minor Children of **Michael Esposito**, and is entitled to recover damages on the causes of action set forth herein.

205. Plaintiff **Simone Esposito** is a resident of the State of New York and is the Brother of **Michael Esposito**. **Simone Esposito** brings this action on his own behalf as the Brother of **Michael Esposito**, and is entitled to recover damages on the causes of action set forth herein.

206. Plaintiff **Joseph Esposito** is a resident of the State of New York and is the Brother of **Michael Esposito**. **Joseph Esposito** brings this action on his own behalf as the Brother of **Michael Esposito**, and is entitled to recover damages on the causes of action set forth herein.

207. Plaintiff **Sal Esposito** is a resident of the State of New York and is the Brother of **Michael Esposito**. **Sal Esposito** brings this action on his own behalf as the Brother of **Michael Esposito**, and is entitled to recover damages on the causes of action set forth herein.

208. Plaintiff **Frank Esposito** is a resident of the State of New York and is the Brother of **Michael Esposito**. **Frank Esposito** brings this action on his own behalf as the Brother of **Michael Esposito**, and is entitled to recover damages on the causes of action set forth herein.

209. Plaintiff **Frank Fava** is a resident of the State of New York and is the surviving Husband of **Shannon Fava**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Shannon Fava** was employed by Cantor Fitzgerald, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

210. Plaintiff **Frank Fava** brings this action on his own behalf as the Husband of **Shannon Fava**, and is entitled to recover damages on the causes of action set forth herein.

211. Plaintiff **Dennis Nielsen** is the Father of **Shannon Fava**. **Dennis Nielsen** brings this action on his own behalf as the Father of **Shannon Fava**, and is entitled to recover damages on the causes of action set forth herein.

212. Plaintiff **Denise Nielsen** is the Mother of **Shannon Fava**. **Denise Nielsen** brings this action on her own behalf as the Mother of **Shannon Fava**, and is entitled to recover damages on the causes of action set forth herein.

213. Plaintiff **Dennis Nielsen, Jr** is the Brother of **Shannon Fava**. **Dennis Nielsen, Jr** brings this action on his own behalf as the Brother of **Shannon Fava**, and is entitled to recover damages on the causes of action set forth herein.

214. Plaintiff **Teresa Fernandes,** is a resident of the State of New York and is the Wife of **Nyno Fernandes**, an Injured Party. **Nyno Fernandes** was injured as a result of the terrorist attacks on the World Trade Center Towers on September 11, 2001. He was employed by Cantor Fitzgerald on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

215. Plaintiff **Teresa Fernandes** brings this action on her own behalf as the Wife of **Nyno Fernandes,** an Injured Party.

216. Plaintiff **Cathy L. Fersini** is a resident of the State of New Jersey and is the surviving Wife of **Louis V. Fersini, Jr.**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Louis V. Fersini, Jr.** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

217. Plaintiff **Cathy L. Fersini** brings this action on her own behalf as the Wife of **Louis V. Fersini, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

218. Plaintiff **Leileth Foster** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Leileth Foster** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

219. Plaintiff **Leileth Foster** brings this action on her own behalf as an injured party. She is entitled to recover damages on the causes of action set forth herein.

220. Plaintiff **Haven A. Fyfe** is a resident of the Commonwealth of Massachusetts and is the surviving Wife of **Karleton D. Fyfe**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of American Airlines Flight 11 into the World Trade Center Towers on September 11, 2001. **Karleton D. Fyfe** was on board Flight 11, a non-stop flight from Boston to Los Angeles.

221. Plaintiff **Haven A. Fyfe** is the Representative of the **Estate of Karleton D. Fyfe.**

222. Plaintiff **Haven A. Fyfe** brings this action on her own behalf and as the Representative of the **Estate of Karleton D. Fyfe**. **Haven A. Fyfe** is entitled to recover damages on the causes of action set forth herein.

223. Plaintiff **Monica Gabrielle** is a resident of the State of Connecticut and is the surviving Wife of **Richard S. Gabrielle**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Richard S. Gabrielle** was employed by AON Risk Management Corporation, located on the 103rd floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

224. Plaintiff **Monica Gabrielle** brings this action on her own behalf as the Wife of **Richard S. Gabrielle**, and is entitled to recover damages on the causes of action set forth herein.

225. Plaintiff **Peter Gadiel** is a resident of the State of Connecticut and is the surviving Father of **James Gadiel**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **James Gadiel** was employed by Cantor Fitzgerald, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

226. Plaintiff **Peter Gadiel** is the Representative of the **Estate of James Gadiel.**

227. Plaintiff **Peter Gadiel** brings this action on his own behalf and as the Representative of the **Estate of James Gadiel**. **Peter Gadiel** is entitled to recover damages on the causes of action set forth herein.

228. Plaintiff **George Gadiel** is a resident of the State of Connecticut and is the Brother of **James Gadiel**. **George Gadiel** brings this action on his own behalf as the Brother of **James Gadiel**, and is entitled to recover damages on the causes of action set forth herein.

229. Plaintiff **Jennifer Gadiel** is a resident of the State of Connecticut and is the Sister of **James Gadiel**. **Jennifer Gadiel** brings this action on her own behalf as the Sister of **James Gadiel**, and is entitled to recover damages on the causes of action set forth herein.

230. Plaintiff **Joseph A Micciulli** is a resident of the State of New York and is the surviving Father of **James Gadiel**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **James Gadiel** was employed by Cantor Fitzgerald, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

231. Plaintiff **Joseph A Micciulli** is the Father of **Deanna Micciulli Galante. Joseph A. Micciulli** brings this action on his own behalf as the Father of **Deanna Micciulli Galante**, and is entitled to recover damages on the causes of action set forth herein.

232. Plaintiff **Maragaret Micciulli** is the Mother of **Deanna Micciulli Galante. Maragret Micciulli** brings this action on her own behalf as the Mother of **Deanna Micciulli Galante**, and is entitled to recover damages on the causes of action set forth herein.

233. Plaintiff **Tina Maldonado** is the Sister of **Deanna Micciulli Galante. Tina Maldonado** brings this action on her own behalf as the Sister of **Deanna Micciulli Galante**, and is entitled to recover damages on the causes of action set forth herein.

234. Plaintiff **Martin Giovinazzo, Sr.** is a resident of the State of New York and is the surviving Father of **Martin Giovinazzo**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Martin Giovinazzo** was employed by Marsh & McClennan USA, located on the 92nd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

235. Plaintiff **April Gallop** is a resident of the Commonwealth of Virginia and suffered injuries as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. **April Gallop** was at the Pentagon at the time of the attack.

236. Plaintiff **April Gallop** brings this action on her own behalf as an injured party. She is entitled to recover damages on the causes of action set forth herein.

237. Plaintiff **John Gatto** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John Gatto** was at the World Trade Center at the time of the attack.

238. Plaintiff **John Gatto** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

239. Plaintiff **Eleanor Gillette** is the surviving Relative of **Evan Gillette**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Evan Gillette** was employed by Sandler O'Neill & Partners LP, in the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

240. Plaintiff **Eleanor Gillette** is the Representative of the **Estate of Evan Gillette.**

241. Plaintiff **Eleanor Gillette** brings this action on her own behalf and as the Representative of the **Estate of Evan Gillette**. **Eleanor Gillette** is entitled to recover damages on the causes of action set forth herein.

242. Plaintiff **Martin Giovinazzo, Sr.** brings this action on his own behalf as the Father of **Martin Giovinazzo**, and is entitled to recover damages on the causes of action set forth herein.

243. Plaintiff **Domenica Giovinazzo** is a resident of the State of New York and is the Mother of **Martin Giovinazzo**. **Domenica Giovinazzo** brings this action on her own behalf as the Mother of **Martin Giovinazzo**, and is entitled to recover damages on the causes of action set forth herein.

244. Plaintiff **Dorothy Giovinazzo** is a resident of the State of New York and is the Wife of **Martin Giovinazzo**. **Dorothy Giovinazzo** brings this action on her own behalf and on behalf of the Minor Children of **Martin Giovinazzo**, and is entitled to recover damages on the causes of action set forth herein.

245. Plaintiff **Rose Marie Mahoney** is a resident of the State of New York and is the Sister of **Martin Giovinazzo**. **Rose Marie Mahoney** brings this action on her own behalf as the Sister of **Martin Giovinazzo**, and is entitled to recover damages on the causes of action set forth herein.

246. Plaintiff **Concetta Bonner** is a resident of the State of New York and is the Sister of **Martin Giovinazzo**. **Concetta Bonner** brings this action on her own behalf as the Sister of **Martin Giovinazzo**, and is entitled to recover damages on the causes of action set forth herein.

247. Plaintiff **Angela Quinn** is a resident of the State of New York and is the Sister of **Martin Giovinazzo**. **Angela Quinn** brings this action on her own behalf as the Sister of **Martin Giovinazzo**, and is entitled to recover damages on the causes of action set forth herein.

248. Plaintiff **Sali Gjonbalaj** is a resident of the State of New York and is the surviving Son of **Mon Gjonbalaj**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Mon Gjonbalaj** was employed by ABM Industries, located on the 86th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

249. Plaintiff **Sali Gjonbalaj** is the Representative of the **Estate of Mon Gjonbalaj.**

250. Plaintiff **Sali Gjonbalaj** brings this action on his own behalf and as the Representative of the **Estate of Mon Gjonbalaj**. **Sali Gjonbalaj** is entitled to recover damages on the causes of action set forth herein.

251. Plaintiff **Herbert Gladstone** is a resident of the State of New York and is the surviving Husband of **Dianne Gladstone**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Dianne Gladstone** was employed by the New York State Department of Taxation & Finance, located on the 86th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

252. Plaintiff Herbert Gladstone is the Representative of the Estate of Dianne Gladstone.

253. Plaintiff **Herbert Gladstone** brings this action on his own behalf and as the Representative of the **Estate of Dianne Gladstone**. **Herbert Gladstone** is entitled to recover damages on the causes of action set forth herein.

254. Plaintiff **Morris Sonny Goldstein** is a resident of the State of New York and is the surviving Father of **Monica Goldstein**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Monica Goldstein** was employed by Cantor Fitzgerald, located on the 101st floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

255. Plaintiff **Morris Sonny Goldstein** brings this action on his own behalf as the Father of **Monica Goldstein** and on behalf of all heirs of **Monica Goldstein**. **Morris Sonny Goldstein** is entitled to recover damages on the causes of action set forth herein.

256. Plaintiff **Cecilla Goldstein** is a resident of the State of New York and is the Mother of **Monica Goldstein**. **Cecilla Goldstein** brings this action on her own behalf as the Mother of **Monica Goldstein**, and is entitled to recover damages on the causes of action set forth herein.

257. Plaintiff **Adrienne Triggs** is a resident of the State of New York and is the Sister of **Monica Goldstein**. **Adrienne Triggs** brings this action on her own behalf as the Sister of **Monica Goldstein**, and is entitled to recover damages on the causes of action set forth herein.

258. Plaintiff **William Goodchild** is a resident of the Commonwealth of Massachusetts and is the surviving Father of **Lynn Catherine Goodchild**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of United Airlines Flight 175 into the World Trade Center Towers on September 11, 2001. **Lynn Catherine Goodchild** was on board Flight 175, a non-stop flight from Boston to Los Angeles.

259. Plaintiff William Goodchild is the Co-Representative of the Estate of Lynn Catherine Goodchild.

260. Plaintiff **William Goodchild** brings this action on his own behalf and as the Co-Representative of the **Estate of Lynn Catherine Goodchild**. **William Goodchild** is entitled to recover damages on the causes of action set forth herein.

261. Plaintiff Ellen R. Goodchild is the Co-Representative of the Estate of Lynn Catherine Goodchild.

262. Plaintiff **Ellen R. Goodchild** is a resident of the Commonwealth of Massachusetts and is the Mother of **Lynn Catherine Goodchild**. **Ellen R. Goodchild** brings this action on her own behalf as the Mother of **Lynn Catherine Goodchild**, and is entitled to recover damages on the causes of action set forth herein.

263. Plaintiff **Neil K. Goodchild** is a resident of the Commonwealth of Massachusetts and is the Brother of **Lynn Catherine Goodchild** . **Neil K. Goodchild** brings this action on his own behalf as the Brother of **Lynn Catherine Goodchild**, and is entitled to recover damages on the causes of action set forth herein.

264. Plaintiff **Edwin H. Yuen** is a resident of the State of New York and is the surviving Husband of **Cindy Yanzhu Guan**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Cindy Yanzhu Guan** was employed by the New York State Department of Taxation & Finance, located on the 20th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

265. Plaintiff **Edwin H. Yuen** brings this action on his own behalf as the Husband of **Cindy Yanzhu Guan**, and is entitled to recover damages on the causes of action set forth herein.

266. Plaintiff **Anthony Guzzardo** is a resident of the State of New York and is the surviving Husband of **Barbara Guzzardo**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Barbara Guzzardo** was employed by AON Risk Management Corporation, located in the North Tower of the World Trade Center, One World Trade Center, New York, New York.

267. Plaintiff **Anthony Guzzardo** brings this action on his own behalf as the Husband of **Barbara Guzzardo**, and is entitled to recover damages on the causes of action set forth herein.

268. Plaintiff **Eileen A. Hannaford** is a resident of the State of New Jersey and is the surviving Wife of **Kevin James Hannaford**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Kevin James Hannaford** was employed by Cantor Fitzgerald, TradeSpark Division, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

269. Plaintiff Eileen A. Hannaford is the Representative of the Estate of Kevin James Hannaford.

270. Plaintiff **Eileen A. Hannaford** brings this action on her own behalf, on behalf of the Minor Children, and as the Representative of **Kevin James Hannaford. Eileen A. Hannaford** is entitled to recover damages on the causes of action set forth herein.

271. Plaintiff **James T. Hannaford** is a resident of the State of New Jersey and is the Father of **Kevin James Hannaford. James T. Hannaford** brings this action on his own behalf as the Father of **Kevin James Hannaford**, and is entitled to recover damages on the causes of action set forth herein.

272. Plaintiff **Patrick G. Hannaford** is a resident of the State of New Jersey and is the Brother of **Kevin James Hannaford. Patrick G. Hannaford** brings this action on his own behalf as the Brother of **Kevin James Hannaford**, and is entitled to recover damages on the causes of action set forth herein.

273. Plaintiff **Nancy E. Hannaford** is a resident of the State of New Jersey and is the Mother of **Kevin James Hannaford. Nancy E. Hannaford** brings this action on her own behalf as the Mother of **Kevin James Hannaford**, and is entitled to recover damages on the causes of action set forth herein.

274. Plaintiff **Elizabeth Hannaford Saraceno** is a resident of the State of New Jersey and is the Sister of **Kevin James Hannaford. Elizabeth Hannaford Saraceno** brings this action on her own behalf as the Sister of **Kevin James Hannaford**, and is entitled to recover damages on the causes of action set forth herein.

275. Plaintiff **R. Jay Harris** is a resident of the State of New Jersey and is the surviving Father of **Stewart D. Harris**, decedent, who was killed as a result of a terrorist attack

on the World Trade Center Towers in New York City on September 11, 2001. **Stewart D. Harris** was employed by Cantor Fitzgerald, located on the 101st floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

276. Plaintiff **R. Jay Harris** brings this action on his own behalf as the Father of **Stewart D. Harris**, and is entitled to recover damages on the causes of action set forth herein.

277. Plaintiff **Mildred Harris** is a resident of the State of New Jersey and is the Mother of **Stewart D. Harris**. **Mildred Harris** brings this action on her own behalf as the Mother of **Stewart D. Harris**, and is entitled to recover damages on the causes of action set forth herein.

278. Plaintiff **Gail Hoffmann** is a resident of the State of New Jersey and is the surviving Wife of **Frederick Hoffmann**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Frederick Hoffmann** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

279. Plaintiff Gail Hoffmann is the Representative of the Estate of Frederick Hoffmann.

280. Plaintiff **Gail Hoffmann** brings this action on her own behalf as the Representative of **Frederick Hoffmann**. **Gail Hoffmann** is entitled to recover damages on the causes of action set forth herein.

281. Plaintiff **Gail Hoffmann** is a resident of the State of New Jersey and is the surviving Mother of **Michele Hoffmann**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michele**

**Hoffmann** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

282. Plaintiff **Gail Hoffmann** is the Representative of the **Estate of Michele Hoffmann.**

283. Plaintiff **Gail Hoffmann** brings this action on her own behalf as the Representative of **Michele Hoffmann**. **Gail Hoffmann** is entitled to recover damages on the causes of action set forth herein.

284. Plaintiff **Janet Holmes-Alfred** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Janet Holmes-Alfred** was employed as a computer engineer located on the 70th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

285. Plaintiff **Janet Holmes-Alfred** brings this action on her own behalf as an injured party. She is entitled to recover damages on the causes of action set forth herein.

286. Plaintiff **Robin Hohlweck** is a resident of the State of New York and is the surviving Daughter of **Thomas Warren Hohlweck, Jr.**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Thomas Warren Hohlweck, Jr** was employed by AON Risk Management Corporation, located in the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

287. Plaintiff **Robin Hohlweck** brings this action on her own behalf as the Daughter of **Thomas Warren Hohlweck, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

288. Plaintiff **Todd W. Hohlweck** is a resident of the State of New York and is the son of **Thomas Warren Hohlweck, Jr**. **Todd W. Hohlweck** brings this action on his own behalf as the Son of **Thomas Warren Hohlweck, Jr**, and is entitled to recover damages on the causes of action set forth herein.

289. Plaintiff **Randolph T. Hohlweck** is a resident of the State of New York and is the Son of **Thomas Warren Hohlweck, Jr. Randolph T. Hohlweck** brings this action on his own behalf as the Son of **Thomas Warren Hohlweck, Jr**, and is entitled to recover damages on the causes of action set forth herein.

290. Plaintiff **Mary Hrabowska** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Mary Hrabowska** was employed by the New York Metropolitan Transportation Council.

291. Plaintiff **Mary Hrabowska** brings this action on her own behalf as an injured party. She is entitled to recover damages on the causes of action set forth herein.

292. Plaintiff **Jean Hunt** is a resident of the State of New Jersey and suffered injuries as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. **Jean Hunt** was employed by the Office of the Deputy Chief of Staff for Personnel in the Pentagon.

293. Plaintiff **Jean Hunt** brings this action on her own behalf as an injured party. She is entitled to recover damages on the causes of action set forth herein.

294. Plaintiff **William F. Hunt Jr.** is a resident of the State of New Jersey and is the Husband of **Jean Hunt**, an Injured Party. **William F. Hunt, Jr.** brings this action on his own behalf as the Husband of **Jean Hunt**.

295. Plaintiff **Candee J. Maltese** is a resident of the State of New Jersey and is the Daughter of **Jean Hunt**, an Injured Party. **Candee J. Maltese** brings this action on her own behalf as the Daughter of **Jean Hunt**.

296. Plaintiff **Melanie A. Hunt** is a resident of the State of New Jersey and is the Daughter of **Jean Hunt**, an Injured Party. **Melanie A. Hunt** brings this action on her own behalf as the Daughter of **Jean Hunt**.

297. Plaintiff **Beatriz E. Hymel** is a resident of the Commonwealth of Virginia and is the surviving Wife of **Robert Joseph Hymel**, decedent, who was killed as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. **Robert Joseph Hymel** was at the Pentagon at the time of the attack.

298. Plaintiff Beatriz E. Hymel is the Representative of the Estate of Robert Joseph Hymel.

299. Plaintiff **Beatriz E. Hymel** brings this action on her own behalf and as the Representative of the **Estate of Robert Joseph Hymel**. **Beatriz E. Hymel** is entitled to recover damages on the causes of action set forth herein.

300. Plaintiff **Monica Iken** is a resident of the State of New York and is the surviving Wife of **Michael Patrick Iken**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michael Patrick Iken** was employed by Euro Brokers, located on the 84th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

301. Plaintiff Monica Iken is the Representative of the Estate of Michael Patrick Iken.

302. Plaintiff **Monica Iken** brings this action on her own behalf as the Representative of **Michael Patrick Iken**. **Monica Iken** is entitled to recover damages on the causes of action set forth herein.

303. Plaintiff **Gloria Ingrassia** is a resident of the State of New Jersey and is the surviving Mother of **Christopher Noble Ingrassia**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Christopher Noble Ingrassia** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

304. Plaintiff Gloria Ingrassia is the Representative of the Estate of Christopher Noble Ingrassia.

305. Plaintiff **Gloria Ingrassia** brings this action on her own behalf and as the Representative of the **Estate of Christopher Noble Ingrassia. Gloria Ingrassia** is entitled to recover damages on the causes of action set forth herein.

306. Plaintiff **Anthony A. Ingrassia** is a resident of the State of New Jersey and is the Father of **Christopher Noble Ingrassia. Anthony A. Ingrassia** brings this action on his own behalf as the Father of **Christopher Noble Ingrassia**, and is entitled to recover damages on the causes of action set forth herein.

307. Plaintiff **Anthony W. Ingrassia** is a resident of the State of New Jersey and is the Brother of **Christopher Noble Ingrassia. Anthony W. Ingrassia** brings this action on his own behalf as the Brother of **Christopher Noble Ingrassia**, and is entitled to recover damages on the causes of action set forth herein.

308. Plaintiff **Paul B. Ingrassia** is a resident of the State of California and is the Brother of **Christopher Noble Ingrassia. Paul B. Ingrassia** brings this action on his own

behalf as the Brother of **Christopher Noble Ingrassia**, and is entitled to recover damages on the causes of action set forth herein.

309. Plaintiff **Elisa M. Ingrassia** is a resident of the State of New Jersey and is the Sister of **Christopher Noble Ingrassia**. **Elisa M. Ingrassia** brings this action on her own behalf as the Sister of **Christopher Noble Ingrassia**, and is entitled to recover damages on the causes of action set forth herein.

310. Plaintiff **Clifford Jenkins** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Clifford Jenkins** was employed by Fidelity Investments, and was injured on the ground near the World Trade Center, New York, New York.

311. Plaintiff **Clifford Jenkins** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

312. Plaintiff **Joyce L. Johnson** is a resident of the Commonwealth of Virginia and is the surviving Wife of **Dennis M. Johnson**, decedent, who was killed as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. **Dennis M. Johnson** was at the Pentagon at the time of the attack.

313. Plaintiff Joyce L. Johnson is the Representative of the Estate of Dennis M. Johnson.

314. Plaintiff **Joyce L. Johnson** brings this action on her own behalf and as the Representative of the **Estate of Dennis M. Johnson**. **Joyce L. Johnson** is entitled to recover damages on the causes of action set forth herein.

315. Plaintiff **Jennifer E. Josiah** is a resident of the Commonwealth of Virginia and is the surviving Daughter of **Jane Eileen Josiah**, decedent, who was killed as a result of a terrorist

attack on the World Trade Center Towers in New York City on September 11, 2001. **Jane Eileen Josiah** was employed by Fiduciary Trust International, located on the 90th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

316. Plaintiff Jennifer E. Josiah is the Co-Representative of the Estate of Jane Eileen Josiah.

317. Plaintiff **Jennifer E. Josiah** brings this action on her own behalf and as the Co-Representative of the **Estate of Jane Eileen Josiah**. **Jennifer E. Josiah** is entitled to recover damages on the causes of action set forth herein.

318. Plaintiff Kelly C. Josiah is the Co-Representative of the Estate of Jane Eileen Josiah.

319. Plaintiff **Kelly C. Josiah** is a resident of the District of Columbia and is the Daughter of **Jane Eileen Josiah**. **Kelly C. Josiah** brings this action on her own behalf as the Daughter of **Jane Eileen Josiah**, and is entitled to recover damages on the causes of action set forth herein.

320. Plaintiff **Nazam Khan** is a resident of the State of New York and is the surviving Husband of **Sarah Khan**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Sarah Khan** was employed by Forte Food Service, located on the 101st floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

321. Plaintiff **Nazam Khan** brings this action on his own behalf as the Husband of **Sarah Khan**, and is entitled to recover damages on the causes of action set forth herein.

322. Plaintiff **Susanne Kikkenborg** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York

City on September 11, 2001. **Susanne Kikkenborg** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

323. Plaintiff **Susanne Kikkenborg** brings this action on her own behalf as an injured party. She is entitled to recover damages on the causes of action set forth herein.

324. Plaintiff **Vivian Lerner Shoemaker** is a resident of the State of New Jersey and is the Mother of **Alan D. Kleinberg**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Alan D. Kleinberg** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

325. Plaintiff **Vivian Lerner Shoemaker** brings this action on her own behalf as the Mother of **Alan D. Kleinberg**, and is entitled to recover damages on the causes of action set forth herein.

326. Plaintiff **Nancy Knox** is a resident of the State of New Jersey and is the surviving Wife of **Thomas Patrick Knox**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Thomas Patrick Knox** was employed by Canter Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

327. Plaintiff **Nancy Knox** is the Representative of the **Estate of Thomas Patrick Knox.**

328. Plaintiff **Nancy Knox** brings this action on her own behalf as the Representative of **Thomas Patrick Knox**. **Nancy Knox** is entitled to recover damages on the causes of action set forth herein.

329. Plaintiff **Ethel Chamberlain** is a resident of the State of New York and is the surviving Mother of **Michelle Lanza**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michelle Lanza** was employed by Fiduciary Trust International, located on the 97th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

330. Plaintiff **Ethel Chamberlain** brings this action on her own behalf as the Mother of **Michelle Lanza**, and is entitled to recover damages on the causes of action set forth herein.

331. Plaintiff **Albert A. Chamberlain** is a resident of the State of New York and is the Father of **Michelle Lanza**. **Albert A. Chamberlain** brings this action on his own behalf as the Father of **Michelle Lanza**, and is entitled to recover damages on the causes of action set forth herein.

332. Plaintiff **Susan G. Chamberlain** is the Sister of **Michelle Lanza**. **Susan G. Chamberlain** brings this action on her own behalf as the Sister of **Michelle Lanza**, and is entitled to recover damages on the causes of action set forth herein.

333. Plaintiff **Cynthia D. Oricchio** is the Sister of **Michelle Lanza**. **Cynthia D. Oricchio** brings this action on her own behalf as the Sister of **Michelle Lanza**, and is entitled to recover damages on the causes of action set forth herein.

334. Plaintiff **Albert G. Chamberlain** is the Brother of **Michelle Lanza**. **Albert G. Chamberlain** brings this action on his own behalf as the Brother of **Michelle Lanza**, and is entitled to recover damages on the causes of action set forth herein.

335. Plaintiff **Arnold Lederman** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on

September 11, 2001. **Arnold Lederman** was employed by the Port Authority of New York & New Jersey.

336. Plaintiff **Arnold Lederman** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

337. Plaintiff **Edward N. Lee** is a resident of the State of New York and is the surviving Husband of **Juanita Lee**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Juanita Lee** was employed by AON Risk Management Corporation, located in the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

338. Plaintiff **Edward N. Lee** brings this action on his own behalf as the Husband of **Juanita Lee**, and is entitled to recover damages on the causes of action set forth herein.

339. Plaintiff **Johnny Lee** is a resident of the State of New York and is the surviving Husband of **Lorraine Lee**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Lorraine Lee** was employed by AON Risk Management Corporation, located on the 101st floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

340. Plaintiff **Johnny Lee** brings this action on his own behalf as the Husband of **Lorraine Lee**, and is entitled to recover damages on the causes of action set forth herein.

341. Plaintiff **Sherman Lillianthal** is a resident of the State of New Jersey and is the surviving Father of **Steven Barry Lillianthal**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Steven Barry Lillianthal** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

342. Plaintiff **Sherman Lillianthal** brings this action on his own behalf as the Father of **Steven Barry Lillianthal**. **Sherman Lillianthal** is entitled to recover damages on the causes of action set forth herein.

343. Plaintiff **Marcia Lillianthal** is a resident of the State of New Jersey and is the Mother of **Steven Barry Lillianthal**. **Marcia Lillianthal** brings this action on her own behalf as the Mother of **Steven Barry Lillianthal**, and is entitled to recover damages on the causes of action set forth herein.

344. Plaintiff **Mindi Cohen** is a resident of the State of New Jersey and is the Sister of **Steven Barry Lillianthal**. **Mindi Cohen** brings this action on her own behalf as the Sister of **Steven Barry Lillianthal**, and is entitled to recover damages on the causes of action set forth herein.

345. Plaintiff **Eugenia R. Llanes** is a resident of the State of New York and is the surviving Mother of **George Andrew Llanes**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **George Andrew Llanes** was employed by Carr Futures, Inc., located in the North Tower of the World Trade Center, One World Trade Center, New York, New York.

346. Plaintiff **Eugenia R. Llanes** brings this action on her own behalf as the Mother of **George Andrew Llanes**. **Eugenia R. Llanes** is entitled to recover damages on the causes of action set forth herein.

347. Plaintiff **Gary Michael Low** is a resident of the State of Arkansas and is the surviving Father of **Sara Elizabeth Low**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of American Airlines Flight 11 into the World Trade Center

Towers on September 11, 2001. **Sara Elizabeth Low** was on board Flight 11, a non-stop flight from Boston to Los Angeles.

348. Plaintiff Gary Michael Low is the Representative of the Estate of Sara Elizabeth Low.

349. Plaintiff **Gary Michael Low** brings this action on his own behalf and as the Representative of the **Estate of Sara Elizabeth Low**. **Gary Michael Low** is entitled to recover damages on the causes of action set forth herein.

350. Plaintiff **Rebecca Alyson Low** is a resident of the State of Arkansas and is the Sister of **Sara Elizabeth Low** . **Rebecca Alyson Low** brings this action on her own behalf as the Sister of **Sara Elizabeth Low**, and is entitled to recover damages on the causes of action set forth herein.

351. Plaintiff **Bobbie Jean Low** is a resident of the State of Arkansas and is the Mother of **Sara Elizabeth Low** . **Bobbie Jean Low** brings this action on her own behalf as the Mother of **Sara Elizabeth Low**, and is entitled to recover damages on the causes of action set forth herein.

352. Plaintiff **Ralph Luzzicone** is a resident of the State of New York and is the surviving Father of **Linda Luzzicone**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Linda Luzzicone** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

353. Plaintiff **Ralph Luzzicone** brings this action on his own behalf as the Father of **Linda Luzzicone**, and is entitled to recover damages on the causes of action set forth herein.

354. Plaintiff **Debra Luzzicone** is a resident of the State of New York and is the Sister of **Linda Luzzicone**. **Debra Luzzicone** brings this action on her own behalf as the Sister of **Linda Luzzicone**, and is entitled to recover damages on the causes of action set forth herein.

355. Plaintiff **Ralph Luzzicone, Jr.** is a resident of the State of New York and is the Brother of **Linda Luzzicone**. **Ralph Luzzicone, Jr.** brings this action on his own behalf as the Brother of **Linda Luzzicone**, and is entitled to recover damages on the causes of action set forth herein.

356. Plaintiff **Cheryl Cox** is a resident of the State of New York and is the Sister of **Linda Luzzicone**. **Cheryl Cox** brings this action on her own behalf as the Sister of **Linda Luzzicone**, and is entitled to recover damages on the causes of action set forth herein.

357. Plaintiff **Louis Maffeo** is a resident of the State of New York and is the surviving Father of **Joseph Maffeo,** decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City. **Joseph Maffeo** was employed by the New York Fire Department.

358. Plaintiff **Louis Maffeo** brings this action on his own behalf as the Father of **Joseph Maffeo**, and is entitled to recover damages on the causes of action set forth herein.

359. Plaintiff **Shakeh Mardikian** is a resident of the State of New Jersey and is the surviving Mother of **Peter Edward Mardikian**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Peter Edward Mardikian** was employed by Imagine Software, Inc., located on the 106th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

360. Plaintiff **Shakeh Mardikian** brings this action on her own behalf as the Mother of **Peter Edward Mardikian**. **Shakeh Mardikian** is entitled to recover damages on the causes of action set forth herein.

361. Plaintiff **Alexander Mardikian** is a resident of the State of New Jersey and is the Father of **Peter Edward Mardikian**. **Alexander Mardikian** brings this action on his own behalf as the Father of **Peter Edward Mardikian**, and is entitled to recover damages on the causes of action set forth herein.

362. Plaintiff **Norma Margiotta** is a resident of the State of New York and is the surviving Wife of **Charles Joseph Margiotta**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City. **Charles Joseph Margiotta** was employed by the New York Fire Department.

363. Plaintiff **Norma Margiotta** brings this action on her own behalf as the Wife and on behalf of the Minor Children of **Charles Joseph Margiotta**. **Norma Margiotta** is entitled to recover damages on the causes of action set forth herein.

364. Plaintiff **Amelia Margiotta** is the Mother of **Charles Joseph Margiotta**. **Amelia Margiotta** brings this action on her own behalf as the Mother of **Charles Joseph Margiotta**, and is entitled to recover damages on the causes of action set forth herein.

365. Plaintiff **Charles V. Margiotta** is the Father of **Charles Joseph Margiotta**. **Charles V. Margiotta** brings this action on his own behalf as the Brother of **Charles Joseph Margiotta**, and is entitled to recover damages on the causes of action set forth herein.

366. Plaintiff **Michael Margiotta** is the Brother of **Charles Joseph Margiotta**. **Michael Margiotta** brings this action on his own behalf as the Brother of **Charles Joseph Margiotta**, and is entitled to recover damages on the causes of action set forth herein.

367. Plaintiff **Diane Massaroli** is a resident of the State of New York and is the surviving Wife of **Michael Massaroli**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michael Massaroli** was employed by Cantor Fitzgerald, located on the 101st floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

368. Plaintiff Diane Massaroli is the Representative of the Estate of Michael Massaroli.

369. Plaintiff **Diane Massaroli** brings this action on her own behalf and as the Representative of the **Estate of Michael Massaroli**. **Diane Massaroli** is entitled to recover damages on the causes of action set forth herein.

370. Plaintiff **Josephine Holubar** is the Mother of **Michael Massaroli**. **Josephine Holubar** brings this action on her own behalf and on behalf of the Minor Children of **Michael Massaroli**, and is entitled to recover damages on the causes of action set forth herein.

371. Plaintiff **Joann Cleary** is the Sister of **Michael Massaroli**. **Joann Cleary** brings this action on her own behalf as the Sister of **Michael Massaroli**, and is entitled to recover damages on the causes of action set forth herein.

372. Plaintiff **Karen Mastrandrea** is a resident of the State of New Jersey and is the surviving Wife of **Philip W. Mastrandrea, Jr.**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Philip W. Mastrandrea, Jr.** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

373. Plaintiff **Karen Mastrandrea** brings this action on her own behalf as the Wife of **Philip W. Mastrandrea, Jr.** **Karen Mastrandrea** is entitled to recover damages on the causes of action set forth herein.

374. Plaintiff **Ronald F. May** is a resident of the State of Nevada and is the surviving Father of **Renee A. May**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of American Airlines Flight 77 into the Pentagon on September 11, 2001. **Renee A. May** was on board Flight 77, a non-stop flight from Washington, D.C. to Los Angeles.

375. Plaintiff **Ronald F. May** is the Representative of the **Estate of Renee A. May.**

376. Plaintiff **Ronald F. May** brings this action on his own behalf and as Representative of the **Estate of Renee A. May**. **Ronald F. May** is entitled to recover damages on the causes of action set forth herein.

377. Plaintiff **Nancy A. May** is a resident of the State of Nevada and is the Mother of **Renee A. May**. **Nancy A. May** brings this action on her own behalf as the Mother of **Renee A. May**, and is entitled to recover damages on the causes of action set forth herein.

378. Plaintiff **Jeffrey M. May** is a resident of the State of Nevada and is the Brother of **Renee A. May**. **Jeffrey M. May** brings this action on his own behalf as the Brother of **Renee A. May**, and is entitled to recover damages on the causes of action set forth herein.

379. Plaintiff **Kenneth May** is a resident of the State of California and is the Brother of **Renee A. May**. **Kenneth May** brings this action on his own behalf as the Brother of **Renee A. May**, and is entitled to recover damages on the causes of action set forth herein.

380. Plaintiff **David Spirock** is a resident of the State of Maryland and is the Fiancé of **Renee A. May** . **David Spirock** brings this action on behalf of the Unborn Child of **Renee A. May**, and is entitled to recover damages on the causes of action set forth herein.

381. Plaintiff **Debra Menich** is a resident of the State of Connecticut and is the surviving Wife of **Kevin Michael McCarthy**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Kevin**

**Michael McCarthy** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

382. Plaintiff Debra Menich is the Representative of the Estate of Kevin Michael McCarthy.

383. Plaintiff **Debra Menich** brings this action on her own behalf and as the Representative of the **Estate of Kevin Michael McCarthy**. **Debra Menich** is entitled to recover damages on the causes of action set forth herein.

384. Plaintiff **Margaret McDonnell** is a resident of the State of New York and is the surviving Wife of **Brian McDonnell**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Brian McDonnell** was employed by the New York Police Department.

385. Plaintiff **Margaret McDonnell** brings this action on her own behalf and on behalf of the Minor Children of **Brian McDonnell**. **Margaret McDonnell** is entitled to recover damages on the causes of action set forth herein.

386. Plaintiff **Ivy M. Moreno** is a resident of the State of New York and is the surviving Mother of **Yvette Nicole Miller**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Yvette Nicole Miller** was employed by Carr Futures, Inc., located in the North Tower of the World Trade Center, One World Trade Center, New York, New York.

387. Plaintiff Ivy M. Moreno is the Representative of the Estate of Yvette Nicole Miller.

388. Plaintiff **Ivy M. Moreno** brings this action on her own behalf and as the Representative of the **Estate of Yvette Nicole Miller**. **Ivy M. Moreno** is entitled to recover damages on the causes of action set forth herein.

389. Plaintiff **Maureen Mitchell** is a resident of the State of New York and is the surviving Wife of **Paul T. Mitchell,** decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City. **Paul T. Mitchell** was employed by the New York Fire Department.

390. Plaintiff **Maureen Mitchell** brings this action on her own behalf as the Wife of **Paul T. Mitchell,** and is entitled to recover damages on the causes of action set forth herein.

391. Plaintiff **Christine Mitchell** is a resident of the State of New York and is the Daughter of **Paul T. Mitchell. Christine Mitchell** brings this action on her own behalf as the Daughter of **Paul T. Mitchell**, and is entitled to recover damages on the causes of action set forth herein.

392. Plaintiff **Jennifer Mitchell** is a resident of the State of New York and is the Daughter of **Paul T. Mitchell. Jennifer Mitchell** brings this action on her own behalf as the surviving Daughter of **Paul T. Mitchell**, and is entitled to recover damages on the causes of action set forth herein.

393. Plaintiff **Joyce Miuccio** is a resident of the State of New York and is the surviving Wife of **Richard Miuccio**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Richard Miuccio** was employed by the New York State Department of Taxation & Finance, located on the 86th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

394. Plaintiff **Joyce Miuccio** brings this action on her own behalf as the Wife of **Richard Miuccio**, and is entitled to recover damages on the causes of action set forth herein.

395. Plaintiff **Own Miuccio** is a resident of the State of New York and is the Son of **Richard Miuccio**. **Own Miuccio** brings this action on his own behalf as the Son of **Richard Miuccio**, and is entitled to recover damages on the causes of action set forth herein.

396. Plaintiff **Laura Miuccio** is a resident of the State of New York and is the Sister of **Richard Miuccio**. **Laura Miuccio** brings this action on her own behalf as the Sister of **Richard Miuccio**, and is entitled to recover damages on the causes of action set forth herein.

397. Plaintiff **Thomas Miuccio** is a resident of the State of New York and is the Son of **Richard Miuccio**. **Thomas Miuccio** brings this action on his own behalf as the Son of **Richard Miuccio**, and is entitled to recover damages on the causes of action set forth herein.

398. Plaintiff **Joan Molinaro** is a resident of the State of New York and is the surviving Mother of **Carl Eugene Molinaro**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Carl Eugene Molinaro** was employed by the New York Fire Department, Ladder Company 2, located on the 10th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

399. Plaintiff **Joan Molinaro** brings this action on her own behalf as the Mother of **Carl Eugene Molinaro**, and is entitled to recover damages on the causes of action set forth herein.

400. Plaintiff **Eugene Molinaro** is a resident of the State of New York and the Father of **Carl Eugene Molinaro**. **Eugene Molinaro** brings this action on his own behalf as the Father

of **Carl Eugene Molinaro**, and is entitled to recover damages on the causes of actions set forth herein.

401. Plaintiff **Lawrence Molinaro** is resident of the State of New York and the Brother of **Carl Eugene Molinaro**. **Lawrence Molinaro** brings this action on his own behalf as the half Brother of **Carl Eugene Molinaro**, and is entitled to recover damages on the causes of actions set forth herein.

402. Plaintiff **Deborah Ann Hudson** is a resident of the State of New York and the Sister of **Carl Eugene Molinaro**. **Deborah Ann Hudson** brings this action on her own behalf as the half Sister of **Carl Eugene Molinaro**, and is entitled to recover damages on the causes of actions set forth herein.

403. Plaintiff **Theodore C. Morehouse** is a resident of the State of New York and is the surviving Father of **Lindsay S. Morehouse**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Lindsay S. Morehouse** was employed by Keefe, Bruyette & Woods, located on the 89th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

404. Plaintiff **Theodore C. Morehouse** brings this action on his own behalf as the Father of **Lindsay S. Morehouse**, and is entitled to recover damages on the causes of action set forth herein.

405. Plaintiff **Kathleen S. Maycen** is a resident of the State of Connecticut and is the Mother of **Lindsay S. Morehouse**. **Kathleen S. Maycen** brings this action on her own behalf as the Mother of **Lindsay S. Morehouse**, and is entitled to recover damages on the causes of action set forth herein.

406. Plaintiff **Lorraine Moskal** is a resident of the State of Ohio and is the surviving Wife of **William David Moskal**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **William David Moskal** was employed by Marsh & McClennan USA, located on the 100th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

407. Plaintiff Lorraine Moskal is the Representative of the Estate of William David Moskal.

408. Plaintiff **Lorraine Moskal** brings this action on her own behalf and as the Representative of the **Estate of William David Moskal**. **Lorraine Moskal** is entitled to recover damages on the causes of action set forth herein.

409. Plaintiff **Sara M. Mulligan** is a resident of the State of New York and is the surviving Wife of **Peter James Mulligan**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Peter James Mulligan** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

410. Plaintiff Sara M. Mulligan is the Representative of the Estate of Peter James Mulligan.

411. Plaintiff **Sara M. Mulligan** brings this action on her own behalf and as the Representative of the **Estate of Peter James Mulligan**. **Sara M. Mulligan** is entitled to recover damages on the causes of action set forth herein.

412. Plaintiff **John G. Nee** is a resident of Ireland and is the Father of **Luke G. Nee**. **John G. Nee** brings this action on his own behalf as the Father of **Luke G. Nee**, and is entitled to recover damages on the causes of action set forth herein.

413. Plaintiff **Mary Nee Reilly** is a resident of the State of New York and is the surviving Sister of **Luke G. Nee**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Luke G. Nee** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

414. Plaintiff **Mary Nee Reilly** brings this action on her own behalf as the Sister of **Luke G. Nee**, and is entitled to recover damages on the causes of action set forth herein.

415. Plaintiff **Patricia B. Nee O'Keefe** is a resident of the State of New Jersey and is the Sister of **Luke G. Nee**. **Patricia B. Nee O'Keefe** brings this action on her own behalf as the Sister of **Luke G. Nee**, and is entitled to recover damages on the causes of action set forth herein.

416. Plaintiff **Fook Sam Ngool** is a resident of the State of New Jersey and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Fook Sam Ngool** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

417. Plaintiff **Fook Sam Ngool** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

418. Plaintiff **Edward O'Hare** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Edward O'Hare** was at the World Trade Center in New York at the time of the attack.

419. Plaintiff **Edward O'Hare** brings this action on his own behalf as and injured party, and is entitled to recover damages on the causes of action set forth herein.

420. Plaintiff **Vincent A. Ognibene** is a resident of the State of New York and is the surviving Father of **Philip Paul Ognibene**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Philip Paul Ognibene** was employed by Keefe, Bruyette, and Woods, located on the 89th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

421. Plaintiff Vincent A. Ognibene is the Co-Representative of the Estate of Philip Paul Ognibene.

422. Plaintiff **Vincent A. Ognibene** brings this action on his own behalf and as the Representative of the **Estate of Philip Paul Ognibene**. **Vincent A. Ognibene** is entitled to recover damages on the causes of action set forth herein.

423. Plaintiff Antoinette D. Ognibene is the Co-Representative of the Estate of Philip Paul Ognibene.

424. Plaintiff **Antoinette D. Ognibene** is a resident of the State of New York and is the Mother of **Philip Paul Ognibene**. **Antoinette D. Ognibene** brings this action on her own behalf as the Mother of **Philip Paul Ognibene**, and is entitled to recover damages on the causes of action set forth herein.

425. Plaintiff **Patricia Olson** is a resident of the State of New York and is the surviving Wife of **Steven J. Olson**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Steven J. Olson** was employed by the New York Fire Department.

426. Plaintiff **Patricia Olson** brings this action on her own behalf and on behalf of the Minor Children of **Steven J. Olson**. **Patricia Olson** is entitled to recover damages on the causes of action set forth herein.

427. Plaintiff **Maria Koutny** is a resident of the Commonwealth of Massachusetts and is the surviving Daughter of **Marie Pappalardo**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of United Airlines Flight 175 into the World Trade Center Towers on September 11, 2001. **Marie Pappalardo** was on board Flight 175, a non-stop flight from Boston to Los Angeles.

428. Plaintiff **Maria Koutny** is the Representative of the **Estate of Marie Pappalardo.**

429. Plaintiff **Maria Koutny** brings this action on her own behalf and as the Representative of the **Estate of Marie Pappalardo**. **Maria Koutny** is entitled to recover damages on the causes of action set forth herein.

430. Plaintiff **Wilston Parris** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Wilston Parris** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

431. Plaintiff **Wilston Parris** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

432. Plaintiff **Barbara A. Patrick** is a resident of the State of New York and is the surviving Mother of **James Matthew Patrick**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **James Matthew Patrick** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

433. Plaintiff **Barbara A. Patrick** brings this action on her own behalf as the Mother of **James Matthew Patrick**, and is entitled to recover damages on the causes of action set forth herein.

434. Plaintiff **Jerry Patrick** is a resident of the State of New York and is the Father of **James Matthew Patrick**. **Jerry Patrick** brings this action on her own behalf as the Father of **James Matthew Patrick**, and is entitled to recover damages on the causes of action set forth herein.

435. Plaintiff **Kevin M. Patrick** is a resident of the State of New York and is the Brother of **James Matthew Patrick**. **Kevin M. Patrick** brings this action on his own behalf as the Brother of **James Matthew Patrick**, and is entitled to recover damages on the causes of action set forth herein.

436. Plaintiff **Alicia M. Patrick** is a resident of the State of New York and is the Sister of **James Matthew Patrick**. **Alicia M. Patrick** brings this action on her own behalf as the Sister of **James Matthew Patrick**, and is entitled to recover damages on the causes of action set forth herein.

437. Plaintiff **Kathryn M. Patrick** is a resident of the State of New York and is the Sister of **James Matthew Patrick**. **Kathryn M. Patrick** brings this action on her own behalf as the Sister of **James Matthew Patrick**, and is entitled to recover damages on the causes of action set forth herein.

438. Plaintiff **Michael Patti** is a resident of the State of New Jersey and is the surviving Father of **Cira Marie Patti**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Cira Marie Patti**

was employed by Keefe, Bruyette & Woods, located on the 89th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

439. Plaintiff **Michael Patti** is the Co-Representative of the **Estate of Cira Marie Patti.**

440. Plaintiff **Michael Patti** brings this action on his own behalf and as the Co-Representative of the **Estate of Cira Marie Patti**. **Michael Patti** is entitled to recover damages on the causes of action set forth herein.

441. Plaintiff **Frances Patti** is the Co-Representative of the **Estate of Cira Marie Patti.**

442. Plaintiff **Frances Patti** is a resident of the State of New Jersey and is the Mother of **Cira Marie Patti**. **Frances Patti** brings this action on her own behalf as the Mother of **Cira Marie Patti**, and is entitled to recover damages on the causes of action set forth herein.

443. Plaintiff **Juliann Patti-Andolphov** is a resident of the State of New York and is the Sister of **Cira Marie Patti**. **Juliann Patti-Andolphov** brings this action on her own behalf as the Sister of **Cira Marie Patti**, and is entitled to recover damages on the causes of action set forth herein.

444. Plaintiff **Michael Patti, Jr.** is a resident of the State of New York and is the Brother of **Cira Marie Patti**. **Michael Patti, Jr.** brings this action on his own behalf as the Brother of **Cira Marie Patti**, and is entitled to recover damages on the causes of action set forth herein.

445. Plaintiff **Richard Patti** is a resident of the State of New York and is the Brother of **Cira Marie Patti**. **Richard Patti** brings this action on his own behalf as the Brother of **Cira Marie Patti**, and is entitled to recover damages on the causes of action set forth herein.

446. Plaintiff **Paul Pesce** is a resident of the State of New York and is the surviving Father of **Danny Pesce**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Danny Pesce** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

447. Plaintiff **Paul Pesce** is the Co-Representative of the **Estate of Danny Pesce.**

448. Plaintiff **Paul Pesce** brings this action on his own behalf and as the Co-Representative of the **Estate of Danny Pesce**. **Paul Pesce** is entitled to recover damages on the causes of action set forth herein.

449. Plaintiff **Chiara Pesce** is the Co-Representative of the **Estate of Danny Pesce.**

450. Plaintiff **Chiara Pesce** is a resident of the State of New York and is the Mother of **Danny Pesce**. **Chiara Pesce** brings this action on her own behalf as the Mother of **Danny Pesce**, and is entitled to recover damages on the causes of action set forth herein.

451. Plaintiff **Frank Pesce** is a resident of the State of New York and is the Brother of **Danny Pesce**. **Frank Pesce** brings this action on his own behalf as the Brother of **Danny Pesce**, and is entitled to recover damages on the causes of action set forth herein.

452. Plaintiff **Angels Frunzi** is a resident of the State of New York and is the Sister of **Danny Pesce**. **Paul Pesce** brings this action on his own behalf as the Father of **Danny Pesce**, and is entitled to recover damages on the causes of action set forth herein.

453. Plaintiff **Nicole Petrocelli** is a resident of the State of New York and is the surviving Wife of **Mark James Petrocelli,** decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Mark**

**James Petrocelli** was employed by Carr Futures, located on the 92nd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

454. Plaintiff **Nicole Petrocelli** is the Representative of the **Estate of Mark James Petrocelli**.

455. Plaintiff **Nicole Petrocelli** brings this action on her own behalf and as the Representative of **Mark James Petrocelli**, and is entitled to recover damages on the causes of action set forth herein.

456. Plaintiff **Albert P. Petrocelli** brings this action on his own behalf as the Father of **Mark James Petrocelli**, and is entitled to recover damages on the causes of action set forth herein.

457. Plaintiff **Albert P. Petrocelli Jr.** brings this action on his own behalf as the Brother of **Mark James Petrocelli**, and is entitled to recover damages on the causes of action set forth herein.

458. Plaintiff **Virginia Petrocelli** brings this action on her own behalf as the Mother of **Mark James Petrocelli**, and is entitled to recover damages on the causes of action set forth herein.

459. Plaintiff **Susan L. Picarro** is a resident of the State of New Jersey and is the surviving Wife of **Ludwig John Picarro**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Ludwig John Picarro** was employed by Zurich American Insurance, located on the 104th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

460. Plaintiff **Susan L. Picarro** is the Representative of the **Estate of Ludwig John Picarro.**

461. Plaintiff **Susan L. Picarro** brings this action on her own behalf and as the Representative of the **Estate of Ludwig John Picarro**. **Susan L. Picarro** is entitled to recover damages on the causes of action set forth herein.

462. Plaintiff **Catherine Powell** is a resident of the State of South Carolina and is the surviving Mother of **Scott Powell**, decedent, who was killed as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. **Scott Powell** was at the Pentagon at the time of the attack.

463. Plaintiff **Catherine Powell** is the Representative of the **Estate of Scott Powell.**

464. Plaintiff **Catherine Powell** brings this action on her own behalf and as the Representative of the **Estate of Scott Powell.** **Catherine Powell** is entitled to recover damages on the causes of action set forth herein.

465. Plaintiff **Bambang Priatno** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Bambang Priatno** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

466. Plaintiff **Bambang Priatno** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

467. Plaintiff **Everett Proctor, Jr.** is a resident of the Commonwealth of Massachusetts and is the surviving Father of **Everett M. (Marty) Proctor, III**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Everett M. (Marty) Proctor, III** was employed by Cantor Fitzgerald, located on the 101st floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

468. Plaintiff **Everett Proctor, Jr.** is the Representative of the **Estate of Everett M. (Marty) Proctor, III.**

469. Plaintiff **Everett Proctor, Jr.** brings this action on his own behalf and as the Representative of the **Estate of Everett M. (Marty) Proctor, III**. **Everett Proctor, Jr.** is entitled to recover damages on the causes of action set forth herein.

470. Plaintiff **Mary E. Griffin** is a resident of the Commonwealth of Massachusetts and is the Sister of **Everett M. (Marty) Proctor, III**. **Mary E. Griffin** brings this action on her own behalf as the Sister of **Everett M. (Marty) Proctor, III**, and is entitled to recover damages on the causes of action set forth herein.

471. Plaintiff **Catherine B. Proctor** is a resident of the Commonwealth of Massachusetts and is the Mother of **Everett M. (Marty) Proctor, III**. **Catherine B. Proctor** brings this action on her own behalf as the Mother of **Everett M. (Marty) Proctor, III**, and is entitled to recover damages on the causes of action set forth herein.

472. Plaintiff **Donald H. Progen** is a resident of the Commonwealth of Massachusetts and is the surviving Father of **Carrie Beth Progen**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Carrie Beth Progen** was employed by AON Risk Management Corporation, located on the 100th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

473. Plaintiff **Donald H. Progen** is the Representative of the **Estate of Carrie Beth Progen.**

474. Plaintiff **Donald H. Progen** brings this action on his own behalf and as the Representative of the **Estate of Carrie Beth Progen**. **Donald H. Progen** is entitled to recover damages on the causes of action set forth herein.

475. Plaintiff **Kathleen A. Progen** is a resident of the Commonwealth of Massachusetts and is the Mother of **Carrie Beth Progen**. **Kathleen A. Progen** brings this action on her own behalf as the Mother of **Carrie Beth Progen**, and is entitled to recover damages on the causes of action set forth herein.

476. Plaintiff **Matthew Eric Progen** is a resident of the State of California and is the Brother of **Carrie Beth Progen**. **Matthew Eric Progen** brings this action on his own behalf as the Brother of **Carrie Beth Progen**, and is entitled to recover damages on the causes of action set forth herein.

477. Plaintiff **Michael Puckett** is a resident of the State of New York and is the surviving Son of **John F. Puckett**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John F. Puckett** was employed by N.S. Windows Inc. (Windows of the World) as a contractor - ran his own business - All Digital Audio, located on the 106th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

478. Plaintiff **Michael Puckett** is the Representative of the **Estate of John F. Puckett.**

479. Plaintiff **Michael Puckett** brings this action on his own behalf and as the Representative of the **Estate of John F. Puckett**. **Michael Puckett** is entitled to recover damages on the causes of action set forth herein.

480. Plaintiff **Michele Puckett** brings this action on behalf of the Minor Child of **John F. Puckett**, and is entitled to recover damages on the causes of action set forth herein.

481. Plaintiff **Kevin Puma** is a resident of the State of New York and is the surviving Husband of **Patricia Ann Puma**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Patricia Ann Puma** was employed by Julien J. Studly, Inc., located on the 86th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

482. Plaintiff **Kevin Puma** brings this action on his own behalf and on the behalf of the Minor Children of **Patricia Ann Puma**, and is entitled to recover damages on the causes of action set forth herein.

483. Plaintiff **Eleanor Wilson** brings this action on her own behalf as the Mother of **Patricia Ann Puma**, and is entitled to recover damages on the causes of action set forth herein.

484. Plaintiff **William Wilson** brings this action on his own behalf as the Father of **Patricia Ann Puma**, and is entitled to recover damages on the causes of action set forth herein.

485. Plaintiff **Antoinette Nicholasi** brings this action on her own behalf as the Sister of **Patricia Ann Puma**, and is entitled to recover damages on the causes of action set forth herein.

486. Plaintiff **Robert Wilson** brings this action on his own behalf as the Brother of **Patricia Ann Puma**, and is entitled to recover damages on the causes of action set forth herein.

487. Plaintiff **Janice K. Punches** is a resident of the Commonwealth of Virginia and is the surviving Wife of **Jack D. Punches, Jr.**, decedent, who was killed as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. **Jack D. Punches, Jr.** was at the Pentagon at the time of the attack.

488. Plaintiff **Janice K. Punches** brings this action on her own behalf as the Wife of **Jack D. Punches, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

489. Plaintiff **Jeremy Duane Punches** is a resident of the Commonwealth of Virginia and is the Son of **Jack D. Punches, Jr.** **Jeremy Duane Punches** brings this action on his own behalf as the Son of **Jack D. Punches, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

490. Plaintiff **Jennifer Marie Punches** is a resident of the Commonwealth of Virginia and is the Daughter of **Jack D. Punches, Jr.**. **Jennifer Marie Punches** brings this action on her own behalf as the Daughter of **Jack D. Punches, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

491. Plaintiff **Patrick J. Quigley, Jr.** is a resident of the State of New Jersey and is the surviving Father of **Patrick J. Quigley, IV**, decedent, who was killed as a result of the terrorist hijacking and subsequent crash of United Flight 175 on September 11, 2001. **Patrick J. Quigley, IV** was employed by PriceWaterhouseCoopers in Massachusetts and was on board United Flight 175, a non-stop flight from Boston to Los Angeles.

492. Plaintiff **Patrick J. Quigley, Jr.** brings this action on his own behalf as the Father of the **Patrick J. Quigley, IV**, and is entitled to recover damages on the causes of action set forth herein.

493. Plaintiff **Mi Ja Quigley** is a resident of the State of New Jersey and is the Mother of **Patrick J. Quigley, IV**. **Mi Ja Quigley** brings this action on her own behalf as the Mother of **Patrick J. Quigley, IV**, and is entitled to recover damages on the causes of action set forth herein.

494. Plaintiff **John Quigley** is a resident of the State of New Jersey and is the Brother of **Patrick J. Quigley, IV**. **John Quigley** brings this action on his own behalf as the Brother of

**Patrick J. Quigley, IV**, and is entitled to recover damages on the causes of action set forth herein.

495. Plaintiff **Maureen A. Raub** is a resident of the State of New Jersey and is the surviving Wife of **William R. Raub**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **William R. Raub** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

496. Plaintiff **Maureen A. Raub** is the Representative of the **Estate of William R. Raub.**

497. Plaintiff **Maureen A. Raub** brings this action on her own behalf, on behalf of the Minor Children, and as the Representative of the **Estate of William R. Raub**. **Maureen A. Raub** is entitled to recover damages on the causes of action set forth herein.

498. Plaintiff **Lisa Reina** is a resident of the State of New York and is the surviving Wife of **Joseph Reina, Jr.**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Joseph Reina, Jr.** was employed by Cantor Fitzgerald, located on the 101st floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

499. Plaintiff **Lisa Reina** brings this action on her own behalf and on behalf of the Minor Child of **Joseph Reina, Jr.** and on behalf of all heirs of **Joseph Reina, Jr.** **Lisa Reina** is entitled to recover damages on the causes of action set forth herein.

500. Plaintiff **Rosemarie Reina** is a resident of the State of New York and is the Mother of **Joseph Reina, Jr**. **Rosemarie Reina** brings this action on her own behalf as the

Mother of **Joseph Reina, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

501. Plaintiff **Joseph Reina, Sr.** is a resident of the State of New York and is the Father of **Joseph Reina, Jr.**. **Joseph Reina, Sr.** brings this action on his own behalf as the Father of **Joseph Reina, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

502. Plaintiff **Charles Renda** is a resident of the State of New York and is the surviving Husband of **Karen Renda**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Karen Renda** was employed by American Express, located on the 94th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

503. Plaintiff **Charles Renda** brings this action on his own behalf as Husband and on behalf of the minor child of **Karen Renda**, and is entitled to recover damages on the causes of action set forth herein.

504. Plaintiff **Daniel Renda** brings this action on his own behalf as the Son of **Helen Belilovsky, and is entitled to recover** damages on the causes of action set forth herein.

505. Plaintiff **Christina Resta** is a resident of the State of Florida and is the surviving Mother of **John Resta**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John Resta** was employed by Carr Futures, Inc., located on the 92nd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

506. Plaintiff **Christina Resta** is the Representative of the **Estate of John Resta.**

507. Plaintiff **Christina Resta** brings this action on her own behalf and as the Representative of the **Estate of John Resta. Thomas Resta** is entitled to recover damages on the causes of action set forth herein.

508. Plaintiff **Bernard Resta** is a resident of the State of Florida and is the Father of **John Resta. Bernard Resta** brings this action on his own behalf as the Father of **John Resta,** and is entitled to recover damages on the causes of action set forth herein.

509. Plaintiff **Michael Resta** is a resident of the State of New Jersey and is the Brother of **John Resta. Michael Resta** brings this action on his own behalf as the Brother of **John Resta**, and is entitled to recover damages on the causes of action set forth herein.

510. Plaintiff **Thomas Resta** is a resident of the State of New York and is the Brother of **John Resta. Thomas Resta** brings this action on his own behalf as the Brother of **John Resta**, and is entitled to recover damages on the causes of action set forth herein.

511. Plaintiff **Dawn Angrisani** is a resident of the State of New Jersey and is the Sister of **John Resta. Dawn Angrisani** brings this action on her own behalf as the Sister of **John Resta**, and is entitled to recover damages on the causes of action set forth herein.

512. Plaintiff **Christine Mazzeo** is a resident of the State of New Jersey and is the Sister of **John Resta. Christine Mazzeo** brings this action on her own behalf as the Sister of **John Resta**, and is entitled to recover damages on the causes of action set forth herein.

513. Plaintiff **Nilsa M. Rivera** is a resident of the State of New Jersey and is the surviving Wife of **Isaias Rivera,** decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Isaias Rivera** was employed by CBS, Inc., located on the 110th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

514. Plaintiff **Nilsa M. Rivera** is the Representative of the **Estate of Isaias Rivera.**

515. Plaintiff **Nilsa M. Rivera** brings this action on her own behalf and as the Representative of the **Estate of Isaias Rivera**. **Nilsa M. Rivera** is entitled to recover damages on the causes of action set forth herein.

516. Plaintiff **Moises Rivera** is a resident of the Commonwealth of Puerto Rico and is the Brother of **Isaias Rivera**. **Moises Rivera** brings this action on his own behalf as the Brother of **Isaias Rivera**, and is entitled to recover damages on the causes of action set forth herein.

517. Plaintiff **Carmen Rivera** is a resident of the Commonwealth of Puerto Rico and is the Sister of **Isaias Rivera**. **Carmen Rivera** brings this action on her own behalf as the Sister of **Isaias Rivera**, and is entitled to recover damages on the causes of action set forth herein.

518. Plaintiff **Gloria Gonzalez** is a resident of the Commonwealth of Massachusetts and is the Sister of **Isaias Rivera**. **Gloria Gonzalez** brings this action on her own behalf as the Sister of **Isaias Rivera**, and is entitled to recover damages on the causes of action set forth herein.

519. Plaintiff **Adrian Isaac Rivera** is a resident of the State of New Jersey and is the Son of **Isaias Rivera**. **Adrian Isaac Rivera** brings this action on his own behalf as the Son of **Isaias Rivera**, and is entitled to recover damages on the causes of action set forth herein.

520. Plaintiff **Josue Rivera Trujillo** is a resident of the Commonwealth of Puerto Rico and is the Brother of **Isaias Rivera**. **Josue Rivera Trujillo** brings this action on his own behalf as the Brother of **Isaias Rivera**, and is entitled to recover damages on the causes of action set forth herein.

521. Plaintiff **Nelson Rocha** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on

September 11, 2001. **Nelson Rocha** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

522. Plaintiff **Nelson Rocha** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

523. Plaintiff **John Rogers** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John Rogers** was employed by the New York Police Department and was injured at Seven World Trade Center on the day of the attack.

524. Plaintiff **John Rogers** brings this action on his own behalf as and injured party, and is entitled to recover damages on the causes of action set forth herein.

525. Plaintiff **Julio Roig, Jr.** is a resident of the State of New Jersey and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Julio Roig, Jr.** was at the World Trade Center in New York at the time of the attack.

526. Plaintiff **Julio Roig, Jr.** brings this action on his own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

527. Plaintiff **Teresa Roig** is a resident of the State of New Jersey and is the Wife of Julio **Roig, Jr**. **Teresa Roig** brings this action on her own behalf and on behalf of the Minor Children of Julio **Roig, Jr.**

528. Plaintiff **Arnold Roma** is a resident of the State of New York and is the surviving Father of **Keith Roma**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Keith Roma** was employed by the New York Fire Patrol.

529. Plaintiff **Arnold Roma** is the Representative of the **Estate of Keith Roma.**

530. Plaintiff **Arnold Roma** brings this action on his own behalf and as the Representative of the **Estate of Keith Roma**. **Arnold Roma** is entitled to recover damages on the causes of action set forth herein.

531. Plaintiff **Beverly Eckert** is a resident of the State of Connecticut and is the surviving Wife of **Sean Rooney**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Sean Rooney** was employed by AON Risk Management Corporation, located on the 105th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

532. Plaintiff **Beverly Eckert** is the Representative of the **Estate of Sean Rooney.**

533. Plaintiff **Beverly Eckert** brings this action on her own behalf and as the Representative of the **Estate of Sean Rooney**. **Beverly Eckert** is entitled to recover damages on the causes of action set forth herein.

534. Plaintiff **Christopher Rossomando** is a resident of the State of New York and is the surviving Brother of **Nicholas P. Rossomando,** decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Nicholas P. Rossomando** was a Firefighter with Rescue 5 S.I.N.Y. and was working in the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

535. Plaintiff **Christopher Rossomando** brings this action on his own behalf as the Brother of **Nicholas P. Rossomando**, and is entitled to recover damages on the causes of action set forth herein.

536. Plaintiff **Alexander William Rowe** is a resident of South Africa and is the surviving Father of **Nicholas Charles Alexander Rowe**, decedent, who was killed as a result of

a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Nicholas Charles Alexander Rowe** was employed by UmeVoice Inc. in New Jersey, and was at the North Tower of the World Trade Center, One World Trade Center, New York, New York at the time of the attacks.

537. Plaintiff **Alexander William Rowe** brings this action on his own behalf as the Father of **Nicholas Charles Alexander Rowe**, and is entitled to recover damages on the causes of action set forth herein.

538. Plaintiff **Edward Russin** is a resident of the State of New Jersey and is the surviving Father of **Steven Harris Russin**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Steven Harris Russin** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

539. Plaintiff **Edward Russin** brings this action on his own behalf as the Father of **Steven Harris Russin**, is entitled to recover damages on the causes of action set forth herein.

540. Plaintiff **Gloria Russin** is a resident of the State of New Jersey and is the Mother of **Steven Harris Russin**. **Gloria Russin** brings this action on her own behalf as the Mother of **Steven Harris Russin**, and is entitled to recover damages on the causes of action set forth herein.

541. Plaintiff **Barry Russin** is a resident of the State of New Jersey and is the Brother of **Steven Harris Russin**. **Barry Russin** brings this action on his own behalf as the Brother of **Steven Harris Russin**, and is entitled to recover damages on the causes of action set forth herein.

542. Plaintiff **Jean Marc Saada** is a resident of France and is the surviving Father of **Thierry Saada**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Thierry Saada** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

543. Plaintiff **Jean Marc Saada** brings this action on his own behalf as the Father of **Thierry Saada**. **Jean Marc Saada** is entitled to recover damages on the causes of action set forth herein.

544. Plaintiff **Martine Saada** is a resident of France and is the Mother of **Thierry Saada**. **Martine Saada** brings this action on her own behalf as the Mother of **Thierry Saada,** and is entitled to recover damages on the causes of action set forth herein.

545. Plaintiff **Rudy Saada** is a resident of France and is the Brother of **Thierry Saada**. **Rudy Saada** brings this action on his own behalf as the Brother of **Thierry Saada**, and is entitled to recover damages on the causes of action set forth herein.

546. Plaintiff **Anthony Saada** is a resident of France and is the Brother of **Thierry Saada**. **Anthony Saada** brings this action on his own behalf as the Brother of **Thierry Saada**, and is entitled to recover damages on the causes of action set forth herein.

547. Plaintiff **Cindy Saada** is a resident of France and is the Sister of **Thierry Saada**. **Cindy Saada** brings this action on her own behalf as the Sister of **Thierry Saada**, and is entitled to recover damages on the causes of action set forth herein.

548. Plaintiff **Rohy Saada** is a resident of France and is the Brother of **Thierry Saada**. **Rohy Saada** brings this action on his own behalf as the Brother of **Thierry Saada**, and is entitled to recover damages on the causes of action set forth herein.

549. Plaintiff **Gary Saada** is a resident of France and is the Brother of **Thierry Saada**. **Gary Saada** brings this action on his own behalf as the Brother of **Thierry Saada**, and is entitled to recover damages on the causes of action set forth herein.

550. Plaintiff **Rudy Saada** is a resident of France and is the Brother of **Thierry Saada**. **Rudy Saada** brings this action on his own behalf as the Brother of **Thierry Saada**, and is entitled to recover damages on the causes of action set forth herein.

551. Plaintiff **Eugenia Bogado** is a resident of Paraguay and is the surviving Mother of **Carlos A. Samaniego**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Carlos A. Samaniego** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

552. Plaintiff **Eugenia Bogado** brings this action on her own behalf as the Mother of **Carlos A. Samaniego**, and is entitled to recover damages on the causes of action set forth herein.

553. Plaintiff **Alexander Santora** is a resident of the State of New York and is the surviving Father of **Christopher A. Santora**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Christopher A. Santora** was employed by the New York City Fire Department, Engine Company 54.

554. Plaintiff **Alexander Santora** brings this action on his own behalf as the Father of **Christopher A. Santora**, and is entitled to recover damages on the causes of action set forth herein.

555. Plaintiff **Maureen Santora** is a resident of the State of New York and is the Mother of **Christopher A. Santora**. **Maureen Santora** brings this action on her own behalf as the Mother of **Christopher A. Santora**, and is entitled to recover damages on the causes of action set forth herein.

556. Plaintiff **Loreen Sellitto** is a resident of the State of New Jersey and is the surviving Mother of **Matthew Carmen Sellitto**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Matthew Carmen Sellitto** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

557. Plaintiff **Loreen Sellitto** is the Representative of the **Estate of Matthew Carmen Sellitto.**

558. Plaintiff **Loreen Sellitto** brings this action on her own behalf and as the Representative of the **Estate of Matthew Carmen Sellitto**. **Loreen Sellitto** is entitled to recover damages on the causes of action set forth herein.

559. Plaintiff **Matt Sellitto** is a resident of the State of New Jersey and is the Father of **Matthew Carmen Sellitto**. **Matt Sellitto** brings this action on his own behalf as the Father of **Matthew Carmen Sellitto**, and is entitled to recover damages on the causes of action set forth herein.

560. Plaintiff **Jonathan Sellitto** is a resident of the State of New Jersey and is the Brother of **Matthew Carmen Sellitto**. **Jonathan Sellitto** brings this action on his own behalf as the Brother of **Matthew Carmen Sellitto**, and is entitled to recover damages on the causes of action set forth herein.

561. Plaintiff **Frances Ruth Selwyn** is a resident of the State of New York and is the surviving Wife of **Howard Selwyn**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Howard Selwyn** was employed by Euro Brokers, located on the 84th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

562. Plaintiff **Frances Ruth Selwyn** is the Representative of the **Estate of Howard Selwyn.**

563. Plaintiff **Frances Ruth Selwyn** brings this action on her own behalf and as the Representative of the **Estate of Howard Selwyn**. **Frances Ruth Selwyn** is entitled to recover damages on the causes of action set forth herein.

564. Plaintiff **Barbara Serna** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Barbara Serna** was employed by the Marriott Hotel, Three World Trade Center, New York, New York.

565. Plaintiff **Barbara Serna** brings this action on her own behalf as an injured party. She is entitled to recover damages on the causes of action set forth herein.

566. Plaintiff **Bruce E. Serva** is a resident of the Commonwealth of Virginia and is the surviving Husband of **Marion (Mary) H. Serva**, decedent, who was killed as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. **Marion (Mary) H. Serva** was at the Pentagon at the time of the attack.

567. Plaintiff **Bruce E. Serva** is the Representative of the **Estate of Marion (Mary) H. Serva.**

568. Plaintiff **Bruce E. Serva** brings this action on his own behalf and as the Representative of the **Estate of Marion (Mary) H. Serva**. **Bruce E. Serva** is entitled to recover damages on the causes of action set forth herein.

569. Plaintiff **Irene Sessa** is a resident of the State of New York and is the surviving Mother of **Adele Sessa**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Adele Sessa** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

570. Plaintiff **Irene Sessa** is the Representative of the **Estate of Adele Sessa.**

571. Plaintiff **Irene Sessa** brings this action on her own behalf and as the Representative of the **Estate of Adele Sessa**. **Irene Sessa** is entitled to recover damages on the causes of action set forth herein.

572. Plaintiff **Alberico Sessa** is the Brother of **Adele Sessa**. **Alberico Sessa** brings this action on his own behalf as the Brother of **Adele Sessa**, and is entitled to recover damages on the causes of action set forth herein.

573. Plaintiff **Elena Sandberg** is the Sister of **Adele Sessa**. **Elena Sandberg** brings this action on his own behalf as the Sister of **Adele Sessa**, and is entitled to recover damages on the causes of action set forth herein.

574. Plaintiff **Christine Patterson** is the Sister of **Adele Sessa**. **Christine Patterson** brings this action on his own behalf as the Brother of **Adele Sessa**, and is entitled to recover damages on the causes of action set forth herein.

575. Plaintiff **Daniel J. Sheehan** is a resident of the State of Florida and is the surviving Father of **Linda June Sheehan**, decedent, who was killed as a result of a terrorist

attack on the World Trade Center Towers in New York City on September 11, 2001. **Linda June Sheehan** was employed by Sandler O'Neill & Partners LP, located on the 104th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

576. Plaintiff **Daniel J. Sheehan** is the Representative of the **Estate of Linda June Sheehan.**

577. Plaintiff **Daniel J. Sheehan** brings this action on his own behalf as the Representative of **Linda June Sheehan. Daniel J. Sheehan** is entitled to recover damages on the causes of action set forth herein.

578. Plaintiff **Robert D. Sheehan** is a resident of the Commonwealth of Kentucky and is the Brother of **Linda June Sheehan. Robert D. Sheehan** brings this action on his own behalf as the Brother of **Linda June Sheehan**, and is entitled to recover damages on the causes of action set forth herein.

579. Plaintiff **Jennifer Simon** is a resident of the State of New York and is the surviving Daughter of **Arthur Simon**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Arthur Simon** was employed Fred Alger Management, located on the 93rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

580. Plaintiff **Jennifer Simon** brings this action on her own behalf as the Daughter of **Arthur Simon**, and is entitled to recover damages on the causes of action set forth herein.

581. Plaintiff **Shelley Simon** is a resident of the State of New York and is the surviving Wife of **Paul J. Simon**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Paul J. Simon** was self

employed and located on the 97th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York at the time of the attack.

582. Plaintiff **Shelley Simon** brings this action on her own behalf as the Wife of **Paul J. Simon**, and is entitled to recover damages on the causes of action set forth herein.

583. Plaintiff **Edith Sparacio** is a resident of the State of New York and is the surviving Mother of **Thomas Sparacio**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Thomas Sparacio** was employed by Euro Brokers, located on the 84th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

584. Plaintiff **Edith Sparacio** brings this action on her own behalf as the Mother of **Thomas Sparacio**, and is entitled to recover damages on the causes of action set forth herein.

585. Plaintiff **Doreen Lanza** is a resident of the State of New York and is the Mother of **Thomas Sparacio**. **Doreen Lanza** brings this action on her own behalf as the Mother of **Thomas Sparacio**, and is entitled to recover damages on the causes of action set forth herein.

586. Plaintiff **Edward Sparacio** is a resident of the State of New York and is the Brother of **Thomas Sparacio**. **Edward Sparacio** brings this action on his own behalf as the Brother of **Thomas Sparacio**, and is entitled to recover damages on the causes of action set forth herein.

587. Plaintiff **Debra Klemowitz** is a resident of the State of New York and is the Sister of **Thomas Sparacio**. **Debra Klemowitz** brings this action on her own behalf as the Sister of **Thomas Sparacio**, and is entitled to recover damages on the causes of action set forth herein.

588. Plaintiff **Jack Sparacio** is a resident of the State of New York and is the Brother of **Thomas Sparacio**. **Jack Sparacio** brings this action on his own behalf as the Brother of **Thomas Sparacio**, and is entitled to recover damages on the causes of action set forth herein.

589. Plaintiff **Patricia Wellington** is a resident of the State of New York and is the surviving Wife of **John Anthony Spataro**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John Anthony Spataro** was employed by Marsh & McClennan USA, located on the 98th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

590. Plaintiff **Patricia Wellington** brings this action on her own behalf as the Wife of **John Anthony Spataro**. **Patricia Wellington** is entitled to recover damages on the causes of action set forth herein.

591. Plaintiff **Irene Spina** is a resident of the State of New York and is the surviving Mother of **Lisa L. Spina-Trerotola**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Lisa L. Spina-Trerotola** was employed by the Port Authority of New York & New Jersey, located on the 64th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

592. Plaintiff **Irene Spina** brings this action on her own behalf as the Mother of **Lisa L. Spina-Trerotola**. **Irene Spina** is entitled to recover damages on the causes of action set forth herein.

593. Plaintiff **Mario Spina** is a resident of the State of New York and is the Father of **Lisa L. Spina-Trerotola**. **Mario Spina** brings this action on his own behalf as the Father of

**Lisa L. Spina-Trerotola**, and is entitled to recover damages on the causes of action set forth herein.

594. Plaintiff **Paul M. Spina** is a resident of the State of New York and is the Brother of **Lisa L. Spina-Trerotola**. **Paul M. Spina** brings this action on his own behalf as the Brother of **Lisa L. Spina-Trerotola**, and is entitled to recover damages on the causes of action set forth herein.

595. Plaintiff **Roseanna Stabile** is a resident of the State of New York and is the surviving Wife of **Michael F. Stabile**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michael F. Stabile** was employed by Euro Brokers, located on the 84th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

596. Plaintiff **Roseanna Stabile** brings this action on her own behalf as the Wife of **Michael F. Stabile**. **Roseanna Stabile** is entitled to recover damages on the causes of action set forth herein.

597. Plaintiff **Lauren Stabile** brings this action on her own behalf as the Daughter of **Michael F. Stabile**, and is entitled to recover damages on the causes of action set forth herein.

598. Plaintiff **Robert Stabile** brings this action on his own behalf as the Son of **Michael F. Stabile**, and is entitled to recover damages on the causes of action set forth herein.

599. Plaintiff **Michele Stabile** brings this action on her own behalf as the Daughter of **Michael F. Stabile**, and is entitled to recover damages on the causes of action set forth herein.

600. Plaintiff **Sandra N. Straub** is a resident of the Commonwealth of Massachusetts and is the surviving Wife of **Edward W. Straub**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001.

**Edward W. Straub** was employed by AON Risk Management Corporation, located on the 102nd floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

601. Plaintiff **Sandra N. Straub** is the Representative of the **Estate of Edward W. Straub.**

602. Plaintiff **Sandra N. Straub** brings this action on her own behalf and as the Representative of the **Estate of Edward W. Straub**. **Sandra N. Straub** is entitled to recover damages on the causes of action set forth herein.

603. Plaintiff **Eleanor Neville** is a resident of the State of New York and is the surviving Mother of **JoAnn Tabeek**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **JoAnn Tabeek** was employed by Cantor Fitzgerald, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

604. Plaintiff **Eleanor Neville** brings this action on her own behalf as the Mother of **JoAnn Tabeek**, and is entitled to recover damages on the causes of action set forth herein.

605. Plaintiff **James Smith** is a resident of the State of New York and is the Brother of **JoAnn Tabeek**. **James Smith** brings this action on his own behalf as the Brother of **JoAnn Tabeek**, and is entitled to recover damages on the causes of action set forth herein.

606. Plaintiff **William Smith** is a resident of the State of New York and is the Brother of **JoAnn Tabeek**. **William Smith** brings this action on his own behalf as the Brother of **JoAnn Tabeek**, and is entitled to recover damages on the causes of action set forth herein.

607. Plaintiff **Maureen Pickering** is a resident of the State of New York and is the Sister of **JoAnn Tabeek**. **Maureen Pickering** brings this action on her own behalf as the Sister of **JoAnn Tabeek**, and is entitled to recover damages on the causes of action set forth herein.

608. Plaintiff **Patricia Heyne** is a resident of the State of New York and is the Sister of **JoAnn Tabeek**. **Patricia Heyne** brings this action on her own behalf as the Sister of **JoAnn Tabeek**, and is entitled to recover damages on the causes of action set forth herein.

609. Plaintiff **Michael Smith** is a resident of the State of New York and is the Brother of **JoAnn Tabeek**. **Michael Smith** brings this action on his own behalf as the Brother of **JoAnn Tabeek**, and is entitled to recover damages on the causes of action set forth herein.

610. Plaintiff **Barbara Talty** is a resident of the State of New York and is the surviving Wife of **Paul Talty**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Paul Talty** was employed by the New York City Policy Department.

611. Plaintiff **Barbara Talty** brings this action on her own behalf as the Wife of **Paul Talty**, and is entitled to recover damages on the causes of action set forth herein.

612. Plaintiff **Kenneth T. Tarantino** is a resident of the State of New Jersey and is the surviving Father of **Kenneth J. Tarantino**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Kenneth J. Tarantino** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

613. Plaintiff **Kenneth T. Tarantino** brings this action on his own behalf as the Father of **Kenneth J. Tarantino**, and is entitled to recover damages on the causes of action set forth herein.

614. Plaintiff **Theresa Tarantino** is a resident of the State of New Jersey and is the Mother of **Kenneth J. Tarantino**. **Theresa Tarantino** brings this action on her own behalf as the Mother of **Kenneth J. Tarantino**, and is entitled to recover damages on the causes of action set forth herein.

615. Plaintiff **Victoria Melone** is a resident of the State of New Jersey and is the Sister of **Kenneth J. Tarantino**. **Victoria Melone** brings this action on her own behalf as the Sister of **Kenneth J. Tarantino**, and is entitled to recover damages on the causes of action set forth herein.

616. Plaintiff **Dorothy Tempesta** is a resident of the State of New York and is the surviving Mother of **Anthony Tempesta**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Anthony Tempesta** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

617. Plaintiff **Dorothy Tempesta** brings this action on her own behalf as the Mother of **Anthony Tempesta**, and is entitled to recover damages on the causes of action set forth herein.

618. Plaintiff **Rosalyn Temple** is a resident of the State of New York and is the surviving Sister of **Dorothy Temple**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Dorothy Temple** was on the 78th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York at the time of the attacks.

619. Plaintiff **Rosalyn Temple** brings this action on her own behalf as the Sister of **Dorothy Temple**, and is entitled to recover damages on the causes of action set forth herein.

620. Plaintiff **Bidiawattie Tewari** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Bidiawattie Tewari** was employed by Fiduciary Trust International Company, located on the 97th Floor of the South Tower, Two World Trade Center, New York, New York.

621. Plaintiff **Bidiawattie Tewari** brings this action on his own behalf as an injured party. He is entitled to recover damages on the causes of action set forth herein.

622. Plaintiff **Denise Thompson** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Denise Thompson** was employed by Commodity Futures Trading Commission on the 37th floor of the South Tower of the Word Trade Center, Two World Trade Center, New York, New York.

623. Plaintiff **Denise Thompson** brings this action on her own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

624. Plaintiff **Martin Toyen** is a resident of the State of Connecticut and is the surviving Father of **Amy E. Toyen**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Amy E. Toyen** was employed by Thomson Financial Services in Massachusetts, and was at the North Tower of the World Trade Center, One World Trade Center, New York, New York at the time of the attack.

625. Plaintiff **Martin Toyen** is the Representative of the **Estate of Amy E. Toyen.**

626. Plaintiff **Martin Toyen** brings this action on his own behalf and as the Representative of the **Estate of Amy E. Toyen**. **Martin Toyen** is entitled to recover damages on the causes of action set forth herein.

627. Plaintiff **Kathleen Trant** is a resident of the State of New York and is the surviving Wife of **Daniel Patrick Trant**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Daniel Patrick Trant** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

628. Plaintiff **Kathleen Trant** is the Representative of the **Estate of Daniel Patrick Trant.**

629. Plaintiff **Kathleen Trant** brings this action on her own behalf as the Representative of **Daniel Patrick Trant**. **Kathleen Trant** is entitled to recover damages on the causes of action set forth herein.

630. Plaintiff **Nancy D. Tzemis** is a resident of the State of New York and is the surviving Mother of **Jennifer Tzemis**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jennifer Tzemis** was employed by Fred Alger Management, located on the 93rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

631. Plaintiff **Nancy D. Tzemis** brings this action on her own behalf as the Mother of **Jennifer Tzemis**, and is entitled to recover damages on the causes of action set forth herein.

632. Plaintiff **Sophia Tzemis** is a resident of the State of New York and is the Sister of **Jennifer Tzemis**. **Sophia Tzemis** brings this action on her own behalf as the Sister of **Jennifer Tzemis**, and is entitled to recover damages on the causes of action set forth herein.

633. Plaintiff **Nicole Tzemis** is a resident of the State of New York and is the Sister of **Jennifer Tzemis**. **Nicole Tzemis** brings this action on her own behalf as the Sister of **Jennifer Tzemis**, and is entitled to recover damages on the causes of action set forth herein.

634. Plaintiff **Emmanuel Vega** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Emmanuel Vega** was employed by Snelling Cross at the World Trade Center, New York, New York.

635. Plaintiff **Emmanuel Vege** brings this action on his own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

636. Plaintiff **Kathy Viggiano** is a resident of the State of New York and is the surviving Wife of **Joseph Viggiano**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Joseph Viggiano** was employed by the New York Police Department.

637. Plaintiff **Kathy Viggiano** brings this action on her own behalf as the Wife of **Joseph Viggiano**, and is entitled to recover damages on the causes of action set forth herein.

638. Plaintiff **Marie Visciano** is a resident of the State of New York and is the surviving Mother of **Joseph Gerard Visciano**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Joseph Gerard Visciano** was employed by Keefe, Bruyette & Woods, located on the 89th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

639. Plaintiff **Marie Visciano** is the Representative of the **Estate of Joseph Gerard Visciano.**

640. Plaintiff **Marie Visciano** brings this action on her own behalf and as the Representative of the **Estate of Joseph Gerard Visciano. Marie Visciano** is entitled to recover damages on the causes of action set forth herein.

641. Plaintiff **Jason Visciano** is a resident of the State of New York and is the Brother of **Joseph Gerard Visciano**. **Jason Visciano** brings this action on his own behalf as the Brother of **Joseph Gerard Visciano**, and is entitled to recover damages on the causes of action set forth herein.

642. Plaintiff **Robert Visciano** is a resident of the State of New York and is the Brother of **Joseph Gerard Visciano**. **Robert Visciano** brings this action on his own behalf as the Brother of **Joseph Gerard Visciano**, and is entitled to recover damages on the causes of action set forth herein.

643. Plaintiff **Morton Weinberg** is a resident of the State of New York and is the surviving Father of **Michael T. Weinberg**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michael T. Weinberg** was employed by the New York City Fire Department - Engine Company 1, Ladder 24.

644. Plaintiff **Morton Weinberg** is the Representative of the **Estate of Michael T. Weinberg.**

645. Plaintiff **Morton Weinberg** brings this action on his own behalf and as the Representative of the **Estate of Michael T. Weinberg**. **Morton Weinberg** is entitled to recover damages on the causes of action set forth herein.

646. Plaintiff **Mary P. Weinberg** is a resident of the State of Florida and is the Mother of **Michael T. Weinberg**. **Mary P. Weinberg** brings this action on her own behalf as the Mother of **Michael T. Weinberg**, and is entitled to recover damages on the causes of action set forth herein.

647. Plaintiff **John Weinberg** is a resident of the State of New York and is the Brother of **Michael T. Weinberg**. **John Weinberg** brings this action on his own behalf as the Brother of **Michael T. Weinberg**, and is entitled to recover damages on the causes of action set forth herein.

648. Plaintiff **Patricia Gambino** is a resident of the State of New York and is the Sister of **Michael T. Weinberg**. **Patricia Gambino** brings this action on her own behalf as the Sister of **Michael T. Weinberg**, and is entitled to recover damages on the causes of action set forth herein.

649. Plaintiff **Donald S. Wiener** is a resident of the State of New Jersey and is the surviving Father of **Jeffrey David Wiener**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jeffrey David Wiener** was employed by Marsh & McClennan USA, located on the 96th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

650. Plaintiff **Donald S. Wiener** brings this action on his own behalf as the Father of **Jeffrey David Wiener**, and is entitled to recover damages on the causes of action set forth herein.

651. Plaintiff **Wilma Wiener** is a resident of the State of New Jersey and is the Mother of **Jeffrey David Wiener**. **Wilma Wiener** brings this action on her own behalf as the Mother of **Jeffrey David Wiener**, and is entitled to recover damages on the causes of action set forth herein.

652. Plaintiff **Robin K. Wiener, Esq** is a resident of the District of Columbia and is the Sister of **Jeffrey David Wiener**. **Robin K. Wiener, Esq** brings this action on her own

behalf as the Sister of **Jeffrey David Wiener**, and is entitled to recover damages on the causes of action set forth herein.

653. Plaintiff **Ronald J Willett** is a resident of the State of Missouri and is the surviving Father of **John Charles Willett**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John Charles Willett** was employed by Cantor Fitzgerald, located on the 101th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

654. Plaintiff **Ronald J Willett** is the Representative of the **Estate of John Charles Willett.**

655. Plaintiff **Ronald J Willett** brings this action on his own behalf and as the Representative of the **Estate of John Charles Willett**. **Ronald J Willett** is entitled to recover damages on the causes of action set forth herein.

656. Plaintiff **Lucille C. Willett** is a resident of the State of Missouri and is the Mother of **John Charles Willett**. **Lucille C. Willett** brings this action on her own behalf as the Mother of **John Charles Willett**, and is entitled to recover damages on the causes of action set forth herein.

657. Plaintiff **Arnold Wittenstein** is a resident of the State of New York and is the surviving Father of **Michael Robert Wittenstein**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michael Robert Wittenstein** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

658. Plaintiff **Arnold Wittenstein** is the Co-Representative of the **Estate of Michael Robert Wittenstein.**

659. Plaintiff **Arnold Wittenstein** brings this action on his own behalf and as the Co-Representative of the **Estate of Michael Robert Wittenstein. Arnold Wittenstein** is entitled to recover damages on the causes of action set forth herein.

660. Plaintiff **Caryn Hinson** is the Co-Representative of the **Estate of Michael Robert Wittenstein.**

661. Plaintiff **Caryn Hinson** is a resident of the State of New York and is the Sister of **Michael Robert Wittenstein. Caryn Hinson** brings this action on her own behalf as the Sister of **Michael Robert Wittenstein**, and is entitled to recover damages on the causes of action set forth herein.

662. Plaintiff **Jeffrey Wittenstein** is a resident of the State of New York and is the Brother of **Michael Robert Wittenstein. Jeffrey Wittenstein** brings this action on his own behalf as the Brother of **Michael Robert Wittenstein**, and is entitled to recover damages on the causes of action set forth herein.

663. Plaintiff **Barbara Wittenstein** is a resident of the State of New York and is the Mother of **Michael Robert Wittenstein. Barbara Wittenstein** brings this action on her own behalf as the Mother of **Michael Robert Wittenstein**, and is entitled to recover damages on the causes of action set forth herein.

664. Plaintiff **Ted Yarnell** is a resident of the State of New Jersey and is the surviving Father of **Matthew David Yarnell,** decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Matthew David Yarnell** was employed by Fiduciary Trust, Inc., located on the 97th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

665. Plaintiff **Ted Yarnell** is the Representative of the **Estate of Matthew David Yarnell.**

666. Plaintiff **Ted Yarnell** brings this action on his own behalf and as the Representative of the **Estate of Matthew David Yarnell. Ted Yarnell** is entitled to recover damages on the causes of action set forth herein.

667. Plaintiff **Michele Yarnell** is a resident of the State of New Jersey and is the Mother of **Matthew David Yarnell. Michele Yarnell** brings this action on her own behalf as the Mother of **Matthew David Yarnell**, and is entitled to recover damages on the causes of action set forth herein.

668. Plaintiff **Kah Leng Yeoh** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Kah Leng Yeoh** was employed by the Marriott Hotel and suffered injuries at Three World Trade Center, New York, New York.

669. Plaintiff **Kah Leng Yeoh** brings this action on her own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

670. Plaintiff **Dianne Young** is a resident of the State of New York and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Dianne Young** was employed by the St. Vincent Catholic Medical Center and suffered injuries in Liberty Plaza at the World Trade Center, New York, New York.

671. Plaintiff **Dianne Young** brings this action on her own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

672. Plaintiff **Rosemarie C. Martie** is a resident of the State of New Jersey and is the Sister of **Salvatore J. Zisa**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001.

673. Plaintiff **Rosemarie C. Martie** brings this action on her own behalf as the Sister of **Salvatore J. Zisa**, and is entitled to recover damages on the causes of action set forth herein.

674. Plaintiff **Tara Bane** is a resident of the Commonwealth of Pennsylvania and is the surviving Wife of **Michael A. Bane**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Michael A. Bane** was employed by Marsh & McLennan Company on the 100th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

675. Plaintiff **Tara Bane** is the Representative of the **Estate of Michael A. Bane.**

676. Plaintiff **Tara Bane** brings this action on her own behalf and as the Representative of the **Estate of Michael A. Bane**. **Tara Bane** is entitled to recover damages on the causes of action set forth herein.

677. Plaintiff **Donald Bane** is a resident of the State of New York and is the Father of **Michael A. Bane**. **Donald Bane** brings this action on his own behalf as the Father of **Michael A. Bane**, and is entitled to recover damages on the causes of action set forth herein.

678. Plaintiff **Christina Bane-Hayes** is a resident of the State of Virginia and is the Sister of **Michael A. Bane**. **Christina Bane-Hayes** brings this action on her own behalf as the Sister of **Michael A. Bane**, and is entitled to recover damages on the causes of action set forth herein.

679. Plaintiff **Grace Kneski** is a resident of the State of South Carolina and is the surviving Mother of **Steven Cafiero**, decedent, who was killed as a result of a terrorist attack on

the World Trade Center Towers in New York City on September 11, 2001. **Steven Cafiero** was employed by AON Risk Management Corporation, located on the 92nd floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

680. Plaintiff **Grace Kneski** is the Representative of the Estate of **Steven Cafiero**.

681. Plaintiff **Grace Kneski** brings this action on her own behalf and as the Representative of the **Estate of Steven Cafiero**. **Grace Kneski** is entitled to recover damages on the causes of action set forth herein.

682. Plaintiff **Janet Calia** is a resident of the State of New Jersey and is the surviving Wife of **Dominick E. Calia**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Dominick E. Calia** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

683. Plaintiff **Janet Calia** is the Representative of the **Estate of Dominick E. Calia**.

684. Plaintiff **Janet Calia** brings this action on her own behalf and as the Representative of the **Estate of Dominick E. Calia**. **Janet Calia** is entitled to recover damages on the causes of action set forth herein.

685. Plaintiff **Stephen L. Cartledge** is a resident of the Commonwealth of Pennsylvania and is the surviving Husband of **Sandra Wright Cartledge**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Sandra Wright Cartledge** was employed by AON Risk Management Corporation, located on the 102nd floor of the South Tower, Two World Trade Center, New York, New York.

686. Plaintiff **Stephen L. Cartledge** brings this action on his own behalf as the Husband of **Sandra Wright Cartledge**, and is entitled to recover damages on the causes of action set forth herein.

687. Plaintiff **Clara Chirchirillo** is a resident of the Commonwealth of Pennsylvania and is the surviving Wife of **Peter Chirchirillo**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Peter Chirchirillo** was employed by Marsh & McClennan USA, located on the 98th floor of the North Tower in the World Trade Center, One World Trade Center, New York, New York.

688. Plaintiff **Clara Chirchirillo** is the Representative of the **Estate of Peter Chirchirillo**.

689. Plaintiff **Clara Chirchirillo** brings this action on her own behalf and as the Representative of the **Estate of Peter Chirchirillo**. **Clara Chirchirillo** is entitled to recover damages on the causes of action set forth herein.

690. Plaintiff **Livia Chirchirillo** is a resident of the State of New York and is the Sister of **Peter Chirchirillo**. **Livia Chirchirillo** brings this action on her own behalf as the Sister of **Peter Chirchirillo**, and is entitled to recover damages on the causes of action set forth herein.

691. Plaintiff **Catherine Deblieck**, a resident of the State of Pennsylvania and is the Sister of **Peter Chirchirillo**. **Catherine Deblieck** brings this action on her own behalf as the Sister of **Peter Chirchirillo**, and is entitled to recover damages on the causes of action set forth herein.

692. Plaintiff **William Coale** is a resident of the Commonwealth of Pennsylvania and is the surviving Father of **Jeffrey Alan Coale**, decedent, who was killed as a result of a terrorist

attack on the World Trade Center Towers in New York City on September 11, 2001. **Jeffrey Alan Coale** was employed by Windows On the World, located on the 106th floor of the North Tower, One World Trade Center, New York, New York.

693. Plaintiff **William Coale** is the Representative of the **Estate of Jeffrey Alan Coale**.

694. Plaintiff, **William Coale** brings this action on his own behalf and as the Representative of the **Estate of Jeffrey Alan Coale**. **William Coale** is entitled to recover damages on the causes of action set forth herein.

695. Plaintiff **Grace M. Parkinson-Godshalk** is a resident of the Commonwealth of Pennsylvania and is the surviving Mother of **William R. Godshalk**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **William R. Godshalk** was employed by Keefe, Bruyette & Woods, located on the 89th floor of the South Tower, Two World Trade Center, New York, New York.

696. Plaintiff **Grace M. Parkinson-Godshalk** is the Representative of the **Estate of William R. Godshalk**.

697. Plaintiff **Grace M. Parkinson-Godshalk** brings this action on her own behalf and as the Representative of the **Estate of William R. Godshalk**. **Grace M. Parkinson-Godshalk** is entitled to recover damages on the causes of action set forth herein.

698. Plaintiff **Tina Grazioso** is a resident of the State of New Jersey and is the surviving Wife of **John Grazioso**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John Grazioso** was employed by Cantor Fitzgerald, ESpeed Division, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

699. Plaintiff **Tina Grazioso** is the Representative of the **Estate of John Grazioso.**

700. Plaintiff **Tina Grazioso** brings this action on her own behalf and as the Representative of the **Estate of John Grazioso**. **Tina Grazioso** is entitled to recover damages on the causes of action set forth herein.

701. Plaintiff **Jin Liu** is a resident of the State of New Jersey and is the surviving Wife of **Liming Gu**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Liming Gu** was employed by Marsh & McLennan USA, located on the 95th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

702. Plaintiff **Jin Liu** is the Representative of the **Estate of Liming Gu**.

703. Plaintiff **Jin Liu** brings this action on her own behalf and as the Representative of the **Estate of Liming Gu**. **Jin Liu** is entitled to recover damages on the causes of action set forth herein.

704. Plaintiff **Fiona Havlish** is a resident of the Commonwealth of Pennsylvania and is the surviving Wife of **Donald G. Havlish, Jr.**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Donald G. Havlish, Jr.** was employed by AON Risk Management Corporation, located on the 101st floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

705. The Plaintiff **Fiona Havlish** is the Representative of the **Estate of Donald G. Havlish, Jr.**

706. Plaintiff **Fiona Havlish** brings this action on her own behalf and as the Representative of the **Estate of Donald G. Havlish, Jr. Fiona Havlish** is entitled to recover damages on the causes of action set forth herein.

707. Plaintiff **Donald G. Havlish, Sr.** is a resident of the State of South Carolina and is the Father of **Donald G. Havlish, Jr**. **Donald G. Havlish, Sr.** brings this action on his own behalf as the Father of **Donald G. Havlish, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

708. Plaintiff **William Havlish** is a resident of the State of Georgia and is the Brother of **Donald G. Havlish, Jr**. **William Havlish** brings this action on his own behalf as the Brother of **Donald G. Havlish, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

709. Plaintiff **Susan Conklin** is a resident of the State of Georgia and is the Sister of **Donald G. Havlish, Jr**. **Susan Conklin** brings this action on her own behalf as the Sister of **Donald G. Havlish, Jr.**, and is entitled to recover damages on the causes of action set forth herein.

710. Plaintiff **Thomas P. Heidenberger** is a resident of the State of Maryland and is the surviving Husband of **Michele M. Heidenberger**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of American Airlines Flight 77 into the Pentagon on September 11, 2001. **Michele M. Heidenberger** was a flight attendant on American Airlines Flight 77, a non-stop flight from Washington, D.C. to San Francisco.

711. Plaintiff **Thomas P. Heidenberger** is the Representative of the **Estate of Michele M. Heidenberger**.

712. Plaintiff **Thomas P. Heidenberger** brings this action on his own behalf and as the Representative of the **Estate of Michele M. Heidenberger**. **Thomas P. Heidenberger** is entitled to recover damages on the causes of action set forth herein.

713. Plaintiff **Theresann Lostrangio** is a resident of the Commonwealth of Pennsylvania and is the surviving Wife of **Joseph Lostrangio**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Joseph Lostrangio** was employed by Devonshire Group, located on the 77th floor of the North Tower in the World Trade Center, One World Trade Center, New York, New York.

714. Plaintiff **Theresann Lostrangio** is the Representative of the **Estate of Joseph Lostrangio**.

715. Plaintiff **Theresann Lostrangio** brings this action on her own behalf and as the Representative of the **Estate of Joseph Lostrangio**. **Theresann Lostrangio** is entitled to recover damages on the causes of action set forth herein.

716. Plaintiff **Ralph S. Maerz, Jr.** is a resident of the Commonwealth of Pennsylvania and is the surviving Father of **Noell Maerz**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Noell Maerz** was employed by Euro Brokers, located on the 84th floor of the South Tower, Two World Trade Center, New York, New York.

717. Plaintiff **Ralph S. Maerz, Jr.** brings this action on his own behalf as the Father of **Noell Maerz**, and is entitled to recover damages on the causes of action set forth herein.

718. Plaintiff **Patricia Milano** is a resident of the State of New Jersey and is the surviving Wife of **Peter T. Milano**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Peter T. Milano** was employed by Cantor Fitzgerald on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

719. Plaintiff **Patricia Milano** is the Representative of the **Estate of Peter T. Milano**.

720. Plaintiff **Patricia Milano** brings this action on her own behalf and as the Representative of the **Estate of Peter T. Milano**. **Patricia Milano** is entitled to recover damages on the causes of action set forth herein.

721. Plaintiff **Joanne Lovett** is a resident of the State of New York and is a surviving Mother of **Brian Nunez**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Brian Nunez** was employed by Cantor Fitzgerald, ESpeed Division, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

722. Plaintiff **Joanne Lovett** is the Representative of the **Estate of Brian Nunez**.

723. Plaintiff **Joanne Lovett** brings this action on her own behalf and as the Representative of the **Estate of Brian Nunez**. **Joanne Lovett** is entitled to recover damages on the causes of action set forth herein.

724. Plaintiff **Linda Panik** is a resident of the Commonwealth of Pennsylvania and is the surviving Mother of **Lt. Jonas Martin Panik**, decedent, who was killed as a result of a terrorist attack on the Pentagon in Arlington County, Virginia on September 11, 2001. Lt. Panik was a Navy Intelligence Officer in the United States Navy.

725. Plaintiff **Linda Panik** brings this action on her own behalf as the Mother of **Lt. Jonas Martin Panik**, and is entitled to recover damages on the causes of action set forth herein.

726. Plaintiff **Martin Panik** is a resident of the Commonwealth of Pennsylvania and is the Father of **Lt. Jonas Martin Panik**. **Martin Panik** brings this action on his own behalf as the Father of **Lt. Jonas Martin Panik**, and is entitled to recover damages on the causes of action set forth herein.

727. **Martina Lyne-Anna Panik** is a resident of the State of Maryland and is the Sister of **Lt. Jonas Martin Panik**. **Martina Lyne-Anna Panik** brings this action on her own behalf as the Sister of **Lt. Jonas Martin Panik**, and is entitled to recover damages on the causes of action set forth herein.

728. Plaintiff **Christine Papasso** is a resident of the State of New York and is the surviving Wife of **Salvatore T. Papasso**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Salvatore T. Papasso** was employed by the New York State Department of Tax and Finance, located on the 86th floor of the South Tower in the World Trade Center, Two World Trade Center, New York, New York.

729. Plaintiff **Christine Papasso** is the Representative of the **Estate of Salvatore T. Papasso**.

730. Plaintiff **Christine Papasso** brings this action on her own behalf and as the Representative of the **Estate of Salvatore T. Papasso**. **Christine Papasso** is entitled to recover damages on the causes of action set forth herein.

731. Plaintiff **Patricia J. Perry** is a resident of the State of New York and is the surviving Wife of **John William Perry**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **John William Perry** was employed by the New York City Police Department.

732. Plaintiff **Patricia J. Perry** is the Representative of the **Estate of John William Perry**.

733. Plaintiff **Patricia J. Perry** brings this action on her own behalf and as Representative of the **Estate of John William Perry**. **Patricia J. Perry** is entitled to recover damages on the causes of action set forth herein.

734. Plaintiff **Judith Jackson Reiss** is a resident of the Commonwealth of Pennsylvania and is the surviving Mother of **Joshua Scott Reiss**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Joshua Scott Reiss** was employed by Cantor Fitzgerald, located on the 105th floor of the North Tower, One World Trade Center, New York, New York.

735. Plaintiff **Judith Reiss** is the Representative of the **Estate of Joshua Scott Reiss**.

736. Plaintiff, **Judith Reiss** brings this action on her own behalf and as the Representative of the **Estate of Joshua Scott Reiss**. **Judith Reiss** is entitled to recover damages on the causes of action set forth herein.

737. Plaintiff **Diane Romero** is a resident of the State of New Jersey and is the surviving Wife of **Elvin Romero**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Elvin Romero** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

738. Plaintiff **Diane Romero** is the Representative of the **Estate of Elvin Romero**.

739. Plaintiff **Diane Romero** brings this action on her own behalf and as the Representative of the **Estate of Elvin Romero**. **Diane Romero** is entitled to recover damages on the causes of action set forth herein.

740. Plaintiff **Ellen L. Saracini** is a resident of the Commonwealth of Pennsylvania and is the surviving Wife of **Victor J. Saracini**, decedent, who was killed as a result of a

terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Victor J. Saracini** was employed by United Airlines and was the pilot of United Flight 175, which crashed into the South Tower, Two World Trade Center, New York, New York.

741. Plaintiff **Ellen L. Saracini** is the Representative of the **Estate of Victor J. Saracini**.

742. Plaintiff **Ellen L. Saracini** brings this action on her own behalf and as the Representative of the **Estate of Victor J. Saracini**. **Ellen L. Saracini** is entitled to recover damages on the causes of action set forth herein.

743. Plaintiff **Anne C. Saracini** is a resident of the State of New Jersey and is the Mother of **Victor J. Saracini**. **Anne C. Saracini** brings this action on her own behalf as the Mother of **Victor J. Saracini**, and is entitled to recover damages on the causes of action set forth herein.

744. Plaintiff **Joanne Renzi** is a resident of the State of New Jersey and is the Sister of **Victor J. Saracini**. **Joanne Renzi** brings this action on her own behalf as the Sister of **Victor J. Saracini**, and is entitled to recover damages on the causes of action set forth herein.

745. Plaintiff **Russa Steiner** is a resident of the Commonwealth of Pennsylvania and is the surviving Wife of **William R. Steiner**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **William R. Steiner** was employed by Marsh & McClennan USA, located on the 97th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

746. Plaintiff **Russa Steiner** is the Representative of the **Estate of William R. Steiner**.

747. Plaintiff **Russa Steiner** brings this action on her own behalf and as the Representative of the **Estate of William R. Steiner**. **Russa Steiner** is entitled to recover damages on the causes of action set forth herein.

748. Plaintiff **Spouse Doe # 1** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 1**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 1** was employed by Fiduciary Trust, Inc., located on the 97th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

749. Plaintiff Spouse Doe # 1 is the Representative of the Estate of Decedent Doe # 1.

750. Plaintiff **Spouse Doe # 1** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 1**. **Spouse Doe # 1** is entitled to recover damages on the causes of action set forth herein.

751. Plaintiff **Spouse Doe # 2** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 2**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 2** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

752. Plaintiff Spouse Doe # 2 is the Representative of the Estate of Decedent Doe # 2.

753. Plaintiff **Spouse Doe # 2** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 2**. **Spouse Doe # 2** is entitled to recover damages on the causes of action set forth herein.

754. Plaintiff **Spouse Doe # 3** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 3**, decedent, who was killed as a result of a terrorist attack on

the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 3** was employed by the Port Authority of New York & New Jersey, located on the 64th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

755. Plaintiff Spouse Doe # 3 is the Representative of the Estate of Decedent Doe # 3.

756. Plaintiff **Spouse Doe # 3** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe** # **3**. **Spouse Doe # 3** is entitled to recover damages on the causes of action set forth herein.

757. Plaintiff **Son Doe # 3** is a resident of the State of New Jersey and is the Son of **Decedent Doe** # **3**. **Son Doe # 3** brings this action on his own behalf as the Son of **Decedent Doe** # **3**, and is entitled to recover damages on the causes of action set forth herein.

758. Plaintiff **Spouse Doe # 4** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 4**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 4** was employed by the Port Authority of New York and New Jersey, located on the 64th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

759. Plaintiff Spouse Doe # 4 is the Representative of the Estate of Decedent Doe # 4.

760. Plaintiff **Spouse Doe # 4** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe** # **4**. **Spouse Doe # 4** is entitled to recover damages on the causes of action set forth herein.

761. Plaintiff **Spouse Doe # 5** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 5**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 5**

was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

762. Plaintiff **Spouse Doe # 5** brings this action on her own behalf as the Wife of **Decedent Doe # 5**, and is entitled to recover damages on the causes of action set forth herein.

763. Plaintiff **Sister Doe # 5** is a resident of the State of New Jersey and is the Sister of **Decedent Doe # 5**. **Sister Doe # 5** brings this action on her own behalf as the Sister of **Decedent Doe # 5**, and is entitled to recover damages on the causes of action set forth herein.

764. Plaintiff **Father Doe # 5** is a resident of the State of New Jersey and is the Father of **Decedent Doe # 5**. **Father Doe # 5** brings this action on his own behalf as the Father of **Decedent Doe # 5**, and is entitled to recover damages on the causes of action set forth herein.

765. Plaintiff **Spouse Doe # 6** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 6**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 6** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

766. Plaintiff Spouse Doe # 6 is the Representative of the Estate of Decedent Doe # 6.

767. Plaintiff **Spouse Doe # 6** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 6**. **Spouse Doe # 6** is entitled to recover damages on the causes of action set forth herein.

768. Plaintiff **Spouse Doe # 7** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 7**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 7**

was employed by Industrial Bank of Japan, located on the 82nd floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

769. Plaintiff Spouse Doe # 7 is the Representative of the Estate of Decedent Doe # 7.

770. Plaintiff **Spouse Doe # 7** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 7**. **Spouse Doe # 7** is entitled to recover damages on the causes of action set forth herein.

771. Plaintiff **Spouse Doe # 8** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 8**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 8** was employed by Canter Fitzgerald, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

772. Plaintiff Spouse Doe # 8 is the Representative of the Estate of Decedent Doe # 8.

773. Plaintiff **Spouse Doe # 8** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 8**. **Spouse Doe # 8** is entitled to recover damages on the causes of action set forth herein.

774. Plaintiff **Mother Doe # 9** is a resident of the State of New Jersey and is the surviving Mother of **Decedent # 9**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent # 9** worked on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

775. Plaintiff **Mother Doe # 9** is the Representative of the **Estate of Decedent # 9**.

776. Plaintiff **Mother Doe # 9** brings this action on her own behalf and as the Representative of the **Estate of Decedent # 9**. **Mother Doe # 9** is entitled to recover damages on the causes of action set forth herein.

777. Plaintiff **Father Doe # 9** is a resident of the State of New Jersey and is the Father of **Decedent # 9**. **Father Doe # 9** is entitled to recover damages on the causes of action set forth herein.

778. Plaintiff **Father Doe # 10** is a resident of the State of New Jersey and is the surviving Father of **Decedent # 10**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent # 10** worked on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

779. Plaintiff **Father Doe # 10** is the Representative of the Estate of **Decedent # 10**.

780. Plaintiff **Father Doe # 10** brings this action on his own behalf and as the Representative of the **Estate of Decedent # 10**. **Father Doe # 10** is entitled to recover damages on the causes of action set forth herein.

781. Plaintiff **Mother Doe # 10** is a resident of the State of New Jersey and is the Mother of **Decedent # 10**. **Mother Doe # 10** is entitled to recover damages on the causes of action set forth herein.

782. Plaintiff **Spouse Doe # 11** is a resident of the Commonwealth of Massachusetts and is the surviving Wife of **Decedent Doe # 11**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of American Airlines Flight 11 into the World Trade Center Towers on September 11, 2001. **Decedent Doe # 11** was on board Flight 11, a non-stop flight from Boston to Los Angeles.

783. Plaintiff Spouse Doe # 11 is the Representative of the Estate of Decedent Doe # 11.

784. Plaintiff **Spouse Doe # 11** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 11**. **Spouse Doe # 11** is entitled to recover damages on the causes of action set forth herein.

785. Plaintiff **Father Doe # 12** is a resident of the Commonwealth of Massachusetts and is the surviving Father of **Decedent Doe # 12**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of United Airlines Flight 175 into the World Trade Center Towers on September 11, 2001. **Decedent Doe # 12** was on board Flight 175, a non-stop flight from Boston to Los Angeles.

786. Plaintiff Father Doe # 12 is the Representative of the Estate of Decedent Doe # 12.

787. Plaintiff **Father Doe # 12** brings this action on his own behalf and as the Representative of the **Estate of Decedent Doe # 12**. **Father Doe # 12** is entitled to recover damages on the causes of action set forth herein.

788. Plaintiff **Father Doe # 13** is a resident of the Commonwealth of Massachusetts and is the surviving Father of **Decedent Doe # 13**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of American Airlines Flight 11 into the World Trade Center Towers on September 11, 2001. **Decedent Doe # 13** was on board Flight 11, a non-stop flight from Boston to Los Angeles.

789. Plaintiff Father Doe # 13 is the Representative of the Estate of Decedent Doe # 13.

790. Plaintiff **Father Doe # 13** brings this action on his own behalf and as the Representative of the **Estate of Decedent Doe # 13**. **Father Doe # 13** is entitled to recover damages on the causes of action set forth herein.

791. Plaintiff **Brother Doe # 13** is a resident of the Commonwealth of Massachusetts and is the Brother of **Decedent Doe # 13**. **Brother Doe # 13** brings this action on his own behalf as the Brother of **Decedent Doe # 13**, and is entitled to recover damages on the causes of action set forth herein.

792. Plaintiff **Mother Doe # 13** is a resident of the Commonwealth of Massachusetts and is the Mother of **Decedent Doe # 13**. **Mother Doe # 13** brings this action on her own behalf as the Mother of **Decedent Doe # 13**, and is entitled to recover damages on the causes of action set forth herein.

793. Plaintiff **Spouse Doe # 14** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 14**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 14** was employed by Sandler O'Neill & Partners LP, located on the 104th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

794. Plaintiff **Spouse Doe # 14** brings this action on her own behalf and on behalf of the Minor Children of **Decedent Doe # 14**. **Spouse Doe # 14** is entitled to recover damages on the causes of action set forth herein.

795. Plaintiff **Mother Doe # 15** is a resident of the State of New York and is the surviving Mother of **Decedent Doe # 15**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe #**

**15** was employed by Fred Alger Management, located on the 93rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

796. Plaintiff Mother Doe # 15 is the Representative of the Estate of Decedent Doe # 15.

797. Plaintiff **Mother Doe # 15** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 15**. **Mother Doe # 15** is entitled to recover damages on the causes of action set forth herein.

798. Plaintiff **Father Doe # 15** is a resident of the State of New York and is the Father of **Decedent Doe # 15**. **Father Doe # 15** brings this action on his own behalf as the Father of **Decedent Doe # 15**, and is entitled to recover damages on the causes of action set forth herein.

799. Plaintiff **Sister Doe # 16** is a resident of the State of New York and is the surviving Sisterof **Decedent Doe # 16**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 16** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

800. Plaintiff Sister Doe # 16 is the Representative of the Estate of Decedent Doe # 16.

801. Plaintiff **Sister Doe # 16** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 16**. **Sister Doe # 16** is entitled to recover damages on the causes of action set forth herein.

802. Plaintiff **Mother Doe # 16** is a resident of the State of California and is the Mother of **Decedent Doe # 16**. **Mother Doe # 16** brings this action on her own behalf as the Mother of **Decedent Doe # 16**, and is entitled to recover damages on the causes of action set forth herein.

803. Plaintiff **Sister Doe # 16** is a resident of the State of New York and is the Sister of **Decedent Doe # 16**. **Sister Doe # 16** brings this action on her own behalf as the Sister of **Decedent Doe # 16**, and is entitled to recover damages on the causes of action set forth herein.

804. Plaintiff **Brother Doe # 16** is a resident of the State of New York and is the Brother of **Decedent Doe # 16**. **Brother Doe # 16** brings this action on his own behalf as the Brother of **Decedent Doe # 16**, and is entitled to recover damages on the causes of action set forth herein.

805. Plaintiff **Spouse Doe # 17** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 17**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 17** was employed by the Port Authority of New York and New Jersey as a consultant, located on the 82nd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

806. Plaintiff Spouse Doe # 17 is the Representative of the Estate of Decedent Doe # 17.

807. Plaintiff **Spouse Doe # 17** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 17** and on behalf of all heirs of **Decedent Doe # 17**. **Spouse Doe # 17** is entitled to recover damages on the causes of action set forth herein.

808. Plaintiff **Son Doe # 17** is a resident of the State of New Jersey and is the Son of **Decedent Doe # 17**. **Son Doe # 17** brings this action on his own behalf as the Son of **Decedent Doe # 17**, and is entitled to recover damages on the causes of action set forth herein.

809. Plaintiff **Jane Doe # 18** is a resident of the State of New Jersey and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on

September 11, 2001. **Jane Doe # 19** was at the World Trade Center in New York at the time of the attack.

810. Plaintiff **Jane Doe # 18** brings this action on his own behalf as and injured party, and is entitled to recover damages on the causes of action set forth herein.

811. Plaintiff **Jane Doe # 19** is a resident of the State of New Jersey and suffers injuries as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Jane Doe # 19** was at the World Trade Center in New York at the time of the attack.

812. Plaintiff **Jane Doe # 19** brings this action on his own behalf as and injured party, and is entitled to recover damages on the causes of action set forth herein.

813. Plaintiff **Spouse Doe # 20** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 20**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 20** was employed by Washington Group International, located on the 91st floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

814. Plaintiff Spouse Doe # 20 is the Representative of the Estate of Decedent Doe # 20.

815. Plaintiff **Spouse Doe # 20** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 20. Spouse Doe # 20** is entitled to recover damages on the causes of action set forth herein.

816. Plaintiff **Spouse Doe # 21** is a resident of the State of New York and is the surviving Wife of **Decedent Doe # 21**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe #**

**21** was employed by AON Risk Management Corporation, located on the 105th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

817. Plaintiff Spouse Doe # 21 is the Representative of the Estate of Decedent Doe # 21.

818. Plaintiff **Spouse Doe # 21** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 21**. **Spouse Doe # 21** is entitled to recover damages on the causes of action set forth herein.

819. Plaintiff **Spouse Doe # 22** is a resident of the State of New York and is the surviving Wife of **Decedent Doe # 22**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 22** was employed by the New York City Fire Department - Ladder Company 15.

820. Plaintiff Spouse Doe # 22 is the Representative of the Estate of Decedent Doe # 22.

821. Plaintiff **Spouse Doe # 22** brings this action on her own behalf, on behalf of the Minor Children, and as the Representative of the **Estate of Decedent Doe # 22**. **Spouse Doe # 22** is entitled to recover damages on the causes of action set forth herein.

822. Plaintiff **John Doe # 23** is a resident of the State of New York and suffered injuries as a result of a terrorist attack on the World Trade Center Towers on September 11, 2001. **John Doe # 23** was at the World Trade Center in New York at the time of the attack.

823. Plaintiff **John Doe # 23** brings this action on his own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

824. Plaintiff **Spouse Doe # 23** is a resident of the State of New York and is the Wife of **John Doe # 23**. **Spouse Doe # 23** brings this action on her own behalf as the Wife of **John Doe # 23**, and is entitled to recover damages on the causes of action set forth herein.

825. Plaintiff **Son Doe # 23** is a resident of the State of New York and is the Son of **John Doe # 23**. **Son Doe # 23** brings this action on her own behalf as the Son of **John Doe # 23**, and is entitled to recover damages on the causes of action set forth herein.

826. Plaintiff **Son Doe # 23** is a resident of the State of New York and is the Son of **John Doe # 23**. **Son Doe # 23** brings this action on her own behalf as the Son of **John Doe # 23**, and is entitled to recover damages on the causes of action set forth herein.

827. Plaintiff **Spouse Doe # 24** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 24**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 24** was employed by Cantor Fitzgerald, Espeed Division, located on the 105th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

828. Plaintiff Spouse Doe # 24 is the Representative of the Estate of Decedent Doe # 24.

829. Plaintiff **Spouse Doe # 24** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 24**. **Spouse Doe # 24** is entitled to recover damages on the causes of action set forth herein.

830. Plaintiff **Son Doe # 24** is a resident of the State of New Jersey and is the Son of **Decedent Doe # 24**. **Son Doe # 24** brings this action on his own behalf as the Son of **Decedent Doe # 24**, and is entitled to recover damages on the causes of action set forth herein.

831. Plaintiff **Son Doe # 24** is a resident of the State of New Jersey and is the Son of **Decedent Doe # 24**. **Son Doe # 24** brings this action on his own behalf as the Son of **Decedent Doe # 24**, and is entitled to recover damages on the causes of action set forth herein.

832. Plaintiff **Spouse Doe # 25** is a resident of the State of New Jersey and is the surviving Ex-Wife of **Decedent Doe # 25**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 25** was employed by Carr Futures, Inc., located on the 92nd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

833. Plaintiff **Spouse Doe # 25** brings this action on behalf of the Minor Children of **Decedent Doe # 25**, and is entitled to recover damages on the causes of action set forth herein.

834. Plaintiff **Father Doe # 26** is a resident of the State of New York and is the surviving Father of **Decedent Doe # 26**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 26** was employed by Marsh & McClennan USA, located on the 96th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

835. Plaintiff Father Doe # 26 is the Representative of the Estate of Decedent Doe # 26.

836. Plaintiff **Father Doe # 26** brings this action on his own behalf and as the Representative of the **Estate of Decedent Doe # 26**. **Father Doe # 26** is entitled to recover damages on the causes of action set forth herein.

837. Plaintiff **Mother Doe # 26** is a resident of the State of New York and is the Mother of **Decedent Doe # 26**. **Mother Doe # 26** brings this action on her own behalf as the

Mother of **Decedent Doe # 26**, and is entitled to recover damages on the causes of action set forth herein.

838. Plaintiff **Spouse Doe # 27** is a resident of the State of New Jersey and is the surviving Wife of **Decedent Doe # 27**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 27** was employed by Cantor Fitzgerald, ESpeed Division, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

839. Plaintiff Spouse Doe # 27 is the Representative of the Estate of Decedent Doe # 27.

840. Plaintiff **Spouse Doe # 27** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 27**. **Spouse Doe # 27** is entitled to recover damages on the causes of action set forth herein.

841. Plaintiff **Son Doe # 27** is a resident of the State of New Jersey and is the Son of **Decedent Doe # 27**. **Son Doe # 27** brings this action on his own behalf as the Son of **Decedent Doe # 27**, and is entitled to recover damages on the causes of action set forth herein.

842. Plaintiff **Son Doe # 27** is a resident of the State of New Jersey and is the Son of **Decedent Doe # 27**. **Son Doe # 27** brings this action on his own behalf as the Son of **Decedent Doe # 27**, and is entitled to recover damages on the causes of action set forth herein.

843. Plaintiff **Father Doe # 28** is a resident of the State of New Jersey and is the surviving Father of **Decedent Doe # 28**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 28** was employed by Cantor Fitzgerald, located on the 104th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

844. Plaintiff Father Doe # 28 is the Representative of the Estate of Decedent Doe # 28.

845. Plaintiff **Father Doe # 28** brings this action on his own behalf and as the Representative of the **Estate of Decedent Doe # 28**. **Father Doe # 28** is entitled to recover damages on the causes of action set forth herein.

846. Plaintiff **Sister Doe # 28** is a resident of the State of New Jersey and is the Sister of **Decedent Doe # 28**. **Sister Doe # 28** brings this action on her own behalf as the Sister of **Decedent Doe # 28**, and is entitled to recover damages on the causes of action set forth herein.

847. Plaintiff **Mother Doe # 28** is a resident of the State of New Jersey and is the Mother of **Decedent Doe # 28**. **Mother Doe # 28** brings this action on her own behalf as the Mother of **Decedent Doe # 28**, and is entitled to recover damages on the causes of action set forth herein.

848. Plaintiff **Sister Doe # 28** is a resident of the State of New Jersey and suffered injuries as a result of a terrorist attack on the World Trade Center Towers on September 11, 2001. **Sister Doe # 28** was at the World Trade Center in New York at the time of the attack.

849. Plaintiff **Sister Doe # 28** brings this action on her own behalf as an injured party, and is entitled to recover damages on the causes of action set forth herein.

850. Plaintiff **Mother Doe # 28** is a resident of the State of New Jersey and is the Mother of **Jane Doe # 28**. **Mother Doe # 28** brings this action on her own behalf as the Mother of **Jane Doe # 28**, and is entitled to recover damages on the causes of action set forth herein.

851. Plaintiff **Father Doe # 28** is a resident of the State of New Jersey and is the Father of **Jane Doe # 28**. **Father Doe # 28** brings this action on her own behalf as the Father of **Jane Doe # 28**, and is entitled to recover damages on the causes of action set forth herein.

852. Plaintiff **Spouse Doe # 29** is a resident of the Commonwealth of Massachusetts and is the surviving Wife of **Decedent Doe # 29**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 29** was employed by the Internal Revenue Service, located at Seven World Trade Center, New York, New York.

853. Plaintiff Spouse Doe # 29 is the Representative of the Estate of Decedent Doe # 29.

854. Plaintiff **Spouse Doe # 29** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 29**. **Spouse Doe # 29** is entitled to recover damages on the causes of action set forth herein.

855. Plaintiff **Son Doe # 29** is a resident of the Commonwealth of Massachusetts and is the Son of **Decedent Doe # 29**. **Son Doe # 29** brings this action on his own behalf as the Son of **Decedent Doe # 29**, and is entitled to recover damages on the causes of action set forth herein.

856. Plaintiff **Son Doe # 29** is a resident of the Commonwealth of Massachusetts and is the Son of **Decedent Doe # 29**. **Son Doe # 29** brings this action on his own behalf as the Son of **Decedent Doe # 29**, and is entitled to recover damages on the causes of action set forth herein.

857. Plaintiff **Daughter Doe # 29** is a resident of the Commonwealth of Massachusetts and is the Daughter of **Decedent Doe # 29**. **Daughter Doe # 29** brings this action on her own behalf as the Daughter of **Decedent Doe # 31**, and is entitled to recover damages on the causes of action set forth herein.

858. Plaintiff **Sister Doe # 30** is a resident of the Commonwealth of Massachusetts and is the surviving Sister of **Decedent Doe # 30**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent**

**Doe # 30** was employed by Marsh & McClennan USA, located on the 95th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

859. Plaintiff **Sister Doe # 30** brings this action on her own behalf as the Sister of **Decedent Doe # 30**, and is entitled to recover damages on the causes of action set forth herein.

860. Plaintiff **Brother Doe # 30** is a resident of the State of Kansas and is the Brother of **Decedent Doe # 30**. **Brother Doe # 30** brings this action on his own behalf as the Brother of **Decedent Doe # 30**, and is entitled to recover damages on the causes of action set forth herein.

861. Plaintiff **Sister Doe # 30** is a resident of the State of Kansas and is the Sister of **Decedent Doe # 30**. **Sister Doe # 30** brings this action on her own behalf as the Sister of **Decedent Doe # 30**, and is entitled to recover damages on the causes of action set forth herein.

862. Plaintiff **Mother Doe # 30** is a resident of the State of Kansas and is the Mother of **Decedent Doe # 30**. **Mother Doe # 30** brings this action on her own behalf as the Mother of **Decedent Doe # 30**, and is entitled to recover damages on the causes of action set forth herein.

863. Plaintiff **Sister Doe # 31** is a resident of the State of New York and is the surviving Sister of **Decedent Doe # 31**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 31** was employed by Euro Brokers, located on the 84th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

864. Plaintiff Sister Doe # 31 is the Representative of the Estate of Decedent Doe # 31.

865. Plaintiff **Sister Doe # 31** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 31**. **Sister Doe # 31** is entitled to recover damages on the causes of action set forth herein.

866. Plaintiff **Brother Doe # 31** is a resident of the State of New York and is the Brother of **Decedent Doe # 31**. **Brother Doe # 31** brings this action on his own behalf as the Brother of **Decedent Doe # 31**, and is entitled to recover damages on the causes of action set forth herein.

867. Plaintiff **Mother Doe # 31** is a resident of the State of New York and is the Mother of **Decedent Doe # 31**. **Mother Doe # 31** brings this action on her own behalf as the Mother of **Decedent Doe # 31**, and is entitled to recover damages on the causes of action set forth herein.

868. Plaintiff **Father Doe # 32** is a resident of the State of New Jersey and is the surviving Father of **Decedent Doe # 32**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 32** was employed by Fiduciary Trust, Inc., located on the 95th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

869. Plaintiff **Father Doe # 32** is the Co-Representative of the **Estate of Decedent Doe # 32.**

870. Plaintiff **Father Doe # 32** brings this action on his own behalf and as the Co-Representative of **Decedent Doe # 32**. **Father Doe # 32** is entitled to recover damages on the causes of action set forth herein.

871. Plaintiff **Mother Doe # 32** is the Co-Representative of the **Estate of Decedent Doe # 32.**

872. Plaintiff **Mother Doe # 32** is a resident of the State of New Jersey and is the Mother of **Decedent Doe # 32**. **Mother Doe # 32** brings this action on her own behalf as the

Mother of **Decedent Doe # 32**, and is entitled to recover damages on the causes of action set forth herein.

873. Plaintiff **Spouse Doe # 33** is a resident of the Commonwealth of Massachusetts and is the surviving Husband of **Decedent Doe # 33**, decedent, who was killed as a result of a terrorist hijacking and subsequent crash of American Airlines Flight 11 into the World Trade Center Towers on September 11, 2001. **Decedent Doe # 33** was on board Flight 11, a non-stop flight from Boston to Los Angeles.

874. Plaintiff Spouse Doe # 33 is the Representative of the Estate of Decedent Doe # 33.

875. Plaintiff **Spouse Doe # 33** brings this action on his own behalf and as the Representative of the **Estate of Decedent Doe # 33**. **Spouse Doe # 33** is entitled to recover damages on the causes of action set forth herein.

876. Plaintiff **Spouse Doe # 34** is a resident of the State of Connecticut and is the surviving Wife of **Decedent Doe # 34**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 34** was employed by Euro Brokers, located on the 84th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

877. Plaintiff Spouse Doe # 34 is the Representative of the Estate of Decedent Doe # 34.

878. Plaintiff **Spouse Doe # 34** brings this action on her own behalf and as the Representative of the **Estate of Decedent Doe # 34**. **Spouse Doe # 34** is entitled to recover damages on the causes of action set forth herein.

879. Plaintiff **Sister Doe # 35** is a resident of the State of New York and is the surviving Sister of **Decedent Doe # 35**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 35** was employed by Cantor Fitzgerald, located on the 103rd floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

880. Plaintiff **Sister Doe # 35** brings this action on her own behalf as the Sister of **Decedent Doe # 35**, and is entitled to recover damages on the causes of action set forth herein.

881. Plaintiff **Sister Doe # 36** is a resident of the State of New York and is the surviving Sister of **Decedent Doe # 36**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 36** was employed by the New York Fire Department.

882. Plaintiff **Sister Doe # 36** brings this action on her own behalf as the Sister of **Decedent Doe # 36**, and is entitled to recover damages on the causes of action set forth herein.

883. Plaintiff **Sister Doe # 37** is a resident of the State of New York and is the surviving Sister of **Decedent Doe # 37**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe # 37** was employed by the New York Fire Department.

884. Plaintiff **Sister Doe # 37** brings this action on her own behalf as the Sister of **Decedent Doe # 37**, and is entitled to recover damages on the causes of action set forth herein.

885. Plaintiff **Spouse Doe # 38** is a resident of the State of New York and is the surviving Husband of **Decedent Doe # 38**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent**

**Doe # 38** was employed by Sandler O'Neill & Partners LP, located on the 104th floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

886. Plaintiff **Spouse Doe # 38** is the Representative of the **Estate of Decedent Doe # 38**.

887. Plaintiff **Spouse Doe # 38** brings this action on his own behalf and as the Representative of the **Estate of Decedent Doe # 38**. **Spouse Doe # 38** is entitled to recover damages on the causes of action set forth herein.

888. Plaintiff **Brother Doe # 39** is a resident of the State of New York and is the surviving Brother of **Decedent Doe # 39**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City of September 11, 2001. **Decedent Doe # 39** was employed by Cantor Fitzgerald located on the 101th floor of the North Tower of the World Trade Center, One World Trade Center, New York, New York.

889. Plaintiff **Brother Doe # 39** brings this action on his own behalf as the Brother of **Decedent Doe # 39**, and is entitled to recover damages on the causes of action set forth herein.

890. Plaintiff **Father Doe # 39** brings this action on his own behalf as the Father of **Decedent Doe # 39**, and is entitled to recover damages on the causes of action set forth herein.

891. Plaintiff **Mother Doe # 39** brings this action on her own behalf as the Mother of **Decedent Doe # 39**, and is entitled to recover damages on the causes of action set forth herein.

892. Plaintiff **Sister Doe # 39** brings this action on her own behalf as the Sister of **Decedent Doe # 39**, and is entitled to recover damages on the causes of action set forth herein.

893. Plaintiff **Brother Doe # 40** is a resident of the State of New York and is the surviving Brother of **Decedent Doe # 40**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. **Decedent Doe #**

**40** was employed by Cantor Fitzgerald, located on the 103rd floor of the South Tower of the World Trade Center, Two World Trade Center, New York, New York.

894. Plaintiff **Brother Doe # 40** brings this action on his own behalf as the Brother of **Decedent Doe # 40**, and is entitled to recover damages on the causes of actions set forth herein.

895. Plaintiff **Brother Doe # 40** brings this action on his own behalf as the Brother of **Decedent Doe # 40**, and is entitled to recover damages on the causes of actions set forth herein.

896. Plaintiff **Wife Doe # 41** is a resident of the State of New York and is the surviving Wife of **Decedent Doe # 41**, decedent, who was killed as a result of a terrorist attack on the World Trade Center Towers in New York City. **Decedent Doe # 41** was employed by the New York Fire Department and was located in the South Tower of the World Trade Center, Two World Trade Center, New York, New York, after the attack occurred.

897. Plaintiff **Wife Doe # 41** brings this action on his own behalf as the Wife and on behalf of the minor children of **Decedent Doe # 41**, and is entitled to recover damages on the causes of actions set forth herein.

898. Plaintiff **Sister Doe # 41** brings this action on her own behalf as the Sister of **Decedent Doe # 41,** and is entitled to recover damages on the causes of actions set forth herein.

899. Plaintiff **Sister Doe # 41** brings this action on her own behalf as the Sister of **Decedent Doe # 41**, and is entitled to recover damages on the causes of actions set forth herein.

900. **Jane and/or John Does # 42 thru 200**, in his or her own right as the family members of deceased and injured parties and on behalf of the Estates of Janes and/or John Does #42 thru 200, have indicated an intention to join this action for the death and injuries of their loved ones. These parties will be added in a subsequent pleading.

## FACTUAL ALLEGATIONS AGAINST DEFENDANTS

## BACKGROUND

901. Plaintiffs incorporate herein all previous paragraphs, and further allege upon information and beliefe: Osama bin Laden and al Qaeda have admitted responsibility for the September 11th terrorist attacks.

902. After numerous other al Qaeda terrorist attacks as described in part above on September 11, 2001, al Qaeda co-conspirators Mohammed Atta, Abdul Alomari, Wail al-Shehri, Waleed al-Shehri, and Satam al-Suqami hijacked American Airlines Flight 11, bound from Boston to Los Angeles, and crashed it into the North Tower, or Tower One, of the World Trade Center in New York.

903. On September 11, 2001, al Qaeda co-conspirators Marwan al-Shehhi, Fayez Ahmed, a/k/a "Banihammad Fayez," Ahmed al-Ghamdi, Hamza al-Ghamdi, and Mohald al-Shehri hijacked United Airlines Flight 175, bound from Boston to Los Angeles, and crashed it into the South Tower, or Tower Two, of the World Trade Center in New York.

904. On September 11, 2001, al Qaeda co-conspirators Khalid ad-Midhar, Nawaf al-Hazmi, Hani Hanjour, Salem al-Hamzi, and Majed Moqed hijacked American Airlines Flight 77, bound from Virginia to Los Angeles, and crashed it into the Pentagon in Arlington, Virginia.

905. On September 11, 2001, al Qaeda co-conspirators Ziad Jarrah, Ahmed al-Haznawi, Saaed al-Ghamdi, and Ahmed al-Nami hijacked United Airlines Flight 93, bound from Newark to San Francisco. In an act of defiant courage, the passengers of Flight 93 overtook the hijackers, resulting in its crash in Shanksville, Pennsylvania, prior to reaching its destination in Washington, D.C.

906. All nineteen (19) hijackers were members of Osama bin Laden's al Qaeda terrorist group. Fifteen (15) of the nineteen suicide hijackers were Saudi Arabian nationals. All

received sponsorship, training, support, funding through the Osama bin Laden and his al Qaeda terrorist network. All Plaintiffs herein were killed and injured as a direct and proximate cause of the acts of these criminals, and the acts of their al Qaeda co-conspirators and sponsors, and the acts of Defendants herein to sponsor these reasonable foreseeable acts. As one federal court recently noted with respect to the statutes under which Plaintiffs herein proceed, 18 U.S.C. 2333 *et. seq.*, the laws are clearly meant to reach beyond those persons who commit the violent act that directly causes the injury. Boim v. Quranic Literacy Institute, et al., 2002 WL 1174558 (7th Cir. Ill.).

## The Banking Defendants

### Al Baraka Investment and Development Corporatin

907. Al Baraka Investment & Development Corporation (or "al Baraka"), a wholly owned subsidiary of Dallah Albaraka Group, is based in Jeddah, Saudi Arabia. Its investments include 43 subsidiaries, mainly banks in Arab and Islamic countries. Most of them are known as or registered as "al Baraka Bank." United States assets include al Baraka Bancorp Inc. in Chicago, Illinois, and al Baraka Bancorp Inc. in Houston, Texas.

908. A memo from the Russia Federation's Security Service details the al Baraka Bank's role in funding Defendant al-Haramain:

> On existing knowledge, part of the obtained financing comes from the charitable collections (Zakat) and goes to the personal foreign accounts of field commanders, including Khattab and Basayef.

909. Al Baraka Bank provided Osama bin Laden with financial infrastructures in Sudan beginning in 1983. For example, the use of al Baraka Bank by al-Haramain was confirmed by a statement from al-Haramain chairman, Aqueel al-Aqueel, who declared that the charity maintained accounts at Al Baraka bank in Saudi Arabia.

910. Al Baraka Investment & Development is mostly present in the Sudanese banking sector, through assets held in Algharb Islamic Bank, al Shamal Islamic Bank, Faisal Islamic Bank, Sudanese Islamic Bank and Tadamon Islamic Bank. Al Baraka is also affiliated with the National Development Bank in Sudan.

911. Defendant Saleh Abdullah Kamel, was born in Makkah, Saudi Arabia, in 1941. After being the adviser to the Saudi Minister of Finance, he founded in 1969 Dallah Albaraka Group LLC, quickly establishing himself as one of the leading promoters of an Islamic financial and banking system capable of rivaling large Western institutions.

912. Dallah Albaraka Group LLC, a diversified conglomerate based in Jeddah, Saudi Arabia, is involved in various industries, services and financial activities. The group includes 23 banks located mostly in the Arab and Islamic countries, in addition to several investment and financial companies.

913. Dallah Albaraka portfolio includes a wholly owned subsidiary specializing in aviation-services, Dallah Avco Trans-Arabia Co Ltd. The company was formed in 1975 and is based in Jeddah.

914. Two of the hijackers on September 11th of American Airlines Flight 77, Nawaf al Hazmi and Khalid al Mihdhar received funding from Omar al Bayoumi (a/k/a Abu Imard) a Saudi national who paid their house rent in San Diego. Al Bayoumi is listed as a suspect wanted by the FBI in connection with the September 11th attacks.

915. Omar al Bayoumi was Assistant to the Director of Finance for Dallah Avco, reference he gave in an application for admission to a doctoral program at Case Western Reserve University in Cleveland in 1998.

916. On May 5, 1998, Omar Al Bayoumi registered a fictious company name called Masjed al Madinah al Munawarah (Masjid al Madinah al Munawarah) based in San Diego, California.

917. In March 25, 1999 a mosque was registered in the state of Pennsylvania under the name of Masjid al Madinah al Munawwarah Inc.

918. Dallah Albaraka financial arm is al Baraka Investment & Development (or "ABID"), a wholly owned subsidiary based in Jeddah.

919. Saleh Abdullah Kamel, Chairman of Dallah al Baraka and al Baraka Bank was one of the three founding members of al Shamal Islamic Bank in 1983, along with a Sudanese company, al Shamal for Investment and Development and the Government of Northern State, then controlled by Governor Mutasin Abdel-Rahim, representative of Hassan al-Turabi.

920. The involvement of Dallah Albaraka Group and al Baraka Bank in providing financial support and assistance to terrorist organizations is also revealed in the financing of the HAMAS terrorist group.

921. In 1998, al Aqsa Islamic Bank was established with $20 million in capital. Its main shareholders were Dallah al Baraka and the Jordan Islamic Bank. Jordan Islamic Bank, a Dallah al-Baraka subsidiary, owns 14 percent of al-Aqsa. Saleh Abdullah Kamel acknowledged that Dallah al-Baraka owns another 12 percent directly.

922. Since 1998, Israel had refused to approve the bank, citing its obvious ties with HAMAS. At the beginning of 2001, several antiterrorist authorities from that country even visited Citibank's headquarters in New York to warn its directors of the nature of the bank's activities.

923. Al Baraka Bank provided support to Al Haramain operations and helped transfer funds for Osama bin Laden operations as reported by the Bosnian Intelligence Agency (Agency for Investigation and Documentation – AID) in a memorandum titled "Some illegal activities of humanitarian organizations investigated by the relevant investigative bodies of the Federation of Bosnia Herzegovina (FbiH)":

> Records available for 1998 show a flow of money into the so-called "operating" account of the HO [Humanitarian Organization] at the Deposti Bank, Sarajevo, from the "main" account, sent from Saudi Arabia via the Deutsche Bank and the Albaraka Bank in Turkey. The amount is 1,059,687 DEM [$2.13 million].

924. Al Baraka Turkish Finance House, al Baraka branch in Turkey is a subsidiary of Dallah al Baraka Company.

925. A Bosnian Intelligence memo regarding the activities of al-Haramain states the following:

> Given all the above security factors, we believe that the clear lack of any concrete humanitarian projects indicates that the existence of this HO [Humanitarian Organization] was a fictitious cover . . .

926. The report establishes al-Haramain's role in financing and assisting Osama bin Laden operations.

> [t]he Saudi HO [Humanitarian Organization] al-Haramain, . . . has acted as a channel for financing the activites of terrorist organizations. . . . According to available intelligence, the Sarajevo office assisted the terrorist organization Gama al Islamija, while members of bin Laden's el Itihad al Islamija (AIAI) terrorist groups were employed at the Somalia offices, which also financed their operations.

927. Additional allegations regarding Defendant al-Haramain are detailed below.

**Al Shamal Islamic Bank**

928. Al Shamal Islamic Bank was formed in the Republic of Sudan (or "Defendant Sudan" or "Sudan") on April 1983, and started operations on January 2, 1990, with a paid capital

of $3.9 million. Shares for subscription were issued between 1997 and 2000. In or about the same year of the bank's formation, Osama bin Laden moved several of his Saudi businesses and assets, or extended the reach of these businesses and assets, into Sudan.

929. A State Department fact sheet on Osama bin Laden, dated August 14, 1996, notes his operations in Sudan since 1983: "In a 1994 interview, Bin Ladin claimed to have surveyed business and agricultural investment opportunities in Sudan as early as 1983".

930. In 1989, Hassan al Turabi, installed a fundamentalist Islamic government in Sudan through a coup.

931. In 1991, Osama bin Laden settled in Sudan, by invitation of Hassan al Turabi and the Sudanese government. A 1996 State Department fact sheet on Osama bin Laden described his operations in the country beginning in 1991:

> Bin Ladin relocated to Sudan in 1991, where he was welcomed by National Islamic Front (NIF) leader Hasan al-Turabi. (...) He embarked on several business ventures in Sudan in 1990, which began to thrive following his move to Khartoum. Bin Ladin also formed symbiotic business relationships with wealthy NIF members by undertaking civil infrastructure development projects on the regime's behalf.

932. Osama bin Laden close relationship with the new regime became "symbiotic" and he conducted several business projects with or on behalf of the NIF. The 1996 State Department fact sheet continues:

> Bin Ladin also formed symbiotic business relationships with wealthy NIF members by undertaking civil infrastructure development projects on the regime's behalf.

933. One of these investments concerned al Shamal Islamic Bank, as reported by the State Department:

> Bin Ladin and wealthy NIF members capitalized al-Shamal Islamic Bank in Khartoum. Bin Ladin invested $50 million in the bank.

934. Osama bin Laden involvement in business transactions and al Shamal Islamic Bank was confirmed by a 2002 Congressional Research Service Report for Congress:

> In 1991, bin Laden relocated to Sudan with the approval of Sudan National Islamic Front (NIF) leader Hasan al-Turabi. There, in concert with NIF leaders, he built a network of businesses, including an Islamic Bank (al Shamal), an import-export firm, and firms that exported agricultural products. An engineer by training, bin Laden also used his family connections in the construction business to help Sudan build roads and airport facilities. The business in Sudan (...) enabled him to offer safe haven and employment in Sudan to al Qaeda members, promoting their involvement in radical Islamic movements in their countries of origin (especially Egypt) as well as anti-U.S. terrorism.

935. Al Shamal Islamic Bank was founded in 1983 by three individuals and entities: al Shamal for Investment and Development, a Sudanese company; Defendant Saleh Abdullah Kamel, Chairman of the Saudi Dallah al Baraka Group, and the Sudanese Government of Northern State, then controlled by Governor Mutasim Abdul-Rahim, Secretary General of the National Congress Party in Khartoum, and representative of Hassan al-Turabi.

936. In April 1984, the al Shamal Bank issued shares to its main founders. They included the Government of Northern State, Defendant Faisal Islamic Bank – Sudan, Defendant Saleh Abdullah Kamel, his brother Omar Abdullah Kamel, and Defendant al Baraka Investment and Development (ABID), wholly owned subsidiary of Dallah al Baraka Group and property of Defendant Saleh Abdullah Kamel.

937. Among the shareholders of the bank in April 1984, was Defendant Faisal Islamic Bank – Sudan, a subsidiary of Islamic Investment Company of the Gulf (Bahrain) EC, whose holding company is Defendant Dar-al-Maal al Islami (DMI), based in Switzerland. The three entities are chaired by Defendant Mohammed al Faisal al Saud, and controlled by Saudi investors.

938. Al Shamal Islamic Bank Chairman and shareholder, Defendant Adel Abdul Jalil Batterjee, is the Chairman of al-Bir Saudi Organization, whose U.S. branch, Benevolence International Foundation (BIF), is also a front for al Qaeda sponsorship.

939. Defendant Adel Abdul Jalil Batterjee is both Chairman of the al Shamal Islamic Bank and was also Chairman of a Saudi charity organization subject to an FBI investigation for terrorist activities (the World Assembly of Muslim Youth).

940. Al Shamal Islamic Bank General Manager Mohammad S. Mohammad acknowledged in a September 2001 press release that Osama bin Laden had two accounts in the bank, opened on March 30, 1992 for al-Hijrah for Construction and Development Ltd, a company the U.S. State Department says "works directly with Sudanese military officials to transport and provision terrorists training in [Osama bin Laden's terrorist training camps in northern Sudan]."

941. A third al Shamal account was opened in 1993 in the name of Osama bin Laden's holding company, Wadi al Aqiq, a company registered in Saudi Arabia. The import-export firm, "in conjunction with his Taba Investment Company Ltd., secured a near monopoly over Sudan's major agricultural exports of gum, corn, sunflower, and sesame products in cooperation with prominent NIF members.

942. Al Shamal Bank has repeatedly been used to fund criminal and terrorist activities. A former bin Laden associate, Jamal Ahmed al-Fadl, testified during the U.S. trial on the 1998 embassy bombings in Africa, that Osama bin Laden and at least six al Qaeda operatives held bank accounts in al Shamal Islamic Bank under their real names:[3]

[3] Given the radical Islamic fundamentalist propensity to proudly divulge and brag regarding one's identity and religious martyrdom (e.g. suicide bombing videotapes with terrorists proudly kissing the Koran), the tracing of records and evidence in this case is strengthened.

Q. While you were in the Sudan, did you handle money for Osama bin Laden?
A. Could you repeat the question.
Q. Did you work on the finances for al Qaeda while you were in the Sudan?
A. Yes.
Q. Did you know where the bank accounts of Osama bin Laden and al Qaeda were?
A. Yes.
Q. Do you know whose names they were in?
A. The bank account under Osama bin Laden in Bank Shaml [al Shamal Islamic Bank], Khartoum.
Q. That was under Osama bin Laden's true name?
A. Yes.
Q. Were there accounts in other names?
A. Yes. Afad Makkee got account also.
Q. Afad Makkee, the account that he had under his name, do you know what name that is?
A. I remember Madani Sidi al Tayyib.
Q. Do you know of any other persons who had al Qaeda money in their accounts?
A. Abu Rida al Suri.
Q. Do you know his true name?
A. Nidal.
Q. Anyone else that you knew had al Qaeda money in bank accounts in their name?
A. Abu Hajer al Iraqi.
Q. Do you know his true name?
A. Mamdouh Salim.
Q. Did you have any accounts in your name?
A. Shared with Abu Fadhl.
Q. So you had accounts in your name that were shared with Abu Fadhl?
A. Yes.
Q. Do you recall anyone else that had bank accounts in their name for al Qaeda?
A. Abdouh al Mukhlafi.

943. Jamal Ahmed al-Fadl also testified that al Qaeda operatives received monthly checks of several hundred dollars from al Shamal Islamic Bank accounts:

Q. When you worked for Osama bin Laden, in the Sudan, how much were you paid?
A. $1,200 (...) per month.
Q. For how long did you work for him?
A. Almost two years.

Q. What banks did he keep his money at?
A. Bank el Shamar [Al Shamal Islamic Bank].
Q. Any other banks?
A. I think he had accounts in different banks, but I only recall Bank Shamar [al Shamal Islamic Bank].

944. Jamal Ahmed al-Fadl also testified that he transferred $100,000.00 from al Shamal Islamic Bank to an al Qaeda representative in Jordan:

Q. How did you carry the $100,000?
A. In my bag with my clothes.
Q. Do you recall what kind of bills the $100,000 was in?
A. I remember they all hundred bill.
Q. Sorry?
A. They all hundred bill.
Q. They were all hundred dollar bills?
A. Yes.
Q. Who gave you the money?
A. Abu Fadhl, he bring it from Shamal Bank [al Shamal Islamic Bank] and he bring it to me.
Q. Abu Fadhl brought it from the Shamal Bank [al Shamal Islamic Bank]?
A. Yes.

945. During the course of the same trial, another associate of Defendant Osama bin Laden, Essam al Ridi, testified that the al Shamal Bank was used for al Qaeda operational purposes, stating that "$250,000 was wired from al Shamal Islamic Bank" in 1993 via Bank of New York to a Bank of America account held in Dallas, Texas -- where he used it to "buy a plane delivered to bin Laden . . . intended to transport Stinger missiles. . . ." in 1993.

946. Following September 11, 2001, Chairman of the Senate Armed Services Committee and Chairman of the Permanent Subcommittee on Investigation of the Governmental Affairs Committee recently testified that Defendant al Shamal Islamic Bank operations continue to finance terror and that there are indications that Osama bin Laden remains the leading shareholder of that bank.

**Al-Rajhi Banking and Investment Corporation**

947. Officially founded in 1987, Defendant al-Rajhi Banking & Investment Corporation, a/k/a al-Rajhi Bank, has a network of nearly 400 branch offices throughout Saudi Arabia and manages seventeen subsidiaries across the world. Defendant Sulaiman Abdulaziz al-Rajhi is the Managing Director of al-Rajhi Banking & Investment Corporation and Defendant Saleh Abdulaziz al-Rajhi is the Chairman.

948. The al-Rajhi Banking & Investment Corporation is the primary bank for a number of charities that serve as al Qaeda front groups. Al-Haramain Islamic Foundation, the Muslim World League, and the International Islamic Relief Organization all funnel terrorism financing and support through the al-Rajhi banking system. One of the hijackers in the September 11th attack, Abdulaziz al-Omari who was aboard American Airlines Flight 11, held an account with al-Rajhi Banking & Investment Corporation.

949. Defendant Sulaiman Abdul Aziz al-Rajhi has a history of financially supporting al Qaeda terrorists. Sulaiman Abdul Aziz al-Rajhi managed the National Commercial Bank budget of the Saudi Joint Relief Committee (SJRC). The al-Rajhi family is the primary financier of the SAAR Foundation Network and, as such, is implicated by the SAAR Network raids for its ties to terrorism and Osama bin Laden. Saleh al-Rajhi has been closely linked to Osama bin Laden's personal secretary, Wadih el-Hage. When the Kenyan house of Osama bin Laden's personal secretary, Wadih el-Hage, was raided in 1997, information regarding Saleh al-Rajhi was discovered. Wadih el-Hage was convicted for the 1998 United States Embassies bombings in Kenya and Tanzania.

950. Co-conspirators, aiders and abettors of the al-Rajhi family include defendants: Sulaiman Abdul Aziz al-Rajhi, Saleh al-Rajhi, Abdullah Sulaiman al-Rajhi, and Khalid Sulaiman al-Rajhi, all of these Defendants do business in and have a significant business presence in the

United States through al-Watania Poultry, one of the World's largest poultry businesses, and through Defendants Mar-Jac Poultry, Inc., Mar-Jac Investments, Inc. and Piedmont Poultry in the United States.

**National Commercial Bank**

951. The Saudi National Commercial Bank (or "NCB") was founded in 1950 by Salim bin Mahfouz. The Jeddah based bank is now the first commercial bank of Saudi Arabia, with profits of $613 million and assets of $26.5 billion in 2001. After Salim's death in 1986, his son Khalid bin Mahfouz became President and CEO of the Saudi National Commercial Bank until 1999, and its principal shareholder with control over more than 50% of the bank's capital. The NCB has several wholly-owned subsidiaries, including SNCB Corporate Finance Ltd. in London, SNCB Securities Ltd. in London, and SNCB Securities Ltd. in New York City.

952. The National Commercial Bank was involved between 1986 and 1990 in the fraudulent schemes and practices of the Bank of Credit and Commerce International (or "BCCI") after NCB Chairman Khalid bin Salim bin Mahfouz became Chief Operating Officer and major shareholder of BCCI. A 1992 United States Senate report on the BCCI affair detailed the role played by the National Commercial Bank in hiding assets and in the cover-up and obstruction of the Senate investigation. The National Commercial Bank was used by Osama bin Laden and al Qaeda as a financial arm. The NCB was operated as a financial conduit for Osama bin Laden's operations. As a former CIA counter-terrorism expert explained:

> How does the al Qaeda organization fund its worldwide network of cells and affiliated groups? Several businessmen in Saudi Arabia and in the Gulf contribute monies. Much of the money is paid as 'protection' to avoid having the enterprises run by these men attacked. There is little doubt that a financial conduit to Bin Laden was handled through the National Commercial Bank, until the Saudi government finally arrested a number of persons and closed down the channel. It was evident that several wealthy Saudis were funneling contributions to Bin Laden through this mechanism. Now, it appears, that these wealthy individuals are

> siphoning off funds from their worldwide enterprises in creative and imaginative ways.

953. Defendant Khalid bin Salim bin Mahfouz was born in Hadramaut, Yemen, on September 12, 1928, Khalid bin Salim bin Mahfouz is the son of Salim bin Mahfouz, who emigrated in Saudi Arabia in or about 1930. His father founded in 1950 the first commercial bank of Saudi Arabia, the National Commercial Bank (NCB), based in Jeddah. The National Commercial Bank is today kingdom's largest bank.

954. The bin Mahfouz family businesses are organized through a series of holding companies, including a conglomerate, Saudi Economic and Development Company LLC (Sedco), founded in 1976 and based in Jeddah, and a petroleum company, Nimir Petroleum, chaired by Khalid bin Mahfouz's son.

955. Between 1986 and 1990, Khalid bin Salim bin Mahfouz was Chief Operating Officer of the Bank of Credit and Commerce International (BCCI). After several fraudulent practices were discovered, Khalid bin Salim bin Mahfouz was indicted on July 1, 1992 on charges of participation in a Scheme to Defraud in the First Degree in violation of New York Penal Law § 190.65, in connection with certain of defendant's acts and omissions relative to BCCI Holdings and certain related entities. The indictment alleges a series of misrepresentations, sham loans, and fraudulent conduct in failing to disclose the status of defendant's interest in BCCI.

956. Under Khalid bin Salim bin Mahfouz, the BCCI was also implicated in supporting terrorism, as reported by the United States Senate.

> In the course of targeting BCCI for laundering drug money, the CIA learned of BCCI's involvement in manipulating certain financial markets, in arms trafficking, and in supporting international terrorism, including handling the finances of Sabri al-Bannah or Abu Nidal, and his terrorist organization.

957. The 1992 Senate investigative Report detailed the initial involvement of the BCCI in terrorism financial support.

> BCCI's support of terrorism and arms trafficking developed out of several factors. First, as a principal financial institution for a number of Gulf sheikhdoms, with branches all over the world, it was a logical choice for terrorist organizations, who received payment at BCCI-London and other branches directly from Gulf-state patrons, and then transferred those funds wherever they wished without apparent scrutiny. Secondly, BCCI's flexibility regarding the falsification of documentation was helpful for such activities. Finally, to the extent that pragmatic considerations were not sufficient of themselves to recommend BCCI, the bank's pan-third world and pro-Islam ideology would have recommended it to Arab terrorist groups.

958. After Salim bin Mahfouz's death in 1986, Khalid bin Salim bin Mahfouz became President and CEO of the Saudi National Commercial Bank until 1999 and its principal shareholder with control over more than 50% of the bank's capital.

959. A bank audit of the National Commercial Bank conducted in 1998 revealed that over a 10 year period $74 million were funneled by its Zakat Committee to the International Islamic Relief Organization, headed by Osama bin Laden's brother-in-law.

960. The NCB audit report also stressed various irregularities due to "unreported expenses and loans." It states that "without knowledge of the Zakat Committee, NCB Directors established over the years credit and loans facilities for several charitable organizations, along with banking facilities that were not reviewed by the Committee." Direct donations were "received through those facilities to the Red Crescent Saudi Committee, International Islamic Relief Organization and Muwafaq Foundation."

961. The NCB audit report points out a $3 million transfer to Blessed Relief Foundation, a supporter of Osama bin Laden founded by Khalid bin Salim bin Mahfouz. Khalid bin Salim bin Mahfouz was dismissed from the NCB in 1999 soon after the bank's audit report

and placed under arrest in Taif. Former CIA Director James Woolsey testified before the Senate Judiciary Committee that along with the "financial ties" to Osama bin Laden, Khalid bin Salim bin Mahfouz was Osama bin Laden's brother-in-law by his marriage to bin Mahfouz's sister Kaleda. Khalid bin Mahfouz set up various charity organizations around the world since 1991. Every of these foundations was linked to al Qaeda and involved in the financing of Osama bin Laden operations.

**Dar al Maal al Islami**

962. Dar al Maal al Islami (or "House of Islamic Money") and (or "DMI") is the registered name for DMI Administrative Services SA. The company is located at avenue Louis-Casai 84, in Cointrin, Switzerland. DMI Administrative Services SA replaced Dar al Maal al Islami on February 5, 2002. DMI activities started July 29, 1981. Until 1983, DMI SA was under M. Ibrahim Kamel's chairmanship. On October 17, 1983, Prince Mohamed al-Faisal al-Saud became CEO. Under Mohammed al Faisal al Saud's chairmanship, DMI developed banking, investment and insurance activities in approximately 20 offices in the world. DMI operates especially abroad in Islamic countries. Investments are conducted under Islamic rules by means of Arab savers:

> The $3.5 billion DMI Trust, whose slogan is "Allah is the purveyor of success," was founded 20 years ago to foster the spread of Islamic banking across the Muslim world. Its 12-member board of directors includes Haydar Mohamed bin Laden, a half-brother of Osama bin Laden.

963. DMI is currently chaired by Abdulkarim Khaled Uusuf Abdulla who replaced Prince Mohamed al-Faisal al-Saud in early 2002. DMI is involved in al Qaeda financing through several subsidiaries: Islamic Investment Bank of the Gulf, Faisal Islamic Bank, Tadamon Islamic Bank, and al Shamal Islamic Bank.

964. DMI holds 100% of Islamic Investment Company of the Gulf. Mohamed al-Faisal al-Saud chairs Islamic Investment Company of the Gulf. Osama bin Laden's brother, Haydar Mohamed bin Laden, used to be a director of the company. Islamic Investment Company of the Gulf (Bahrain) EC is the main shareholder of Faisal Islamic Bank of Sudan, chaired by Mohamed al-Faisal al-Saud.

## Faisal Islamic Bank

965. Faisal Islamic Bank subsidiary of Islamic Investment Company of the Gulf (Bahrain) EC, was one of the five main founders of al Shamal Islamic Bank in April 1984 and became member of the board in July 1988.

966. Defendant Faisal Islamic Bank was implicated during the 2001 U.S. trial on the 1998 embassy bombings in Africa as holding bank accounts for al Qaeda operatives. A former finance manager for al Qaeda in Khartoum, Jamal Ahmed al-Fadl, testified:

> Q. Where were the accounts [of al Qaeda] held? In what countries?
> A. (…) we got account in Bank Faisl Islami [Faisal Islamic Bank].
> Q. Is that also in Khartoum?
> A. Yes."

967. Defendant Faisal Islamic Bank's subsidiary in Turkey is currently under investigation by the Istanbul Prosecutor's Office on charges of tax irregularities concerning seven executives. Prosecutors are demanding three years imprisonment for the executives including Defendant Mohammed al Faisal al Saud.

## Al Barakaat Exchange LLC

968. Al Barakaat Exchange LLC (or "al Barakaat") is a bank based in Dubai, United Arab Emirates, with several branches located around the world. The United States government designated al Barakaat and its branches terrorist entities on November 7, 2001, and froze the organization's assets. Two of the U.S. branches—in Boston, MA, and Alexandria, VA—were

accused of racketeering and conspiracy to avoid reporting financial transactions, respectively. The members of the Alexandria branch have pled guilty.

969. Under Secretary for International Affairs John B. Taylor has described al Barakaat as a premier financial transfer system for al Qaeda:

> Al Barakaat is a financial conglomerate headquartered in Dubai that operates in 40 countries including the United States. The founder of the organization, Shaykh Ahmed Nur Jimale, has close links with Usama bin Laden and has used al Barakaat to facilitate the financing and operations of Al Qaida and other terrorist organizations.

970. Secretary O'Neill corroborated al Barkaat's funding of al Qaeda:

> The al Barakaat companies are the money movers, the quartermasters of terror. At core, it is a hawala conglomerate operating in 40 countries around the world with business ventures in telecommunications, construction, and currency exchange. They are a principal source of funding, intelligence and money transfers for bin Laden.

971. Al Barakaat has branches in Minnesota, Massachusetts, Ohio and Washington State. All of the al Barakaat group of companies are co-conspirators, aiders and abetters of al Qaeda.

## THE CHARITY DEFENDANTS

## THE CHARITY FRONTS OF TERROR

972. Shortly after September 11, the United States Treasury Department designated a spree of charities as terrorist entities and froze their assets. These included the Rabita Trust, al-Haramain, al-Rashid Trust, Wafa Humanitarian Organization, and others. Furthermore, the Treasury Department froze the assets of the Benevolence International Foundation and the Global Relief Foundation. Many of these charities are Saudi funded. Then, in a series of raids over two days in March 2002, federal and local officials stormed the offices of several locations in Virginia and Georgia. These locations housed numerous charities suspected of funneling money to and from al Qaeda.

973. Islamic fundamentalists have usurped the charity as a means to fundraise and travel the world easily and efficiently. Numerous charities around the world have been pinpointed as used for terrorist purposes. Some have been shut down, while others have continued to thrive, raising new funding for their terrorist activities.

974. Al Qaeda itself sprung from Mekhtab al Khidemat (Arabic for the "Office of Services"), which was a charitable organization with offices all over the world. In the United States indictment of al Qaeda and Osama bin Laden for the 1998 United States Embassy bombings in East Africa, the government noted that:

> [Al-Qaeda] grew out of the "mekhtab al khidemat" organization which had maintained offices in various parts of the world, including Afghanistan, Pakistan (particularly in Peshawar) and the United States, particularly at the Alkifah Refugee Center in Brooklyn, New York.

975. The charity defendants in this action are used as terrorist fronts, to mask money transfers and provide cover for terrorist operatives.

**<u>Al-Haramain Islamic Foundation, Inc.</u>**

976. The Saudi Arabian-based al-Haramain Islamic Foundation Inc. (or "al-Haramain") is a private charitable organization that is supposed to provide a variety of humanitarian services for Muslims worldwide. Established in Riyadh in 1992, al-Haramain has quickly developed a vast network of offices and representatives that now spans over fifty countries, including the United States. Al-Haramain raises most of its funds from Saudi Arabia where it oversees the distribution of its resources across the world.

977. Although al-Haramain incorporates in many of the countries in which it operates these branches are still controlled primarily from al-Haramain's headquarters in Riyadh, Saudi Arabia. The President and Vice-President of the United States branch, Aqeel al-Aqeel and Mansour al-Kadi, both reside in Riyadh, Saudi Arabia where they run all of al-Haramain

worldwide. Defendant al-Haramain Islamic Foundation, Inc., is a Saudi charity front that has exploited its non-profit status for the benefit of Osama bin Laden and his terrorist network al Qaeda. In doing so, al-Haramain has developed an extensive worldwide network. Many of al-Haramain's foreign branches have been exposed for providing direct and material support to al Qaeda. The United States State Department has designated two of al-Haramain's branches located in Bosnia and Somalia, as terrorist entities and frozen the assets of both. The leaders of al-Haramain have direct links to al Qaeda.

978. In December of 1999, al-Haramain conducted a joint fundraising event with known al Qaeda front, the defendant International Islamic Relief Organization (IIRO) and suspected front, the World Assembly of Muslim Youth (WAMY) in Riyadh, Saudi Arabia. Al-Haramain and its co-conspirators also solicit and operate widely in the United States.

979. Co-conspirators, aiders and abettors of the al-Haramain Islamic Foundation include defendants: Al Haramain Foundation, Al Haramain Islamic Foundation, Inc., Aqeel Abdul-Azeel al-Aqeel, Mansour al-Kadi, Soliman H.S. al-Buthe, and Perouz Seda Ghaty, all located doing business or registered to do business in the United States.

**Al-Haramain's Humanitarian Efforts Used to Conceal Support for al Qaeda**

980. Al-Haramain's self-titled "Most Important Aims" include relief work in areas of the world where Muslims are deprived. An unwritten, though no less important, aim of al-Haramain is providing assistance to Osama bin Laden's al Qaeda.

981. Intelligence officials throughout the world have acknowledged that al-Haramain exploited its non-profit status in secreting its aid to terrorist groups. In referring to al-Haramain in a speech given on March 11, 2002, U.S. Treasury Secretary Paul O'Neill, stated:

> Few deceits are more reprehensible than the act of collecting charity from well-intentioned donors, and then diverting those funds to support hatred and cruelty. As I said during my visit to the Gulf, misusing charity funds

> to support terrorism harms the people who gave the donation, harms the people who should have received it and is dangerous to us all. Organizations that pervert the name of charity are an affront to us all, and we will find them, expose them, and shut them down.

982. After the June 2, 2002, raids of al-Haramain offices in Bosnia, the Commander of the NATO-led forces in Bosnia, Lieutenant General John Sylvester stated:

> We detected a pattern here . . . for terrorist cells and those who aid and harbor them to operate behind the shield of legitimate humanitarian . . . organizations.... They were preaching good, and sometimes doing good, while plotting evil.

983. On March 11, 2002, the United States froze the funds of the Bosnia-Herzegovina and Somalia branches of the al-Haramain Islamic Foundation. These branches of al-Haramain were "diverting charitable funds to terrorism." The United States Treasury Department issued a Press Release about the designations that stated:

> The branch offices of al Haramain in Somalia and Bosnia are clearly linked to terrorist financing.

984. Although al-Haramain in Saudi Arabia was not included in this designation, the Bosnian and Somali branches receive their funding and guidance from the al-Haramain headquarters in Riyadh, Saudi Arabia.

985. Al-Haramain's Bosnia and Somalia offices and the rest of al-Haramain are closely intertwined. al-Haramain's headquarters provides the funding, management, and direction of the Somalian and Bosnian branches. The headquarters also maintains one website that covers al-Haramain worldwide and, on occasion, devotes certain pages of its website to certain individual branches.

986. A United States Treasury Department Press Release marking the formal terrorist designation stated that al-Haramain worked with the al Qaeda linked Somali-based terrorist group al-Itihaad al-Islamiya and the al Qaeda financial vehicle al-Barakaat Bank:

> The Somalia office of al-Haramain is linked to Osama bin Laden's al Qaeda network and al-Itihaad al-Islamiya (AIAI), a Somali terrorist group. al-Haramain Somalia employed AIAI members and provided them with salaries through al-Barakaat Bank, which was designated on November 7, 2001 under E.O. 13224 because of its activities as a principal source of funding, intelligence and money transfers for Osama bin Laden.

987. The cooperation between al Qaeda and AIAI has not ceased. The 2002 United States Department of State's Patterns on Global Terrorism report states that AIAI is a terrorist group that maintains ties to al Qaeda. The Treasury Department Press Release about the designation also states that al-Haramain's support of AIAI has been concealed under its humanitarian cover:

> Over the past few years, al-Haramain Somalia has funneled money to AIAI by disguising funds as if they were intended for orphanage projects or Islamic school and mosque construction. The organization has also employed AIAI members and provided them with salaries through Barakaat Banks and Remittances, a subsidiary of al-Barakaat Bank.

988. This concert of action, and abetting of terror is precisely the marker of the offensive upon the United States that culminated on September 11th.

**<u>Al-Haramain's Ties to al Qaeda's 1998 U.S. Embassy Bombings</u>**

989. The al-Haramain Islamic Foundation was banned from Kenya for national security concerns following the 1998 Embassy Bombings. Osama bin Laden and al Qaeda were convicted by the United States in 2001 for plotting and executing these dual attacks in Nairobi, Kenya, and Dar Es Salaam, Tanzania, which killed 224 people, including 12 Americans, and injured more than 4,000. These indictments and convictions demonstrate the United States government's belief that both Osama bin Laden and al Qaeda commit acts within and outside the United States which trigger the United States Courts' jurisdiction over such entities.

990. The United States Treasury Department Press Release following the March 11, 2002, designation of al-Haramain's Bosnian and Somalia offices states its connection to the terrorist group al-Gama'at al-Islamiyya:

> The Bosnia office of al-Haramain is linked to al-Gama'at al-Islamiyya, an Egyptian terrorist group. Al-Gama'at al-Islamiyya was designated on November 2, 2001 and it is a signatory to Osama bin Laden's Fatwah dated February 23, 1998, targeting Americans and their allies.

991. In March 2002, Bosnian officials raided al-Haramain's Sarajevo office and discovered more proof of al-Haramain using its humanitarian image as a cover for terrorism. A Bosnian intelligence report explains how investigators discovered that al-Haramain's financial records from 1994 through 1998 had been destroyed and that $1.59 million had been inexplicably withdrawn from the charity between 1999 and 2001. The Bosnian intelligence report about the March 2002 raids also stated: "We believe that the clear lack of any concrete humanitarian projects indicates that the existence of this organization was a fictitious cover for probable links with terrorism." In 2001, the Saudi-based al-Haramain aided al Qaeda terrorists groups in Chechnya by providing them with recruits, weapons, and money.

992. Al-Haramain's website used to have a direct link to the al Qaeda site about the Chechnyian operations (qoqaz.com). The website is part of the al Qaeda propaganda organization, Azzam Publications group of websites, including qoqaz.com, qoqaz.net, and azzam.com (among others). The Government of the United States has been tracking the domains of azzam.com and qoqaz.com in an ongoing effort to shut-down the sites for their role as an al Qaeda sponsor, promoter and mouthpiece. FBI Special Agent Robert Walker described qoqaz.net, the English-language equivalent of qoqaz.com, in his April 29, 2002, Affidavit in Support of Complaint Against Benevolence International Foundation, Inc. and Enaam M. Arnout. In his Affidavit, Walker stated that qoqaz.net leverages its relationship with charities:

> In or about early 2000, a website (www.qoqaz.net) dedicated to the cause of Chechen mujahideen identified the leaders of the military fight in Chechnya as including Ibn al Khattab and included pictures of mujahideen training as well as killed mujahideen. CW-1 has identified Ibn al Khattab as a well-known mujahideen leader with links to Osama bin Laden. . . .
>
> The website condemned America . . .

993. Shortly after the merger of Egyptian Islamic Jihad with Osama bin Laden's al Qaeda (See, Sudan allegations, *supra*), Ahmed Ibrahim al-Najjar, initially a member of the Egyptian Islamic Jihad, was sent on a new mission to Albania to work for al-Haramain. After al-Najjar was deported from Albania to Egypt in 1999, he was sentenced to death for terrorism. In his testimony, al-Najjar admits to being a full-fledged al Qaeda member who entered Albania with a false passport and who, like many other al Qaeda operatives, was engaged in purported humanitarian activities while waiting for new orders to act. The case of al-Najjar is but one example of a senior al Qaeda operative who not only found refuge from authorities with al-Haramain, but a platform from which to wage war and promote the use of terror.

994. Al-Haramain took part in a committee of charitable organizations that formed the Saudi Joint Relief Committee (or "SJRC"). Along with al-Haramain, the SJRC is comprised of the IIRO, WAMY, the Saudi Red Crescent, and the Muslim World League, among others. The SJRC has been connected to Osama bin Laden and two of his top operatives, Wa'el Hamza Jalaidan and Adel Muhammad Sadiq bin Kazem. Al-Haramain has been able to continue its cooperation with al Qaeda for years in large part due to its ostensible appearance as a humanitarian organization.

995. In the United States, al-Haramain has three business entities in Ashland, Oregon: al-Haramain Foundation, al-Haramain Islamic Foundation, and al-Haramain Islamic Foundation, Inc. All three of these separately filed businesses are at the same address and under the same

management. These three businesses are one and the same as al-Haramain's headquarters in Riyadh, Saudi Arabia. The President and Vice-President of the United States branch, Aqeel al-Aqeel and Mansour al-Kadi, are the Secretary General and Deputy General, respectively, of the Riyadh office. The al-Haramain branch in Ashland, Oregon, is specifically linked to al Qaeda and the branch in Kenya that was banned for national security concerns following the 1998 Embassy Bombings.

996. Al-Haramain Ashland states in its year 2000 Form 990 that it operates an Islamic center in Springfield, Missouri. Corporate records reveal that al-Haramain owns the property of 2151 E. Division St., Springfield, Missouri, which is the location of the Islamic Center of Springfield.

**<u>Benevolence International Foundation Inc., a/k/a Al Bir al DaWalia</u>**

997. The Benevolence International Foundation (or "BIF"), headquartered in Palos Hills, Illinois, purports to be an international charity organization involved in fundraising for charitable causes. BIF has offices in Pakistan, Bosnia, Azerbaijan, Tajikistan, Yemen, Bangladesh, Turkey, Dagestan, Georgia, China and Inguesheti a.

998. The organization known as "al Bir al Dawalia," which translated from Arabic means "Benevolence International," was originally founded in the 1980's by a wealthy Saudi Arabian national named Adil Abdul Galil Batargy, who was an associate of Osama bin Laden. Adil Abdul Galil Batargy later transferred control of the organization to the current Chief Executive Officer Enaam M. Arnaout.

999. BIF was incorporated in the State of Illinois as a non-profit organization on or around March 30, 1992. One of the directors listed on the incorporation documents is Defendant Adel Abdul Jalil Batterjee a/k/a Adil Abdul Galil Batargy. Enaam Arnaout has been affiliated with BIF since at least 1992.

1000. Evidence introduced in the criminal trial of United States v. Usama Bin Laden, et al., Case Number S98 Cr. 1023, United States District Court, Southern District of New York, and gathered in the related investigation, demonstrated that al Qaeda sought and received a substantial amount of financial support from numerous international sources for the procurement of equipment (including weapons and communication equipment), recruitment, training, transportation, and lodging, among other expenses. In addition, al Qaeda terrorists receive training in how to avoid law enforcement and intelligence scrutiny and have a proven ability to travel surreptitiously. They are also taught to avoid putting matters in writing.

1001. Al Qaeda members have held positions in BIF and this charity is one of the organizations utilized by al Qaeda.

1002. Once money was withdrawn from the bank accounts of relief organizations, its use by al Qaeda was virtually untraceable. According to an affidavit of Special Agent Robert Walker of the FBI, an al Qaeda witness explained that the money would almost always be withdrawn in cash, and the relief organizations from whose account the money was taken would generate paperwork which indicated that all the money was being used for charitable purposes such as building mosques or schools, or providing for or clothing for the poor. According to this affidavit, only a portion of the money withdrawn was actually used for the purposes stated by the relief organizations. The remaining funds were provided to al Qaeda for whatever use al Qaeda deemed necessary. This is consistent with evidence adduced at the 1995 trial in the Southern District of New York of persons convicted of seditious conspiracy involving the 1993 plot to attack various buildings in New York. One of the defendants admitted that he had been smuggling money into the United States.

1003. On or about March 19, 2002, law enforcement authorities in Bosnia-Herzegovina searched eight locations affiliated with BIF, including BIF's offices in that country. The documents recovered included documents establishing direct communication between Enaam Arnaout and Osama bin Laden and others in the late 1980's and early 1990's. The documents included a disk found at BIF's office in Bosnia which included scanned images of these documents.

1004. On December 16, 1994, Defendant Mohamad Jamal Khalifa, while traveling with the aforementioned Bayazid, was detained in San Francisco by American officials. At the time, Mohamad Jamal Khalifa had been living for a substantial period of time in Manila, the Philippines, and was affiliated with a number of entities, including a non-government organization known as Benevolence International Corporation (or "BIC") and the International Islamic Relief Organization (or "IIRO"). At the time of his travel, Mohamad Jamal Khalifa had been convicted in absentia in Jordan for his alleged involvement in 1993 and 1994 in a series of bombings of public places in Jordan. Two of the principal participants in the bombing were Jordanians who had spent time with Mohamad Jamal Khalifa in the Philippines but who had then returned to Jordan to conduct these bombings and contemplated assassinations. Mohamad Jamal Khalifa was then retried – and acquitted – after his extradition from San Francisco to Jordan following the December 1994 stop. At his Jordanian trial, Mohamad Jamal Khalifa admitted to the Jordanian authorities that he had known the bombers and had sent them money.

1005. Mohamad Jamal Khalifa, alias "Abu Baraa," is referenced on a historical document recovered in the searches of BIF locations in Bosnia in March 2002. On or about November 19, 1998, telephone toll records indicate that BIF's Illinois office was in telephonic contact with a telephone number in Saudi Arabia used by Khalifa.

1006. Financial records obtained from Citibank indicate that in the four month period from January 4, 2000, to April 11, 2000, BIF sent nineteen (19) wire transfers from its checking account, number 980110435, in the amount of $685,560.

1007. A folder recovered in another BIF search in December 2001, indicated handwritten notations in Arabic which included the statements:

> Contribute with your mujahideen brothers to repel the Crusader-Zionist attack on Muslim lands.
>
> Steeds of war projects.

1008. The reference to "steeds of war projects" is an apparent reference to a verse in the Koran which reads: "Against them [the enemies] make ready your strength to the utmost of your power, including steeds of war, to strike terror into the hearts of the enemies . . . ."

1009. On April 21, 1999, evidence recovered by the FBI from BIF's office in Palos Hills, Illinois, included, among other things, a copy of a February 1999 article in the Seattle Times concerning small pox as a biological terrorism weapon. The sections of the text indicating that federal, state and local authorities are poorly prepared for a biological attack involving smallpox were highlighted. In none of BIF's advertisements of its humanitarian causes has it ever indicated that it was dealing with the issue of small pox in any country.

1010. BIF claims to be a charitable organization but in fact is engaged in the support of various persons and groups involved in military and terrorist type activity.

1011. Enaam Arnaout has a relationship with Osama bin Laden and many of his key associates dating back more than a decade, as evidenced by cooperating witnesses and seized documents. BIF is an organization that al Qaeda has used for logistical support, including the movement of money to fund its operations, according to a cooperating witness familiar with al Qaeda. Various persons involved in terrorist activities, specifically including persons trying to

obtain chemical and nuclear weapons on behalf of al Qaeda have had contacts with BID offices and personnel.

1012. Benevolence International Foundation has had direct dealings with representatives of the Chechen insurgents as well as Hezb e Islami, a military group operating at various times in Afghanistan and Azerbaijan. Benevolence International Foundation made efforts to provide the Chechen mujahideen with money, an X-ray machine, and anti-mine boots, among other things.

1013. On December 14, 2001, searches were conducted of the offices of Benevolence International Foundation in Palos Hills, Illinois, and in Newark, New Jersey, along with the home of its chief executive officer, Enaam M. Arnaout, removing materials from each place.

1014. Also on December 14, 2001, the Treasury Department's Office of Foreign Asset Control (or "OFAC") issued an order blocking BIF's assets and records, pending further investigation into BIF's ties to terrorists. Enaam M. Arnaout, Chairman of BIF, has a relationship with Osama bin Laden and key associates dating back more than a decade. The BIF is used by al Qaeda for logistical support; terrorists attempting to obtain chemical and nuclear weapons on behalf of al Qaeda have contacts with the BIF and its office personnel; and BIF has had direct dealings with al Qaeda operatives, providing them with military and financial support.

1015. According to a government witness, Enaam M. Arnaout was planning in March 2002, to leave for Jeddah, Saudi Arabia

1016. Co-conspirators, aiders and abettors of the Benevolence International Foundation, a/k/a al-Birr al-Dawalia, include defendants: Benevolence International Foundation – U.S.A. (Main Office), Benevolence International Foundation – U.S.A. (East Coast Office), Benevolence International Foundation – Canada, Syed Suleman Ahmer, Enaam Mahmoud Arnaout, a/k/a Abdel del Samia, a/k/a Abu Mahmoud, Mazin M.H. Bahareth, Shahir Abdulraoof Batterjee,

Zahir H. Kazmi, Muzaffar Khan, Soliman J. Khudeira, and Jamal Nyrabeh, all located, doing business or registered to do business in the United States.

1017. World Assembly of Muslim Youth is an al Qaeda front. Co-conspirators, aiders and abettors of the World Assembly of Muslim Youth, a/k/a WAMY International, Inc., World Association for Muslim Youth, include defendants: WAMY International, Inc. Abdullah bin Laden, Ibrahim S. Abdullah, Mohammad bin Faris, and Dr. Mahmoud Dakhil, all located doing business or registered to do business in the United States.

**International Islamic Relief Organization**

1018. The International Islamic Relief Organization (or "IIRO") has materially supported terror around the globe, including Osama Bin Laden and al Qaeda. IIRO's office in the Philippines is headed by Osama bin Laden's brother-in-law, Defendant Mohammed Jamal Khalifa and has acted as a center of terrorist financing and training activity – across the globe. IIRO then evolved into a vast independent terrorist machine – funding, recruiting and aiding and abetting al Qaeda members around the globe. IIRO was involved with the 1993 World Trade Center bombing, the plot to destroy the Lincoln Tunnel and the Brooklyn Bridge, the plot to assassinate President William Jefferson Clinton and Pope John Paul II, the plot to blow up twelve American airplanes simultaneously, and the 1998 Embassy bombings in East Africa.

1019. The IIRO sister company, International Relief Organization ( or "IRO"), sends money back and forth with IIRO. IRO sends money to other organizations that sponsor terror. Another IIRO sister company, the Success Foundation, sends money back and forth with the IIRO and IRO. The Success Foundation also sends money to other organizations who sponsor terror.

1020. Several employees of the Muslim World League, IIRO's parent organization, have explicitly worked with al Qaeda. Osama bin Laden's associates from Afghanistan

infiltrated and propagated Muslim World League Offices around the world. The Rabita Trust, another branch of the Muslim World League, had its assets frozen as a Specially Designated Global Terrorist Entity (or "SDGI") of the United States Treasury. Wa'el Jalaidan, as Secretary General of the Rabita Trust and Muslim World League Office in Peshawar, Pakistan has repeatedly aided and abetted terrorists.

1021. Abdurahman Alamoudi, the Secretary of the Success Foundation, has openly stated his support for HAMAS and Hizbollah, both designated terrorist organizations. Alamoudi is the President of the American Muslim Foundation (or "AMF"), which receives thousands of dollars from the Success Foundation, as stated on the income tax Form 990s for the Success Foundation. Mohammed Omeish, President of the United States branches of IIRO and IRO, as well as their sister organization the United States-based Success Foundation, is also Vice-President of the American Muslim Foundation.

1022. Adnan Basha, IIRO's Secretary-General, wrote "The major finance is coming from the generous people of Saudi Arabia, King Fahd, and the royal family." Arafat El-Ashi, head of IIRO's Canada branch, testified in the trial of Mahmoud Jaballah that IIRO and MWL were intimately connected to and funded by certain Saudi Arabian interests. Arafat el-Ashi made clear in his testimony in the Jaballah trial that as a IIRO and MWL employee, he was also an employee of the Saudi government.

1023. IIRO became al Qaeda's charity of choice to funnel money and weapons as described in the book *The Arab Volunteers of Afghanistan*, published by Adil Abdul Galil Batargy and the relief organization Benevolence International Foundation.

1024. According to the account of Mohammed Bayazid, al Qaeda member and associate of Osama bin Laden, the Muslim World League opened an office in Pakistan for the

use of the founders of al Qaeda. The Muslim World League initially was funded by Osama bin Laden, then the government of Saudi Arabia took over the funding. According to the Arabic periodical publication *Rose Al-Yusuf*, the IIRO is firmly entrenched with Osama bin Laden's al Qaeda organization. As one example, the IIRO supported an al Qaeda guest house in Egypt.

1025. The perpetrators of the first attack on the World Trade Center in 1993 were given al Qaeda funding and support through Defendants Mohamad Khalifa and IIRO. Mohamad Khalifa, as the head of IIRO, used the organization to collect and launder money for al Qaeda operations. IIRO funded the terrorist al Qaeda groups Moro Islamic Liberation Front (or "MILF") and the Abu Sayef Group (or "ASG"). A former Abu Sayyaf member stated: "Less than 30% of the IIRO funds went to legitimate public works, the rest going toward the purchase of weapons." Mohamad Khalifa's branch of the IIRO served as a base to plan and finance al Qaeda.

1026. IIRO built its office in Khartoum, Sudan in the same residential neighborhood as Osama bin Laden's personal office, according to the testimony of a former al Qaeda member, Jamal Ahmed Mohammed Al-Fadl. IIRO also built its Khartoum office near the office of Benevolence International Foundation, another al Qaeda front, and in the same residential neighborhood where Osama bin Laden had his personal office.

1027. The IIRO was implicated in the bombing of the United States Embassies in Kenya-Tanzania in 1998. Kenya deregistered the IIRO after the bombing. IIRO Tanzania was reportedly working with al Qaeda immediately before the United States Embassy bombing. IIRO went on to plot to destroy United States Consulates in India in 1999, this time with less success.

1028. According to Canadian intelligence documents, IIRO funded al-Jihad. Mohmous Jaballah, Islamic al-Jihad member tried in Canada, was an IIRO employee. Egyptian al-Jihad, led by al Qaeda's second-in-command, Ayman al-Zawhiri, is a branch of al Qaeda. As an employee of IIRO Canada, Mohammed Khatib founded the Canadian branch of Benevolence International Foundation.

1029. IIRO works with numerous other al Qaeda affiliated charities. IIRO shares the same address in England as the International Development Foundation (or "IDF"), a charity affiliated with Defendant Khalid bin Mafouz, a senior al Qaeda financier. The Success Foundation, IIRO's namesake, is also funded by Khalid bin Mafouz. IIRO aids and abets the Saudi Joint Relief Committee, an al Qaeda charity in Bosnia and elsewhere. IIRO, through Khalifa, sponsors, aids and abets Benevolence International Foundation, the al Qaeda charity front. IIRO provides funding for other alleged humanitarian organizations that have suspected ties to al Qaeda: Global Relief Foundation (or "GRF"), Taibah International, Islamic African Relief Agency, World Assembly of Muslim Youth, (or "WAMY").

1030. Mohammed Omeish is Vice President of American Muslim Foundation which according to its tax Form 990, filed in 1999, gave money to Tarik Hamdi. Tarik Hamdi helped Osama bin Laden get a satellite phone and other electronic equipment which was used to coordinate terrorism, including the African Embassy bombings.

1031. After September 11, 2001, IIRO's offices in Virginia were raided by the FBI as a result of al Qaeda sponsorship. One of the September 11 hijackers claimed to be going to work for IIRO Fazeh Ahed. IIRO also extensively funded the Taliban regime. As stated by Dr. Adan Basha, Secretary-General of IIRO, the IIRO donated more than Sixty Million ($60,000,000) dollars to the Taliban Regime. After September 11, 2001, Pakistan deported 89 Arab aid

workers from the IIRO and other organizations because they were aiding, abetting, funding, otherwise conspiring with, sponsoring and/or supporting al Qaeda.

1032. Sanabil al-Khair was created to manage the International Islamic Relief Organization's financial assets. IIRO's website states, "It [IIRO] has established an endowment fund (Sanabil Al-Khair) which will be used to generate a stable income to finance its various activities." The Sanabil al-Khair has incorporated in the United States under two different names. The Sana-Bell, Inc. and Sanabel al-Kheer, Inc. Their corporate records indicate the same address as IIRO in Herndon, Virginia.

1033. Co-conspirators, aiders and abettors of the International Islamic Relief Organization include defendants: Success Foundation, Inc., Mohamed S. Omeish, Abdurahman Alamoudi, Khaled Nouri, Sulaiman al-Ali, Abdullah M. al-Mahdi, Tareq M. al-Swaidan, Abdul al-Moslah, Salah Badahdh, Abdullah bin Saleh al Obaid, Hassan A.A. Bahfzallah, and M. Yaqub Mirza, all located, doing business or registered to do business in the United States.

**The Muslim World League**

1034. The Muslim World League was founded in 1962 in Saudi Arabia, to "disseminate Islamic Dawah and expound the teachings of Islam." The Muslim World League (or "MWL") is the parent organization of the al Qaeda charity IIRO. MWL uses the IIRO as an operational arm to perform many of its charitable activities.

1035. The Muslim World League is an organization funded, supported, financed and controlled by Saudi Arabia. According to the testimony of Arafat al-Asahi, a MWL representative in Canada:

> Q. During those eight years that you have been with the IIRO here in Canada, have you ever heard anything to the effect that the Canadian government has any concern whatsoever with respect to your office?
> A. Let me tell you one thing. The Muslim World League, which is the mother of IIRO, is a fully government funded organization. In other

words, I work for the Government of Saudi Arabia. I am an employee of that government. Second, the IIRO is the relief branch of that organization which means that we are controlled in all our activities and plans by the Government of Saudi Arabia. Keep that in mind, please.

Q. I will. Thank you. When you say you work for the Government of Saudi Arabia, are you also paid by that government?

A. I am paid by my organization which is funded by the government. Let me tell you one little thing. Whenever the Saudi Embassy in Ottawa required anything, to ask about any Muslim project all over Canada, they come to us. They ask us about the people who are doing this project. Do you get this point?

Q. Yes.

A. Whatever we say is acceptable, fully acceptable, by the Saudi Embassy and by the government of Saudi Arabia.

Q. Is the Muslim World League the type or organization that would actually have physical offices in countries throughout the world?

A. Of course. I said in the beginning that we have over 30 offices all over the world? One is here; one is in Washington, D.C. They are spread all over, in Europe, in Asia.

Q. When you speak of an office that is an IIRO office, that counts as a Muslim World League office as well?

A. What happens is that sometimes the IIRO and the Muslim World League office is one, but sometimes they have two different offices, although the umbrella organization is the same, which is the Muslim World League.

1036. The Muslim World League has at least two offices in the United States. One in New York City, which is currently active, and its main office in Herndon, Virginia, which was the target of federal raids in early March 2002. Its officers at the Virginia office are President Abdullah bin Saleh al-Obaid, Vice President Hassan A. A. Bahafzallah, and Secretary/Treasurer Yaqub M. Mirza.

1037. Abdullah al-Obaid, President of the United States branch of MWL, and former Secretary-General of the organization, runs one of the al-Rajhi family's largest corporations, al-Watania. The al-Rajhi family is the primary funder of the entire SAAR Foundation Network. Adullah al-Obaid also served as Secretary-General of the Rabita Trust.

1038. Yaqub Mirza, the secretary and treasurer of the MWL in the United States is the financial mastermind of the SAAR Network. Yaqub Mirza's house was raided in March, 2002 by federal authorities for his alleged connections to al Qaeda and September 11, 2001.

1039. The MWL has numerous connections with al Qaeda operatives. Mohammed Bayazid, an al Qaeda operative who fought alongside Osama bin Laden and the other mujahideen in Afghanistan (and has been implicated in a plot to get nuclear materials for al Qaeda), described how Defendant Mohammed Jamal Khalifa, Osama bin Laden's brother-in-law, opened a Muslim World League office in Pakistan for the use of the founders of al Qaeda:

> Brother Jamal Khalifa (Abu-l-Bara) was the one who started the educational project, both in the interior of Afghanistan and abroad. Thanks to Dr. Abdullah Azzam's efforts he succeeded in getting the approval of the Muslim World League to open an office for the League in Peshawar as an umbrella under which the brothers could work and move in Pakistan freely.

1040. Wa'el Jalaidan, whom the United States Treasury Department named as "one of the founders of al Qaeda," headed the Muslim World League in Peshawar, Pakistan and also served as the Secretary-General of the Rabita Trust. Wa'el Jalaidan spread Muslim World League offices around the world. These offices served in the early days of al Qaeda to attract and train holy warriors for the war in Afghanistan.

1041. Wadih el-Hage, convicted for his role in the 1998 United States Embassies bombings in Africa, stated at his trial that he worked at the Muslim World League in Peshawar, Pakistan in the 1980s. It was while working at MWL that el-Hage met Abdullah Azzam, the mentor of Osama bin Laden, and a co-founder of al Qaeda.

1042. Ihab Ali, another al Qaeda operative in prison in the United States on perjury charges, also went to work for the Muslim World League in 1987. Ihab Ali played a large role in the Embassies bombings, facilitating communication between Osama bin Laden and other al

Qaeda members and also piloting Osama bin Laden's personal jet. In 1993, Ihab Ali took flight lessons at the Airman Flight School in Norman, Oklahoma—the same school Zacarias Moussaoui attended and which Mohammed Atta scouted as a possibility for his flight training.

1043. According to the grand jury, Ihab Ali did not disclose the extent to which his pilot training and international travels concerned efforts to assist in al Qaeda's terrorist activities.

1044. In conjunction with the attempted assassination of Egyptian President Hasni Mubarak in 1995, one of the would-be assassins admitted: "The Muslim World League bought our travel tickets and gave us spending money before we arrived at the [Osama bin Laden's] farm in Suba region in southern Sudan."

1045. Co-conspirators, aiders and abettors of the Muslim World League, a/k/a Rabita al-Alam al-Islami, a/k/a Islamic World League, include defendants: Muslim World League, Abdullah bin Saleh al-Obaid, Hassan A.A. Bahafzallah, and Yaqub M. Mirza, all located, doing business or registered to do business in the United States.

**The SAAR Foundation**

1046. The SAAR Foundation was named after Sulaiman Abdul Aziz al-Rajhi, head of the Saudi Arabian al-Rajhi family, and was formed in the 1970s by a group of Muslim scholars and scientists from the Middle East and Asia. SAAR was incorporated in Herndon, Virginia as a 501c(3) non-profit organization on July 29, 1983 and dissolved as of December 28, 2000. The Saudi Arabian al-Rajhi family is the foundation's biggest donor. The SAAR Network financially supports terrorism and its main contributors, the al-Rajhi Family, has a long history of same.

1047. Virginia Secretary of State Corporate Records indicate that there are more than one hundred affiliated organizations registered or doing business at just one of SAAR's addresses in Herndon, Virginia. Most of these organizations do not maintain a physical presence at that address, or elsewhere. The SAAR Foundation and network is a sophisticated arrangement

of non-profit and for-profit organizations that serve as front-groups for fundamentalist Islamic terrorist organizations.

1048. On March 20th and 21st, 2002, the offices of many SAAR Network organizations, along with the residences of their top executives, were raided by the joint terrorism task-force, Operation Greenquest. Operation Greenquest was created after September 11, 2001, by the United States Treasury Department as a new multi-agency financial enforcement initiative bringing the full scope of the government's financial expertise to bear against sources of terrorist funding. According to the search warrants issued at nearly twenty locations, the SAAR Network was raided for "potential money laundering and tax evasion activities and their ties to terrorist groups such as . . . al Qaeda as well as individual terrorists . . . (including) Osama bin Laden."

1049. The SAAR Foundation reported revenues of over $1.7 billion for the year 1998, which represents more than any other United States charity has ever generated. The SAAR Foundation and its affiliated charities keep a low profile in that they do not conduct fundraising events or publicly reach out to potential donors like most charities.

1050. On November 7, 2001, Bank al-Taqwa was designated by President George W. Bush's Executive Order as a Specially Designated Global Terrorist Entity and the United States Department of Treasury froze its assets. Two SAAR Network executives, Samir Salah and Ibrahim Hassabella, were both former executives at Bank al-Taqwa. Two other executives in the SAAR Network, Jamal Barzinji and Hisham al-Talib, worked for Youssef M. Nada, the head of al-Taqwa who had his assets frozen along with al-Taqwa's. The SAAR Network's links with Youssef Nada include that Sulaiman al-Rajhi worked for Nada at Nada's Akida Bank in the Bahamas. People associated with the SAAR Foundation and its network are also implicated in for the United States Embassy bombings in Kenya and Tanzania.

1051. The SAAR Network and the more than one-hundred businesses and individuals that comprise it are fronts for the sponsor of terror. These organizations are closely inter-twined with Defendants IIRO, Muslim World League and their related "charities." The connections between the al-Rajhi family, the SAAR Network, and the terrorist front-groups goes beyond the financial network in that there is a repetitious pattern of overlapping officers between them as well. The United States branches of the Muslim World League and its subsidiaries are a part of the SAAR Network in that they share officers and addresses, and are analogous to the SAAR Network in that they play an intermediary role between wealthy Saudi financiers and terrorist groups.

1052. Co-conspirators, aiders and abettors of the Saar Network include defendants: Abu Sulayman, Ahmed Totonji, Hisham al-Talib, Iqbal Yunus, Jamal Barzinji, M. Omar Ashraf, Mohammed Jaghlit, Muhammad Ashraf, Taha Jaber al-Alwani, Tarik Hamdi, Yaqub Mirza, Sherif Sedky, African Muslim Agency, Aradi, Inc., Grove Corporate, Inc., Heritage Education Trust, International Institute of Islamic Thought, Mar-Jac Investments, Inc., Mar-Jac Poultry, Inc., Mena Corporation, Reston Investments, Inc., SAAR International, Safa Trust, Sterling Charitable Gift Fund, Sterling Management Group, Inc., and York Foundation, all located doing business or registered to do business in the United States.

**Rabita Trust**

1053. Rabita Trust is a charitable organization which was created to organize the repatriation and rehabilitation of stranded Pakistanis (Biharis) from Bangladesh. Founded in 1988, the trust fund was started jointly by the government of Pakistan and the Saudi-based charity, the Muslim World League (Rabita al-Alam-e-Islami). Rabita Trust received the majority

of its funding from the Muslim World League, a world-wide Islamic organization heavily funded by the Saudis, but which has also been involved with terrorism.

1054. Rabita Trust was initially granted 250 million Riyals from the Pakistani government as well as 50 million Riyals from the Muslim World League to help relocate some 250,000 displaced Pakistani refugees in Bangladesh. In its 15 years existence, the Rabita Trust has only managed to relocate a few hundred Biharis.

1055. Rabita Trust is an al-Qaeda front, and the Head of Rabita Trust is known al Qaeda member. An accompanying Treasury Department press release on the day that Rabita Trust's assets were frozen indicated that:

> Rabita Trust is headed by Wa'el Hamza Jalaidan, one of the founders of al-Qaida with bin Laden. He is the logistics chief of bin Laden's organization and fought on bin Laden's side in Afghanistan.

1056. According to an authoritative biography of bin Laden and the original members of al Qaeda, the head of Rabita Trust, Wa'el Jalaidan, has fought alongside Osama bin Laden and championed his cause. Detailing how al Qaeda's key founders fought against the Soviets in Afghanistan during the Soviet-Afghan war of the 1980s, this account is unparalleled in its accuracy and clarity. The biography, written by a fellow compatriot of bin Laden, noted:

> One of the men who led the Arab Afghan Jihad forces came from one of the wealthiest Saudi families; he was influenced by the Afghan struggle, who would live together with them and sacrifice everything for the Afghani jihad. This man was Osama bind Laden, a young, tall man who followed Dr. Abdullah Azzam to fight in Afghanistan. Another Saudi joined together with them; his name was Wa'el Jalaidan, a US student who was studying agriculture and left to fight jihad in Afghanistan.
>
> These three: Osama bin Laden (a.k.a. 'Abu Abdallah'), Dr. Abdullah Azzam (a.k.a. Abu Muhammed), and Wa'el Jalaidan (a.k.a. Abu Al-Hassen al-Madani), gathered together in December 1979 to create the new Islamic revolution in Afghanistan.

1057. Jalaidan currently lives in Saudi Arabia and heads the Saudi Joint Relief Committee, which has also funded terrorism. Rabita Trust is the sister organization of the International Islamic Relief Organization as they are both subsidiaries of the Muslim World League.

1058. Rabita Trust, a subsidiary of the Muslim World League, is connected to the SAAR Network, through two officers, Dr. Abdullah Omar Naseef and Abdullah al-Obaid. The SAAR Network was the focus of March 2002 raids led by United States authorities for the network's ties to al Qaeda.

1059. On October 12, 2001, President George W. Bush's Executive Order designated Defendant Rabita Trust as a Specially Designated Global Terrorist Entity and the Treasury Department froze its assets. In addition to being a subsidiary of the Muslim World League, the Rabita Trust is also connected to the SAAR Network through two officers, Defendant Abdullah Omar Naseef and Defendant Abdullah al-Obaid. Defendant Abdullah Omar Naseef founded the defendant Rabita Trust in July 1988 and is currently its chairman.

1060. Abdullah Omar Naseef also served as Secretary-General of the Muslim World League during the time he created Defendant Rabita Trust and has attempted to spread Muslim World League offices around the world. Part of his global efforts are found in his involvement in a SAAR Network charity. Naseef is an officer at the Makkah al-Mukarramah, Inc., at 555 Grove Street, Herndon, Virginia a non-profit organization. A second shared executive is the Vice-Chairman of the Board of Trustees of Rabita Trust, Abdullah al-Obaid, who is also an officer at two of the SAAR Network businesses that were raided, the Muslim World League and Sanabel al-Kheer. Defendant Abdullah Omar al-Obaid is unique in that, not only is he an officer at the Muslim World League and the SAAR Network, but he is also the Deputy General

Manager at one of the al-Rajhi's largest businesses, al-Watania Poultry in Saudi Arabia. Al-Watania Poultry has branches in the United States.

## Saudi bin Laden Group

1061. The Saudi Bin Laden Group (SBG), also known as the Bin Laden Corporation, is one of the largest conglomerates in the Middle East today, estimated to have $3 billion to $5 billion in annual revenue. The corporation has several divisions, including construction, real estate, petroleum, and a media operating division. Bakr bin Laden, one of Mohammed bin Laden's sons, currently heads the corporation.

1062. SBG's website details its history in the following manner:

> The history of Binladin began in 1931 when Mohammed Binladin founded the company. From its humble beginnings as a general contractor, the company has grown and prospered in parallel with the growth and prosperity of the Kingdom of Saudi Arabia. Over the years the company has been entrusted with many major construction projects, projects that helped the Kingdom to develop its resources and expand its infrastructure.

1063.

1064. In the early 1990s, Tarek bin Laden served as the general supervisor of the International Islamic Relief Organization (IIRO), a charity that has abetted al-Qaeda. At this time, IIRO was rapidly becoming al-Qaeda's foremost charity, used as a means to transfer funds and personnel.

1065. According to an Arabic publication, Tarek bin Laden had a prominent role in 1990 at the IIRO:

> Tarek bin Laden has been a member of the IIRO in MWL for ten years. He has been working quietly for the orphans and the immigrants in the Islamic world. In the past two years the operation of IIRO has grown thanks to the support of the Saudi royal family. Tarek says that the IIRO relies on donations of the Saudi people and some donations from the Islamic world.

1066. When Mohammed Jamal Khalifa, Osama bin Laden's brother-in-law, applied to come into the United States in 1994, he listed on his visa application that his address was "Bin Laden Co" in Saudi Arabia. Khalifa has subsequently been implicated by the United States for aiding numerous al-Qaeda plots and operatives, including aiding the masterminds behind the first World Trade Center bombing.

1067. Yassin al-Kadi has been designated by the U.S. government as a foreign terrorist entity. Yassin al-Kadi is a Director of Global Diamond Resources, based in Nevada. Along with al-Kadi on the board of directors are representatives of the bin Laden family who invested in Global Diamond Resources a year before al-Kadi, who was introduced to the Johann de Villiers, Global Diamond Resource's Chairman, by an executive at the Saudi bin Laden Group. In regards to the company's decision to let al-Kadi join as an investor, de Villiers said, "I relied on the representations of the bin Laden family. They vouched for him."

**Yassin Abdullah al-Kadi & Global Diamond Resources**

1068. Only one month after the September 11th attacks, on October 12, 2001, with Executive Order 13224, President George W. Bush designated Saudi businessman Yassin al-Kadi as a terrorist entity for financially supporting al Qaeda. As stated in a United States Department of Treasury Press Release on October 12, 2001:

> Yasin al-Qadi, (heads) the Saudi-based Muwafaq (or "Blessed Relief") Foundation, an al Qaeda front that transfers millions of dollars from wealthy Saudi businessmen to bin Laden.

1069. Blessed Relief was registered in the Channel Islands in 1992 and run from Jeddah, Saudi Arabia. The charity had an international presence with offices in Europe, Ethiopia, Pakistan, Sudan, Somalia and a Post Office Box in the United States. Blessed Relief purported to conduct traditional relief work such as the distribution of food, clothing and medical equipment to victims of war or famine. The charity was also endowed by Defendant Khalid bin

Mahfouz, the infamous al Qaeda banker, and run by Yassin al-Kadi. Khalid bin Mahfouz's son, Abdulrahman bin Mahfouz, is also a director of the charity.

1070. Yassin Al-Kadi ran the charity from 1992 until around 1997 with $15 million to $20 million of his own money along with contributions from other wealthy associates. Millions of dollars have been transferred to Osama bin Laden through Blessed Relief. An audit of the Defendant National Commercial Bank of Saudi Arabia in the mid-1990s, which was then run by Khalid bin Salim bin Mahfouz, reveals the transfer of $3 million for Osama bin Laden that traveled from the accounts of wealthy Saudi businessmen to Blessed Relief.

1071. In a 1995 interview, Osama bin Laden identified Blessed Relief's place in his network, "The bin-Laden Establishment's aid covers 13 countries . . . this aid comes in particular from the Human Concern International Society." Osama bin Laden went on to list a number of the Human Concern International's branches and includes the Blessed Relief Society in Croatia.

1072. Yassin al-Kadi incorporated the United States branch of the charitable organization Blessed Relief in Delaware, 1992, along with Talal M. M. Badkook and Dr. Mohaman Ali Elgari. Blessed Relief was an al Qaeda front used by wealthy Saudis to funnel money to Osama bin Laden's network.

1073. Yassin al-Kadi is a Director of Global Diamond Resources, based in Nevada. He sits on the board as a representative of New Diamond Holdings, a foreign investor firm that has a controlling interest in Global Diamond. Along with al-Kadi on the board of directors are representatives of the bin Laden family who invested in Global Diamond Resources a year before al-Kadi. Global Diamond Resources is a diamond company that manages three mines in South Africa. Although al-Kadi invested $3 million into Global Diamond Resources through his

company New Diamond Corp., his investment had diminished to about $750,000 as of October, 2001.

1074. Three of the al Qaeda members on the FBI's most wanted list have been discovered to have dealings in the diamond field. Following September 11 and the increased difficulty al Qaeda is facing moving its money through its traditional financial channels, al Qaeda has been converting more of its assets into diamonds. As one European investigator put it:

> I now believe that to cut off al Qaeda funds and laundering activities you have to cut off the diamond pipeline. We are talking about millions and maybe tens of millions of dollars in profits and laundering.

1075. Yassin Abdullah al-Kadi is the Vice President of the Saudi Arabian company M.M. Badkook Co. for Catering & Trading, owned by his partner in Blessed Relief, Talal Mohammed Badkook. Talal Badkook is also a member of the Al-Mustaqbal group along with Saleh Mohamed bin Laden, son of Mohammed bin Laden, and Abdullah Saleh Kamel, son of Saleh Kamel, who is the chairman of the Dallah al-Baraka.

1076. Yassin al-Kadi is the Chairman of the National Management Consultancy Center (NMCC) in Jeddah, Saudi Arabia. NMCC lists the address PO Box 214, Jeddah, which is the same address listed on Muwafaq's Delaware corporate records. Yassin al-Kadi's address is P.O. Box 214, Jeddah, Saudi Arabia 21411.

## Certain Members of the Saudi Royal Family

1077. The close relationship between Osama bin Laden and certain of the highest members of the Saudi royal family stretches back for a long period and continues to this day. On August 2, 1990, the Republic of Iraq invaded Kuwait. Osama bin Laden met with Defendant Sultan Bin Abdul Aziz al-Saud (or "Prince Sultan"). Prince Sultan is the Second Deputy Prime Minister, Minister of Defense and Aviation, Inspector General, and Chairman of the Board of Saudi Arabian Airlines, which does business in the United States. In the meeting, Osama bin

Laden offered the engineering equipment available from his family's construction company and suggested bolstering Saudi forces with Saudi "Afghans" who he was willing to recruit. This offer was also made to Defendant Turki al-Faisal al Saud (or "Prince Turki"), the then Chief of Saudi Intelligence, Istakhbarat. Prince Turki had an ongoing relationship with Osama bin Laden from the time that they first met in Islamabad, Pakistan at the Saudi embassy, during the Soviet Union occupation of Afghanistan.

1078. Defendant International Islamic Relief Organization is a direct arm of the Saudi government, according to Arafat el-Asahi, the Director of the Canadian branch of the International Islamic Relief Organization. The United States Department of State has also identified IIRO as an organization which sponsors terrorism. Dr. Adnan al Basha, the Secretary General of the International Islamic Relief Organization publicly thanked Prince Sultan on December 22, 2000, for his support and aid.

1079. On or about 1995, the Saudi Secret Services (Istakhbarat) headed by Prince Turki, decided to give massive financial support to the Taliban.

1080. In 1996, according to a non published French intelligence report, a group of Saudi princes and business leaders met in Paris and agreed to continue contributing, sponsoring, aiding and abetting Osama bin Laden's terrorist network.

1081. In July of 1998, a meeting occurred in Kandahar, Afghanistan that led to an agreement between Saudi Arabia and the Taliban. The participants were Prince Turki, the Taliban leaders, as well as senior Pakistani intelligence officers of the ISI and representatives of Osama bin Laden. The agreement stipulated that Osama bin Laden and his followers would not use the infrastructure in Afghanistan to subvert the Saudi government and in return, the Saudis would make sure that no demands for the extradition of individuals, such as Osama bin Laden,

and/or the closure of terrorist facilities and camps were ever met. Prince Turki also promised to provide oil and generous financial assistance to both the Taliban in Afghanistan and Pakistan. After the meeting, 400 new pick-up trucks arrived in Kandahar for the Taliban, still bearing Saudi Arabia license plates.

1082. Prince Turki headed Istakhbarat until August 2001. Istakhbarat had served as Osama bin Laden's nexus to the network of charities, foundations, and other funding sources.

1083. Prince Turki was instrumental in arranging a meeting in Kandahar between Iraqi senior intelligence operative and Ambassador to Turkey, Faruq al-Hijazi, and bin Laden in December of 1998.

1084. Certain members of the Saudi royal family overtly aid, abet, and support the IIRO, despite its ties to terrorist financing. Certain members of the Saudi royal family, along with other wealthy Saudi supporters, contributed to the IIRO as a way to support al Qaeda without suffering from the social (and legal) ramifications that such contributions bring. The IIRO receives funds which are passed on to terrorists from the Zakat payments of individuals and companies in the kingdom of Saudi Arabia. The Saudi Royal Family members own substantial assets in the USA, do substantial business in the USA, the profits from which in part are used to fund terrorist acts, including those which led to the murderous and cowardly sneak attacks of September 11th.

1085. Born in Riyadh, Saudi Arabia in 1928, Prince Sultan Bin Abdulaziz al Saud, (or "Prince Sultan") is the son of Abdulaziz Bin Faisal al Saud, founder of the modern Kingdom of Saudi Arabia and Hussa bin Ahmad Sudairi. He is one of the seven full brothers of King Fahd bin Abdulaziz al Saud. Prince Sultan was appointed Governor of Riyadh in 1947.

1086. Prince Sultan bin Abdulaziz al Saud has been the Second Deputy Prime Minister, Minister of Defense and Aviation since 1963 and Inspector-General of the Kingdom of Saudi Arabia. In addition, Prince Sultan is Chairman of the Supreme Council for Islamic Affairs.

1087. Beginning with the Gulf War until the Afghanistan Operations, Prince Sultan bin Abdulaziz al Saud took radical stands against Western Countries and publicly supported and funded several Islamic charities that were sponsoring Osama bin Laden and al Qaeda operations, including the International Islamic Relief Organization, Muslim World League, World Assembly of Muslim Youth and al-Haramain.

1088. Shortly after the September 11 attacks, Prince Sultan bin Abdul Aziz publicly accused the "Zionist and Jewish lobby" of orchestrating a "media blitz" against the Kingdom. Saudi embassy press release announced in April 2001 that "Prince Sultan affirms [the] Kingdom's Support" for the Palestinian Intifada, to the tune of $40 million already disbursed to "the families of those martyred" and other worthies."

1089. Prince Sultan also denied the United States use of Saudi bases to stage military strikes on Afghanistan after the September 11 attacks, stating that his government "will not accept in [Saudi Arabia] even a single soldier who will attack Muslims or Arabs." Years before, on the same way, Saudi Minister of Defense Prince Sultan stated his country would not permit allied aircraft to launch preventive or major retaliatory strikes against Iraq from bases in Saudi Arabia. Prince Sultan expressed the hope that the Arab Nationals who have fought alongside the Taliban will be allowed to return safely to their respective countries.

1090. In 1994, the Saudi Kingdom issued a royal decree banning the collection of money in the Kingdom for charitable causes without official permission. King Fahd set up a Supreme Council of Islamic Affairs, headed by his brother Prince Sultan to centralize and

supervise and review aid requests from Islamic groups. This council was established to control the charity financing and look into ways of distributing donations to eligible Muslim groups.

1091. Consequently, as Chairman of the Supreme Council, Prince Sultan could not have ignored the destination of the charity funding, and at least could not have ignored the implication of several of those entities in financing the al Qaeda terrorist organization.

1092. Despite that knowledge, Prince Sultan directly funded several Islamic charities over the years, the International Islamic Relief Organization (and its financial fund Sanabel el-Khair), al-Haramain, Muslim World League, and the World Assembly of Muslim Youth, all of which are involved in the financing of al Qaeda. The total of Prince Sultan is donations to these entities since 1994, amounts at least to $6,000,000 according to official and public reports.

1093. Prince Sultan took a wide part in the IIRO financing. Since the IIRO creation in 1978, he participated by donations and various gifts towards the charity. In 1994, he donated $266,652 to the Islamic International Relief Organization. Since 1994, the total amount granted by Prince Sultan to IIRO according to statements and public reports is $2,399,868.

1094. Prince Sultan maintains close relations with the organization headquarter. Prince Sultan is also a main financial contributor of the Muslim World League and its Secretary General Abdullah al-Turki. Prince Sultan also donated during a television campaign for MWL :

> The total collection made as a result of the television campaign was SR 45,000,000, with the Emir of Riyadh, Prince Sultan, donating a million Saudi Riyals ($533,304).

1095. Prince Sultan is also a regular donator for World Assembly of Muslim Youth. WAMY was founded in 1972 in a Saudi effort to prevent the "corrupting" ideas of the western world influencing young Muslims. With official backing it grew to embrace 450 youth and student organizations with 34 offices worldwide. WAMY has been identified as a "suspected

terrorist organization" by the FBI since 1996 and has been the subject of an FBI investigation for terrorist activities.

**Defendant the Republic of Sudan**

1096. Defendant, the Republic of Sudan ("Sudan"), is a foreign state within the meaning of 28 U.S.C. § 1391(f). Sudan maintains an Embassy within the United States at 2210 Massachusetts Avenue N.W., Washington, D.C. 20008-2831.

1097. Sudan has for many years been designated by Department of State as a foreign state that sponsors terrorism within the meaning of the Export Administration Act of 1979, 50 U.S.C. App. § 2405(j); the Foreign Assistance Act of 1961, 22 U.S.C. § 2371(b); and 28 U.S.C. § 2333. Sudan by and through its agents and instrumentalities has supported, encouraged, sponsored, aided and abetted and conspired with a variety of groups that use terror to pursue their goals. Sudan has provided financing, training, safe-haven, and weapons for terrorist groups, including al Qaeda and Osama bin Laden.

1098. In or about 1991, Sudan through Hassan al-Turabi, leader of the Sudan's ruling National Islamic Front party (or "NIF"), allowed the terrorist Osama bin Laden and his al Qaeda party entrance into Sudan. During this time period, Sudan abandoned visa requirements for Arabs and actively encouraged Islamic militants to live within its borders. By the end of 1991, there were between 1,000 and 2,000 members of al Qaeda in Sudan. Following al Qaeda's move to the Sudan in or about 1991, Osama bin Laden established a headquarters in the Riyadh section of Khartoum, Sudan heavily populated by Saudis.

1099. Osama bin Laden was able to establish a powerful military and political presence in Sudan in the early 1990s, using a variety of business ventures to finance his activities, aided and abetted by certain Defendants named herein.

1100. Osama bin Laden forged business alliances during the early 1990s with wealthy Sudanese, both intimately involved with the Sudanese government. Bin Laden invested with senior members of the NIF in the Defendant al-Shamal Islamic Bank in Khartoum. Osama bin Laden invested $50 million dollars of his own funds into the al-Shamal Islamic Bank. Along with other senior members of the NIF, he founded Defendant Wadi-al-Aqiq, a trading company that was allowed by the Sudanese government to engage in unrestricted shipping. Osama bin Laden also founded Taba Investments Ltd., an organization that secured a near monopoly over Sudan's major agricultural exports. Other enterprises begun by Osama bin Laden include, Ladin International Company and al-Hijra Construction. Gum Arabic Company Ltd. was owned jointly by Osama bin Laden and the Sudanese government. Osama bin Laden had an interest in al Themar, a Sudanese agricultural company, which employed 4,000 employees working its one-million-acre al-Damazine farms. Osama bin Laden also had an interest in the Blessed Fruits Company and al-Ikhlas, both involved in the production of honey, fruits and vegetables.

1101. During the early 1990's while Osama bin Laden was in Sudan, the al Qaeda terrorists grew into a sophisticated organization. Several key figures in the organization portrayed al Qaeda at the time as a multinational corporation complete with a finance committee, investments and well-organized, concealed accounts and operations worldwide.

1102. Osama bin Laden organized al Qaeda into camps dedicated to export of terrorism throughout Sudan, the main one being a 20 acre site near Soba, 10 kilometers south of Khartoum. Osama bin Laden and al Qaeda were allowed to operate freely in Sudan. Al Qaeda purchased communications equipment, radios, and rifles for the Sudanese NIF, while the Sudanese government in exchange provided 200 passports to al Qaeda so that terrorists could travel widely with new identities.

1103. In or about the early 1990's, Jamal al-Fadl went to Hilat Koko, a suburb of Khartoum, where he met with representatives of al Qaeda and the Sudanese army to discuss the joint manufacture of chemical weapons. Al Qaeda and the Sudanese army cooperated in efforts to mount chemical agents on artillery shells. Al Qaeda at this time also began to experiment with biological warfare – injecting or gassing dogs with cyanide.

1104. In Sudan, between the years 1990 and 1993, members of al Qaeda undertook the task of writing the *Encyclopedia of the Afghan Jihad*. Al Qaeda wrote another terrorist work entitled *Military Studies in the Jihad against the Tyrants*.

1105. At various times between in or about 1992 and 1996, Osama bin Laden and Defendant Mamdouh Mahamud Salim worked together with a ranking official in the NIF to obtain communications equipment on behalf of the Sudanese intelligence service.

1106. On at least two occasions in the period from in or about 1992 until 1995, members of al Qaeda transported weapons and explosives from Khartoum to the coastal city of Port Sudan for trans-shipment to the Saudi Arabian peninsula, using vehicles associated with Osama bin Laden's "businesses."

1107. In 1993, al Qaeda paid $210,000.00 for an airplane in Tucson, Arizona, that was then flown to Khartoum, Sudan. This plane was intended to transport American Stinger Anti-Aircraft missiles from Pakistan to Sudan, although that missile transport did not take place.

1108. Osama bin Laden stated publicly that one of his proudest achievements during the period of time al Qaeda was based in Sudan was al Qaeda's role in the 1993 killing of more than a dozen American soldiers stationed in Somalia. Al Qaeda and its allies launched operations in Somalia, to foment, and participate in, attacks on British and American forces taking part in Operation Restore Hope in Somalia.

1109. Because of Sudan's active support, the United States Department of State first put Sudan on the list of state sponsors of terrorism in 1993, largely because of Osama bin Laden's residency and activities.

1110. In 1995, Hassan al-Turabi organized an Islamic Peoples Congress where Osama bin Laden was able to meet with militant groups from Pakistan, Algeria and Tunisia, as well as Palestinian Islamic Jihad and HAMAS. During the time that al Qaeda was based in Sudan, it forged alliances with Egyptian Islamic Groups and other Jihad Groups.

1111. Hassan al-Turabi, under pressure from the United States and others, expelled Osama bin Laden from Sudan in 1996 but allowed him to move to Afghanistan.

1112. Sudan continues to be one of the governments that the United States has designated as a state sponsor of international terrorism. Sudan serves as a safe-haven for members of al Qaeda, the Lebanese Hezbollah, al-Gama'a al-Islamiyya, Egyptian Islamic Jihad, the Palestine Islamic Jihad, and HAMAS. Sudan still has not complied fully with United Nations Security Council Resolutions 1044, 1054, and 1070, passed in 1996 – which require that Sudan end all material support to terrorists.

## CLAIMS

## COUNT ONE

## FOREIGN SOVEREIGN IMMUNITIES ACT

1113. Plaintiffs incorporate herein by reference the allegations contained in all preceding paragraphs.

1114. The actions of the foreign state defendant, Sudan, and the actions of its agencies and instrumentalities as described herein, forfeited their right to claim immunity of the Foreign Sovereign Immunities Act 28 U.S.C. §§ 1605(a)(2), 1605(a)(5) and 1605(a)(7). Pursuant to 28 U.S.C. § 1605(a)(7) and Pub. L. 104-208, Div. A, Title I, § 101(c), 110 Stat. 3009-172 (reprinted

at 28 U.S.C. § 1605 note (West Supp.)), all defendants who are officials, employees or agents of the foreign state defendant are individually liable to the Plaintiffs for damages caused by their acts which resulted in the death and injury of the Plaintiffs.

1115. Foreign state defendant and the actions of its agencies and instrumentalities as described herein, conducted commercial activity that had a direct effect on the United States and is not immune pursuant to the Foreign Sovereign Immunities Act 28 U.S.C. § 1605(a)(2).

1116. Foreign state defendant and the actions of its agencies and instrumentalities as described herein, is subject to liability from said acts resulting in personal injury and death in the United States caused by the tortuous act or omission of the foreign states, officials and employees while acting within the scope of his office and employment and thus have forfeited their right to claim immunity pursuant to 28 U.S.C. § 1605(a)(5).

1117. Foreign state defendant and its agencies and instrumentalities designated as state a sponsors of terrorism as described herein, is subject to liability for said acts and provision of material support for said acts resulting in personal injury and death in the United States as a result of act of torture, extra judicial killing, and aircraft sabotage and have forfeited their right to claim immunity pursuant to the 1996 Anti Terrorism Effective Death Penalty Act codified as 28 U.S.C. § 1605(a)(7).

1118. As a direct result and proximate cause of the conduct of the Foreign State Defendant and its agencies, instrumentalities, officials, employees and agents that violated the federal and common laws cited herein, all Plaintiffs suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs demand judgment in their favor against the Foreign State Defendant, the Sudanese agents and Instrumentalities and each of their officials, employees and agents, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars

($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to compensate the Plaintiffs and deter the Defendants from ever again committing such terrorist acts.

## COUNT TWO

## TORTURE VICTIM PROTECTION ACT

1119. Plaintiffs incorporate herein by reference the allegations contained in the preceding paragraphs.

1120. The actions of the Defendants as described herein subjected the Plaintiffs to torture and extrajudicial killing within the meaning of the Torture Victim Protection Act, Pub.L. 102-256, 106 Stat. 73 (reprinted at 28 U.S.C.A. § 1350 note (West 1993)).

1121. In carrying out these acts of extrajudicial killings and injury against the Plaintiffs, the actions of each Defendants were conducted under actual or apparent authority, or under color of law.

1122. As a direct result and proximate cause of the Defendants' violation of the Torture Victim Protection Act, Plaintiffs suffered damages as fully set forth herein.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent the Defendants from ever again committing the terrorist acts of September 11, 2001 or similar acts.

## COUNT THREE

## ALIEN TORT CLAIMS ACT

1123. Plaintiffs incorporate herein by reference the allegations contained in the preceding paragraphs.

1124. As set forth above, the Defendants, individually, jointly and severally, aided and abetted sponsored, materially supported, conspired to proximately cause the death and injury of the Plaintiffs through and by reason of acts of international terrorism. These terrorist activities constitute violations of the law of nations otherwise referred to as contemporary international law, including those international legal norms prohibiting torture, genocide, air piracy, terrorism and mass murder as repeatedly affirmed by the United Nations Security Council.

1125. As a result of the Defendants' sponsor of terrorism in violation of the law of nations and contemporary principles of international law, the Plaintiffs suffered injury and damages as set forth herein. Violations of the law of nations and of international agreements include but not limited to:

(1) The Universal Declaration of Human Rights, Dec. 10, 1958 G.A. Res 217A (III), U.N. Doc. A/810, at 71 (1948);

(2) The International Covenant of Political and Civil Rights, art. 6 (right to life), U.N. Doc. A/6316, 999 U.N.T.S. (1992);

(3) The Convention on the Prevention and Punishment of Crimes Against Internationally Protected Persons, Including Diplomatic Agents, 28 U.S.T. 1975, T.I.A.S. No. 8532 (1977), implemented in 18 U.S.C. § 112;

(4) The General Assembly Resolutions on Measures to Prevent International Terrorism, G.A. Res. 40/61 (1985) and G.A. Res. 42/159 (1987);

(5) The Convention on the High Seas, arts. 14-22 (piracy), 13 U.S.T. 2312, T.I.A.S. No. 5200 (1962).

1126. Pursuant to 28 U.S.C. §1350, the Plaintiffs' herein who are estates, survivors and heirs of those killed or injured who were non-U.S. citizens or "aliens" at the time of their illegal death or injury are entitled to recover damages they have sustained by reason of the defendants' actions.

**WHEREFORE**, Plaintiffs who are estates, survivors and heirs of non U.S. citizens or 'aliens,' demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in excess of One Trillion Dollars ($1,000,000,000,000), plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to compensate the victims, but prevent Defendants from ever again committing such terrorist acts.

## COUNT FOUR

## WRONGFUL DEATH

1127. Plaintiffs incorporate herein by reference the allegations contained in the preceding paragraphs.

1128. Plaintiffs herein – families of those killed on September 11, 2001. Bring this consolidated action for wrongful death proximately caused by the Defendants engaging in, sponsoring, financing, aiding and abetting and/or otherwise conspiring to commit acts of terror including the terrorist and attacks acts of September 11, 2001.

1129. Surviving family members are entitled to recover damages from Defendants for these wrongful deaths. These family members are entitled to all damages incurred as fair and just compensation for the injuries resulting from these wrongful deaths.

1130. The injuries and damages suffered by the Plaintiffs were proximately caused by the intentional, malicious, reckless, negligent acts of the defendants as described herein.

1131. As a direct and proximate result of the wrongful deaths of the decedents, their heirs and families have been deprived of future aid, income, assistance, services, comfort, companionship, affection and financial support.

1132. As a direct and proximate result of the defendants' acts of terrorism resulting in wrongful death, the heirs and families of the decedents suffer and will continue to suffer

permanent wrongful, illegal acts, emotional distress, severe trauma, and permanent physical and psychological injuries.

1133. As a further result of intentional, malicious, reckless, negligent, wrongful, illegal acts, and tortuous conduct of the Defendants, the Plaintiffs have incurred actual damages including but not limited to medical expenses, psychological trauma, physical injuries, and other expenses and losses for which they are entitled to full recovery.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to compensate and deter Defendants from ever again committing such terrorist acts.

## COUNT FIVE

## NEGLIGENCE

1134. Plaintiffs incorporate herein by reference the allegations contained in all preceding paragraphs.

1135. The banking and charity Defendants were under hightened duties as fiduciaries of banks and charities, as public servants endowed with the public's trust. All Defendants were under a general duty not to intentionally injure, maim or kill, commit criminal or tortuous acts, endanger lives, and engage in activity that would foreseeably lead to the personal injury and/or death of Plaintiffs.

1136. Defendants breached these duties which was a proximate cause of the deaths and personal injuries inflicted by Plaintiffs on and since September 11, 2001.

**WHEREFORE**, Defendants are liable to Plaintiffs in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable

relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing the terrorist acts of September 11, 2001, or similar acts.

## COUNT SIX

## SURVIVAL

1137. Plaintiffs incorporate herein by reference the allegations contained in all preceding paragraphs.

1138. As a result of the intentional, malicious, reckless, conspiratorial and negligent acts of Defendants as described herein, those killed on September 11, 2001, were placed in a severe and prolonged extreme apprehension of harmful, offensive bodily contact, injury and assault. These Plaintiffs suffered severe, offensive, harmful, bodily contact, personal injury and battery; suffered extreme fear, terror, anxiety, emotional and psychological distress and trauma intentionally inflicted physical pain; they were mentally, physically and emotionally damaged, harmed, trapped, and falsely imprisoned prior to their deaths and injuries.

1139. As a result of Defendants' tortuous conduct, those killed suffered damages including extreme pain and suffering, severe trauma, fear, permanent physical and emotional distress, loss of life and life's pleasures, companionship and consortium, loss of family, career, earnings and earning capacity, loss of accretion to their estates, and other items of damages as set forth herein.

**WHEREFORE,** Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing such terrorist acts.

## COUNT SEVEN

## NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1140. Plaintiffs incorporate herein by reference the averments contained in all preceding paragraphs.

1141. Defendants knew or should have known that their actions would lead to the killing of innocent persons; the defendants knew or should have known that the September 11, 2001 suicide hijackings and disaster would intentionally kill or injure innocent people, leaving devastated family members to grieve for their losses with ongoing physical, psychological and emotional injuries.

1142. The actions of Defendants were unconscionable with an intentional, malicious, and willful disregard for the rights and lives of the Plaintiffs.

1143. As a direct and proximate cause of Defendants' intended conduct and reckless disregard for human life, Plaintiffs have suffered and those surviving will forever in the future continue to suffer severe, permanent psychiatric disorders, emotional distress and anxiety, permanent psychological distress, and permanent mental injury and impairment causing ongoing and long-term expenses for medical services, and counseling and care.

1144. The conduct of Defendants was undertaken in an intentional manner to kill and injure innocent people. These acts and efforts culminated in the murder and maiming of innocent people, causing continuing, permanent emotional and physical suffering of the families and heirs of the decedents.

1145. Defendants, by engaging in this intentional, unlawful conduct, negligently and/or intentionally inflicted emotional distress upon the Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing terrorist acts.

## COUNT EIGHT

## CONSPIRACY

1146. Plaintiffs incorporate herein by reference the averments contained in all preceding paragraphs.

1147. As set forth above, the defendants, unlawfully, willfully and knowingly combined, conspired, confederated, aided and abetted, tacitly and/or expressly agreed to participate in unlawful and tortuous acts pursuant to a common course of conduct, resulting in the death and injury of Plaintiffs.

1148. As set forth above, the defendants conspired with and agreed to provide material support, funding, sponsorship and/or resources to al Qaeda, Osama bin Laden, and the sponsors of terror.

1149. As set forth above, Defendants engaged in common, concerted and conspirational acts, efforts, transactions, and activities designed and intended to cause a terrorist attack on the United States, its citizens and society, and – attack those foreign citizens found within the United States, resulting in the harm to Plaintiffs, which was done pursuant to and furtherance of this common scheme.

1150. Defendants' concert of action and conspiracy to support and promote Osama bin Laden, and al Qaeda were a proximate cause of the September 11, 2001, terrorist attacks that killed and injured the Plaintiffs.

1151. As a result of Defendants' concert of action and conspiracy to further terror, Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing terrorist acts.

## COUNT NINE
## AIDING AND ABETTING

1152. Plaintiffs incorporate herein by reference the averments contained in all preceding paragraphs.

1153. As set forth above, Defendants knowingly and substantially assisted in the sponsorship of Osama bin Laden, al Qaeda and the September 11, 2001 terrorist attacks that killed and injured the Plaintiffs.

1154. At the time of such aiding and abetting, Defendants knew or should have known that its role was part of an overall and ongoing illegal and/or tortuous activity.

1155. As set forth above, the Defendants aided and abetted in concerted efforts, transactions, acts and activities designed to cause the attacks of September 11, 2001, on the United States, its citizens, foreign citizens, property and freedoms.

1156. That Defendants' aiding and abetting of terrorism through material sponsorship was a proximate cause of the September 11, 2001 terrorist attacks that killed and injured the Plaintiffs.

1157. As a result of the Defendants' aiding and abetting activities, Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing terrorist acts.

## COUNT TEN

## 18 U.S.C. §2333-TREBLE DAMAGES FOR U.S. NATIONALS

1158. Plaintiffs incorporate herein by reference the averments contained in all preceding paragraphs.

1159. As set forth above, Defendants, jointly, severally and proximately caused the deaths and injuries of Plaintiffs' person, property and business through and by reason of acts of international terrorism.

1160. As set forth above, Defenants provision of material support and assistance to Osama bin Laden, al Qaeda and the 9/11 terrorists from which they carried out terrorist attacks on the United States, including the September 11, 2001 terrorist attacks.

1161. As a result of Defendants' acts in furtherance of international terrorism, all Plaintiffs suffered damages as set forth herein.

1162. Pursuant to 18 U.S.C. §2333, et. seq., the estates, survivors and heirs of the decedents who are nationals of the United States are entitled to recover threefold the damages they have sustained and the cost of suit, including attorneys' fees.

**WHEREFORE**, Plaintiffs, who are nationals of the United States, demand judgment in their favor against all Defendants, jointly, severally, and/or individually, and demand treble damages in excess of Three Trillion Dollars ($3,000,000,000,000), plus interest, costs, and such

other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing such terrorist acts.

## COUNT ELEVEN

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. § 1962(a)

1163. Plaintiffs incorporate herein by reference the averments contained in all preceding paragraphs.

1164. Non Sovereign Defendants are each "persons" within the meaning of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO").

1165. The Defendant charities, banks, and terrorists are each an "enterprise" within the meaning of RICO, the activities of which affect intrastate and foreign commerce.

1166. By virtue of the predicate acts described in this Complaint, including without limitations, engaging in the predicate acts of terrorism, murder, kidnapping, forgery, false use and misuse of passports, fraud and misuse of visas, laundering of monetary instruments, engaging in monetary transaction in improperly derived from unlawful activity, the use of interstate commerce, interstate transportation of terrorist property, and bringing in and harboring illegal aliens, and aiding and assisting illegal aliens in entering the United States. Osama bin Laden and al Qaeda, along with the Defendants herein, transferred received, and supplied financing and income that was designed, both directly and indirectly, from a pattern of racketeering activity in which each of them participated as a principal, and used and invested, both directly and indirectly, such income and the proceeds of such income, in establishing and operating terrorist enterprises in violation of 18 U.S.C. § 1962(a).

1167. As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(a), Plaintiffs suffered the loss of valuable property, financial services and support, and suffered other pecuniary damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing such terrorist acts.

## COUNT TWELVE

## VIOLATION OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. § 1962(c)

1168. Plaintiffs incorporate herein by reference the averments contained in all preceding paragraphs.

1169. By virtue of the acts described in this Complaint, including without limitations, engaging in the predicate acts of terrorism, murder, kidnapping, forgery, false use and misuse of passports, fraud and misuse of visas, laundering of monetary instruments, engaging in monetary transaction in properly derived from unlawful activity. The use of interstate commerce, interstate transportation of terrorist property, bringing in and harboring illegal aliens, and aiding and assisting illegal aliens in entering the United States. Osama bin Laden and al Qaeda, along with the defendants herein, transferred, received and supplied financing and income that was designed, both directly and indirectly, from a pattern of racketeering activity in which each of them participated as a principal, and used and invested, both directly and indirectly, such income and the proceeds of such income, in establishing and operating terrorist enterprises, in violation of 18 U.S.C. § 1962(c).

1170. As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(c), Plaintiffs suffered the loss of valuable property, financial services and support, and suffered other pecuniary damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing such terrorist acts.

## COUNT THIRTEEN

## VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT 18 U.S.C. § 1962(d)

1171. Plaintiffs incorporate herein by reference the averments contained in all preceding paragraphs.

1172. By virtue of the acts described in this Complaint, including without limitations, engaging in the predicate acts of terrorism, murder, kidnapping, forgery, false use and misuse of passports, fraud and misuse of visas, laundering of monetary instruments, engaging in monetary transaction in properly derived from unlawful activity. The use of interstate commerce facilities in murder-for-hire, interstate transportation of terrorist property, bringing in and harboring illegal aliens, and aiding and assisting illegal aliens in entering the United States. Osama bin Laden and al Qaeda, along with the defendants herein transferred, received and supplied financing and income that was designed, both directly and indirectly, from a pattern of racketeering activity in which each of them participated as a principal, and used and invested, both directly and indirectly, such income and the proceeds of such income, in establishing and operating terrorist enterprises, in violation of 18 U.S.C. § 1962(d).

1173. As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(d), Plaintiffs suffered the loss of valuable property, financial services and support, and suffered other pecuniary damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing such terrorist acts.

## COUNT FOURTEEN

## PUNITIVE DAMAGES

1174. Plaintiffs incorporate herein by reference the averments contained in all the preceding paragraphs.

1175. The actions of the defendants, acting in concert or otherwise conspiring to carry out, aid and abet these unlawful objectives of terror, were intentional, malicious, unconscionable, and in reckless disregard of the rights and safety of all Plaintiffs. Defendants, acting individually, jointly, and/or severally intended to carry out actions that would brutalize or kill the lives of the Plaintiffs.

1176. As a result of their intentional, malicious, outrageous, willful, reckless conduct, the defendants are individually, jointly and severally liable to all Plaintiffs for punitive damages.

**WHEREFORE**, Plaintiffs demand judgment in their favor against all Defendants, jointly, severally, and/or individually, in an amount in excess of One Trillion Dollars ($1,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing such terrorist acts.

## COUNT FIFTEEN

## PUNITIVE DAMAGES – AGENCIES AND INSTRUMENTALITIES OF THE FOREIGN STATE DEFENDANT

1177. Plaintiffs incorporate herein by reference the averments contained in all the preceding paragraphs.

1178. The foreign state defendant and its agencies and instrumentalities, directly or indirectly caused, contributed to, supported, conspired to cause, aided and abetted the commission of the terrorist acts that resulted in the deaths and injuries as described above.

1179. The actions of the agencies and instrumentalities of the foreign state defendant, acting individually and/or in concert to carry out their unlawful objectives, were malicious, outrageous and in willful, wanton, and reckless disregard of the rights of all Plaintiffs. These agencies and instrumentalities acting individually and jointly, specifically intended to engage in or otherwise sponsor terrorism.

1180. Pursuant to 28 U.S.C.A. §1606, which specifically authorizes a claim for punitive damages arising from state sponsored terrorist acts actionable under 28 U.S.C. § 1605 (a)(7), and for the reasons stated herein, the agencies and instrumentalities of Sudan are jointly and severally liable to all Plaintiffs for punitive damages.

1181. Pursuant to Pub.L. 104-208, Div. A, Title I, §101(c), 110 Stat. 3009-172 (reprinted at 28 U.S.C. § 1605 note (West Supp.), all Defendants who are officials, employees or agents of the foreign state defendant, the Sudanese Agencies and Instrumentalities are also individually liable to Plaintiffs for punitive damages caused by the acts and conduct which resulted in the deaths and/or injuries of the Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment in their favor against the Foreign State Defendants, the Sudanese Agencies and Instrumentalities, and each of their officials, employees

or agents, jointly, severally, and/or individually, in an amount in excess of One Hundred Trillion Dollars ($100,000,000,000,000) plus interest, costs, and such other monetary and equitable relief as this Honorable Court deems appropriate to prevent Defendants from ever again committing terrorist acts.

## Common Issues Requiring Consolidation

1182. Under Federal Rule of Civil Procedure 42, Plaintiffs respectfully as this Court to certify common questions of law and fact to be tried as to all Defendants. Plaintiffs maintain that consolidation under Rule 42 a proper and efficient means of proceeding to avoid unnecessary costs or delay. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Defendants engaged in the sponsorship, financial or other material support, facilitation, encouragement, or any other means of aiding and abetting terrorism, or conspiring to promote or materially sponsor terrorism, as that term is defined under United States or international law;

(b) Whether Defendants are liable to Plaintiffs for wrongful death and/or personal injury pursuant to the Foreign Sovereign Immunities Act, the Alien Tort Act, the Torture Victim Protection Act, 1990 Terrorism Act, international law and/or the law of nations;

(c) Whether the terrorist acts of September 11th, 2001, and the resulting damages suffered by Plaintiffs were a proximate cause of the conduct of Defendants;

(d) Whether the Defendants have engaged in an enterprise in violation of RICO, and if so, whether Plaintiffs are entitled to recover under this statute.

(e) Whether Plaintiffs are entitled to the assets of certain Defendants that have been frozen by the United States Department of Treasury;

(f) Whether Plaintiffs can gain access to those assets of certain Defendants that have been frozen by foreign states in order to satisfy their judgment;

(g) Whether Defendants are liable to Plaintiffs for punitive damages, and if so, in what amount; and

(h) What is the proper measure of compensatory damages for Plaintiffs.

**WHEREFORE**, Plaintiffs request that this Honorable Court facilitate discovery in this matter, determine and try the common legal and factual issues, and award Plaintiffs damages on each of the causes of action stated above plus interest, costs, expenses and such other monetary and equitable relief as this Honorable Court deems appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted,

Ronald L. Motley, Esq. (SC Bar No. 4123)
Joseph F. Rice, Esq. (SC Bar No. 4710)
Jodi Westbrook Flowers, Esq. (SC Bar No. 66300)
Donald Migliori, Esq. (RI Bar No. 4936; MA Bar No. 567562; and MN Bar No. 0245951)
Michael Elsner, Esq. (NY & VA Bar Nos. ME-8337)
Anne McGinness Kearse, Esq. (SC Bar No. 15642)
Elizabeth Smith, Esq. (SC Bar No. 68246)
NESS, MOTLEY, P.A.
28 Bridgeside Boulevard, P.O. Box 1792
Mount Pleasant, South Carolina 29465
Telephone: (843) 216-9000

Allan Gerson, Esq. (DC Bar No. 327494)
Attorney at Law
4221 Lenore Lane
Washington, DC 20008
Tel: (202) 966-8557

Harry Huge, Esq. (DC Bar No._55640)
Attorney at Law
1001 Pennsylvania Avenue, N.W.
7th Floor
Washington, DC 20004
Telephone: (202) 965-4672

John D'Amato, Esq., (NY Bar No. JD-9041)
Guy Molinari, Esq., (NY Bar No. GM-2155)
RUSSO, SCARNARDELLA & D'AMATO, P.C.
1010 Forest Avenue
Staten Island, NY 10310
Telephone: (718) 442-0900

William N. Riley, Esq.(IN Bar No. 4941-49)
R. Douglas Hailey, Esq. (IN Bar NO. 7375-49)
Mark K. Dudley, Esq. (IN Bar No. 15418-49)
Amy Ficklin DeBrota, Esq. (IN Bar No. 17294-49)
Mary Beth Ramey, Esq. (IN Bar No. 5876-49)
RAMEY, HAILEY & RILEY
3815 River Crossing Parkway, Suite 340
Indianapolis, Indiana 46240
Telephone: (317) 848-7939

Jack Cordray, Esq. (SC Bar No. 1400)
Cordray Law Firm
40 Calhoun Street
Charleston, SC 29401
Telephone: (843) 577-9761

Paul J. Hanly, Jr., Esq. (NY Bar No. PH-5486)
HANLY & CONROY, LLP
415 Madison Avenue
New York, NY 10017-1111
Telephone: (212) 401-7600

Thomas E. Mellon, Jr., Esq. (PA Bar No. 16767)
John A. Corr, Esq., (PA Bar No. 52820)
Stephen A. Corr, Esq. (PA Bar No. 65266)
MELLON, WEBSTER & SHELLY
87 North Broad Street
Doylestown, PA 18901
Telephone: (215) 348-7700

Don Howarth, Esq. (CA Bar No. 53783)
Suzelle M. Smith, Esq. (CA Bar No. 113992)
Robert D. Brain, Esq. (CA Bar No. 98815)
HOWARTH & SMITH
800 Wilshire Boulevard, Suite 750
Los Angeles, CA 90017
Telephone: (213) 955-9400

Of Counsel:

Samuel L. Davis, Esq.
(DC Bar No. 326579 & NJ Bar No. 7257)
Davis, Saperstein & Salomon, P.C.
375 Cedar Lane
Teaneck, NJ 07666
Telephone: (201) 907-5000